**EXHIBIT A**

Jennifer Pasquarello, 558110E, Plaintiff
Michelle Angelina, 339899C, Plaintiff
Edna Mahan Correctional Facility
30 County Route 513
Clinton, New Jersey 08809-4004

```
-------------------------------
JENNIFER PASQUARELLO,            :      SUPERIOR COURT OF NEW JERSEY
MICHELLE ANGELINA,               :      LAW DIVISION — CIVIL
 Plaintiffs,                     :      COUNTY OF: HUNTERDON
                                 :
            vs.                  :      DOCKET NO: _____
                                 :
CARLOS MARTINEZ,                 :
DEMETRIUS MINOR,                 :
MARCUS HICKS,                    :      VERIFIED COMPLAINT
PATRICIA McGILL, Individually,   :
Jointly and Severally,           :
And Their Successors in Office,  :
 Defendant(s)                    :
-------------------------------
```

The pro se Plaintiffs, Jennifer Pasquarello and Michelle Angelina, does hereby appear and state by way of this Complaint:


## JURISDICTION

This court has jurisdiction over this matter pursuant to:

[ ] The New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et.seq.

[X] The New Jersey Civil Rights Act, N.J.S.A. 10:6-2c, et.seq.

[ ] The New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et.seq.

[ ] Personal Injury Action under the Common Law

[ ] Medical/Legal Malpractice

[ ] Title 42 U.S.C. Section 1983

[X] Other (Specify): Common Law Tort Principles for Intentional Infliction of Emotional Distress


## FACTUAL ALLEGATIONS

Plaintiffs Jennifer Pasquarello and Michelle Angelina, confined at the Edna Mahan Correctional Facility, City of Clinton, County of Hunterdon, State of New Jersey, complaining of the defendant(s), states as follows:

COUNT ONE

**(1)** At all times relevant hereto, plaintiff Jennifer Pasquarello was an inmate confined at the Edna Mahan Correctional Facility, 30 County Rt. 513 in Clinton, N.J.

**(2)** At all times relevant hereto, plaintiff Michelle Angelina was an inmate confined at the Edna Mahan Correctional Facility, 30 County Rt. 513 in Clinton, N.J.

**(3)** At all times relevant hereto, defendant Marcus Hicks was the Commissioner of the New Jersey Department of Corrections and was responsible for devising and implementing rules of policy and procedure pursuant to NJSA 30:1B-6. Defendant Marcus Hicks, and any successor in office, is also responsible for the care, custody, health and safety of all inmates committed to the custody of the New Jersey Department of Corrections (hereinafter "NJDOC").

**(4)** At all times relevant hereto, defendant Patricia McGill, and any successor, was the Administrator of the Edna Mahan Correctional Facility and is responsible for the care, custody, health and safety of all inmates committed to the Edna Mahan Correctional Facility (hereinafter "EMCFW").

**(5)** At all times relevant hereto, defendant Carlos Martinez was an inmate with male genitalia committed to the custody of the New Jersey Department of Corrections and housed at the Edna Mahan Correctional Facility for Women pursuant to policy and custom of the NJDOC.

**(6)** At all times relevant hereto, defendant Demetrius Minor was an inmate with male genitalia committed to the NJDOC and housed at the Edna Mahan Correctional Facility for Women pursuant to policy and custom of the NJDOC.

**(7)** Inmates Carlos Martinez and Demetrius Minor are allegedly pre-operative male-to-female transsexual inmates who are allegedly being treated for gender dysphoria by NJDOC and, as part of that treatment, have been transferred to EMCFW.

**(8)** Defendant Marcus Hicks is responsible for the transfer of the male inmates to EMCFW under state law and defendant Patricia McGill is responsible for the care, custody and control or the male inmates housed in general population units at EMCFW under state law.

**(9)** On or about the date of April 22, 2021, at approximately 12:15-12:30 PM, while walking back to her assigned North Hall housing unit after receiving

medication at the EMCFW hospital, plaintiff Jennifer Pasquarello was approached in a threatening manner and verbally threatened by Inmate Carlos Martinez who was also going on the same medication inmate movement, to wit: Martinez told plaintiff Pasquarello that Martinez would "beat the sh** out of her."

**(10)** Inmate Carlos Martinez threatened to assault plaintiff Pasquarello after plaintiff Pasquarello had requested that Carlos Martinez not intercede in a private conversation between plaintiff and plaintiff Michelle Angelina, and inmates Eileeen Leone and Debbie Aquilina.

**(11)** On the same return trip to the North Hall unit on the same date and time, Inmate Carlos Martinez initiated a second verbal confrontation, approached plaintiff Pasquarello in a threatening manner and only the intercession of a corrections officer prevented a physical assault by Inmate Carlos Martinez against plaintiff.

**(12)** As a result of being threatened, plaintiff Pasquarello suffered and continues to suffer physical symptoms such as a headache and hypertension and suffers severe mental anguish, fear and apprehension, and insomnia.

**(13)** On April 27, 2021 at 10:30 AM, plaintiff Pasquarello was seen by mental health expert Dr. Reed because of the mental anguish inflicted by Inmate Martinez.   During this interview, plaintiff Pasquarello told Dr. Reed about having witnessed Inmate Demetrius Minor kiss Inmate Tatiana Harrison in an unrelated incident.   Dr. Reed immediately reported this allegation by making a complaint under the Prison Rape Elimination Act (PREA) protocols.   Dr. Reed did not attempt to assuage the mental anguish or pain of plaintiff Pasquarello, nor did Dr. Reed report the harassment and threats suffered by plaintiff Pasquarello to prison authorities.

**(14)** During the week of May 10–May 14, 2021, plaintiff Pasquarello was summoned to interview with the Special Investigations Division (SID) at EMCFW because of false allegations about alleged sexual activity between plaintiff Pasquarello and plaintiff Michelle Angelina at EMCFW, as well as due to the aforementioned incident involving Inmate Carlos Martinez.

**(15)** On the date of May 13, 2021 or May 14, 2021, plaintiff Pasquarello met with Mental Health expert Dr. Rafelson and expressed frustration and anger

*3*

not only at Inmate Carlos Martinez' verbal harassment and threats, but also the actions of Inmates Minor and Harrison and their harassment and threats.

**(16)** On the date of May 13, 2021 or May 14, 2021, plaintiff Pasquarello met with Mental Health expert Dr. Reed and expressed her anger and frustration at Inmates Martinez, Minor and Harrison because of harassment and threats made by those inmates toward plaintiff Pasquarello and plaintiff Angelina.

**(17)** On the date of May 18, 2021 at approximately 3:30 PM, plaintiff Pasquarello was summoned by the SID investigators and told that Inmate Carlos Martinez had made an allegation that plaintiff Pasquarello had made sexual proposals toward Inmate Carlos Martinez.  Plaintiff Pasquarello was given a body assessment and held in a segregated cell at the EMCFW hospital for more than two hours due to this blatantly false allegation by inmate Carlos Martinez, where she suffered mental anguish, and another bout of hypertension.

**(18)** On the date of May 14, 2021 at approximately 5:55-6:30 PM, plaintiffs Jennifer Pasquarello and Michelle Angelina were seated in the North Hall unit day room and engaged in private conversation when Inmates Demetrius Minor, Carlos Martinez and Tatiana Harrison entered the same day room, approached plaintiffs in a threatening manner, sat at the same table as that occupied by plaintiffs, and engaged in verbal abuse, made threats and harassed plaintiffs. This verbal abuse included threats by Inmate Minor to physically assault plaintiffs, to wit: Minor threatened to "beat the sh\*\* out of" plaintiff Angelina and threatened to physically assault plaintiff Pasquarello.  This incident inflicted mental pain and anguish upon plaintiffs and resulted in still more physical distress in the form of headaches, hypertension and insomnia.

**(19)** Defendant Demetrius Minor made these threats based in part upon plaintiffs having reported a previous incident in April 2021, in which Minor was observed engaging in heterosexual intercourse with a female inmate in the housing unit.

**(20)** Plaintiff Pasquarello learned that inmates Minor, Harrison and Martinez had been made aware that plaintiff Pasquarello had disclosed to Dr. Reed on the date of April 27, 2021, the complaint about witnessing a kiss between Inmates Minor and Harrison, and that this disclosure was a motivating factor in the actions of Inmates Minor, Harrison and Martinez.

4

**(21)** The information related to plaintiff Pasquarello's disclosure of seeing inmates Minor and Harrison kissing was disclosed to inmate Minor by staff member Sgt. Iglesias.

**(22)** On the date of June 4, 2021 at approximately 12:00 PM, defendant Carlos Martinez was moved by EMCFW classification/administration to the very same wing in the same unit wherein plaintiff Jennifer Pasquarello was housed, and placed Martinez in a cell right beside that occupied by plaintiff Pasquarello, despite being aware that Martinez had voiced threats to perpetrate physical violence upon Pasquarello and otherwise harassed and abused plaintiff Pasquarello. Plaintiff Pasquarello was moved off that wing only after suffering still more emotional anguish and suffering and complaining to custody staff. Martinez is still housed in the same unit as plaintiffs Pasquarello and Angelina.

**(23)** Plaintiffs Marcus Hicks and Patricia McGill are responsible for the placement of defendant Carlos Martinez and Demetrius Minor in the prison general population at EMCFW and the North Hall unit despite knowing of the two inmates' unsuitability for placement therein due to their possessing male genitalia, making sexual and violent threats against female inmates at EMCFW, as well as their propensity for violence.

**(24)** Defendants Carlos Martinez and Demetrius Minor, jointly and severally, are responsible for making direct physical and sexual threats against plaintiffs and the intentional infliction of emotional distress upon the plaintiffs.

**(25)** The conduct, harassment and serious threats voiced by defendants Minor and Martinez were outrageous in nature, extreme in degree, and go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**(26)** Defendants Marcus Hicks and Patricia McGill did nothing to address multiple grievances and complaints about the placement of male inmates at EMCFW and the danger those inmates posed to the existing female inmate population.

**(27)** Defendants Marcus Hicks and Patricia McGill, jointly and severally, have disregarded and ignored State law, to wit: NJSA 30:4-154, (by classifying and housing male inmates at the EMCFW); and NJSA 30:4-90, (which

states that no transfers of inmates shall be made which conflict with established age or sex limitations [of NJSA 30:4-154}, by moving male inmates to EMCFW).

**(28)** Defendants Marcus Hicks and Patricia McGill failed to take action to remediate the danger and risk to plaintiffs despite the fact that the risk of danger to plaintiffs was reasonably foreseeable based upon the presence of male inmates in a women's correctional facility who demonstrated a prior history of harassing and threatening behavior and who demonstrated a propensity for violence.

**(29)** The actions of defendants Marcus Hicks and Patricia McGill, jointly and severally, in placing male inmates in the EMCFW facility and failure to remediate the placement of male inmates at EMCFW has resulted in violation of plaintiffs' right to freedom from cruel and unusual punishment under Article 1, Par. 12 of the New Jersey Constitution (1947), and plaintiffs' right to safety under Article 1, Par. 1 of the New Jersey Constitution.

**(30)** The actions of defendants Carlos Martinez, Marcus Hicks, Patricia McGill and Demetrius Minor, jointly and severally, are the proximate cause of the injuries and damages sustained by the plaintiff.

WHEREFORE, plaintiffs Jennifer Pasquarello and Michelle Angelina, demand judgment in their favor, jointly and severally, against the named defendants, including filing fees and costs of suit, and whatever further damages the court deems just and proper.

## COUNT TWO

**(1)** For the sake of brevity, plaintiffs repeats all specifications and allegations set forth in Count One of the Complaint as if set forth separately herein.

**(2)** Defendants Marcus Hicks and Patricia McGill are responsible at least in part for the outrageous conduct, threats of physical violence and damages suffered by the plaintiffs because defendants Hicks and McGill are responsible for the presence of defendants Minor and Martinez at EMCFW and the continued presence of male alleged transgender inmates despite the unsuitability of these inmates to be housed at EMCFW.

6

(3) The outrageous conduct, verbal harassment and threats of direct physical violence voiced by defendants Carlos Martinez and Demetrius Minor toward plaintiffs constitute Intentional Infliction of Emotional Distress under common law principles. It also violates the right of plaintiffs' to safety under Art. 1, Par. 1 of the New Jersey Constitution (1947) and right to freedom from cruel and unusual punishment under Art. 1, par. 12 of the New Jersey Constitution (1947).

(4) The actions of defendants Carlos Martinez and Demetrius Minor evinced a willful, wanton and reckless disregard for the safety and physical health of the plaintiffs.

(5) The verbal harassment and threats of violence voiced by defendants Carlos Martinez and Demetrius Minor toward plaintiffs are the proximate cause of the injuries and damages sustained by plaintiffs.

WHEREFORE, plaintiffs Jennifer Pasquarello and Michelle Angelina demands judgment in their favor, jointly and severally, against the named defendants, including filing fees and costs of suit, and whatever further damages the court deems just and proper.

SPECIFIC RELIEF SOUGHT

(1) Plaintiffs seek an injunction requiring the NJDOC and officials at EMCFW to remove Inmate Carlos Martinez from the North Hall housing unit and place this individual in another housing unit, or returned to a male correctional facility as befitting individuals with male genitalia.

(2) Plaintiffs seek unspecified monetary damages against defendants Carlos Martinez and Demetrius Minor, Marcus Hicks and Patricia McGill, individually, jointly and severally, punitive, nominal, irreparable, substantial and prospective in nature.

(3) Plaintiffs seek a declaratory judgment against defendants Marcus Hicks and Patricia McGill, in the form of a finding by the court of a violation of plaintiff's rights under the New Jersey Constitution and New Jersey Civil Rights Act.

(4) Plaintiffs seek an order requiring the NJDOC to enter into a consent decree which ultimately results in all inmates with male genitalia being

*7*

housed in a specially designated unit or building completely separated from inmates with female genitalia.

**(5)** Reimbursement for Filing Fees and Costs of suit.

**(6)** Whatever further relief the court deems just and proper.

Dated: ___6/10___ , 2021     Signature: _Jennifer Pasquarello_
Jennifer Pasquarello, Plaintiff

_Michelle Angel_
Michelle Angelina, Plaintiff

### VERIFICATION

I certify that the factual allegations set forth in this complaint are true and correct to the best of my knowledge and belief.

Dated: ___6/10___ , 2021     _Jennifer Pasquarello_
Jennifer Pasquarello, Plaintiff

_Michelle Angel_
Michelle Amngelina, Plaintiff

### CERTIFICATION OF NO OTHER ACTIONS

I certify that the dispute about which I am suing is not the subject of any other action pending in any other court or pending at an arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

Dated: ___6/10___ , 2021     Signature: _Jennifer Pasquarello_
Jennifer Pasquarello, Plaintiff

_Michelle Angel_
Michelle Angelina, Plaintiff

OPTIONAL:  If you would like to have a judge decide your case, do not
include the following paragraph in your complaint.  If you would prefer to
have a jury to decide your case, please sign your name after the following
paragraph.

JURY DEMAND

The plaintiff demands trial by a jury on all of the triable issues of
this complaint, pursuant to New Jersey Court *Rules* 1:8-2(b) and 4:35-1(a).


Dated: _____, 2021      Signature: _____
                                                Jennifer Pasquarello, Plaintiff

                                                _____
                                                Michelle Angelina, Plaintiff

*9*

| CIVIL CASE INFORMATION STATEMENT (CIS) Use for initial Law Division Civil Part pleadings (not motion) under *Rule* 4:5-1 **Pleading will be rejected for filing, under *Rule* 1:5-6( c),** **If formation above the black bar is not completed** **Or attorney's signature is not affixed** | FOR USE BY CLERKS OFFICE ONLY |
|---|---|
| | PAYMENT TYPE: [ ] CK  [ ] CG [ ] CA |
| | CHG/CK NO. |
| | AMOUNT: |
| | OVERPAYMENT: |
| | BATCH NUMBER: |

| 1. ATTORNEY/ PRO SE NAME Jennifer Pasquarello / Michelle Angelina | 2. TELEPHONE NUMBER 908-735-7111 | 3. COUNTY OF VENUE Hunterdon |
|---|---|---|
| 4. FIRM NAME (if applicable) Pro Se Plaintiffs | | 5. DOCKET NUMBER (when available) |
| 6. OFFICE ADDRESS Edna Mahan Correctional Facility for Women 30 County Road, Route 513, Clinton, NJ 08809 | | 7. DOCUMENT TYPE Complaint |
| | | 8. JURY DEMAND [ ] YES   [ ] NO |

| 9. NAME OF PARTY (e.g., John Doe, Plaintiff) | 10. CAPTION Pasquarello and Angelina -vs- Martinez, Minor, Hicks and McGill |
|---|---|

| 11. CASE TYPE NUMBER (See reverse side for listing) 005 | 12. HURRICANE SANDY RELATED? [ ] YES  NO | 13. IS THIS A PROFESSIONAL MALPRACTICE CASE? [ ] YES  [✓]NO IF YOU HAVE CHECKED "YES", SEE N.J.S.A 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OR MERIT. |
|---|---|---|
| 14. RELATED CASES PENDING? [ ] YES  [✓]NO | 15. IF YES, LIST DOCKET NUMBERS | |
| 16. DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? [ ] YES  [✓]NO | 17. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) N/A [ ] None [ ] Unknown | |

| THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE |
|---|

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINIG IF CASE IS APPROPRIATE FOR MEDIATION

| 18. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIPS? [ ] YES  [✓]NO | IF YES, IS THAT RELATIONSHIP: [ ] EMPLOYER/EMPLOYEE    [ ] FRIEND/NEIGHBOR        [ ] OTHER (EXPLAIN) [ ] FAMILIAL                      [ ] BUSINESS |
|---|---|

| 19. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT FEES BY THE LOSING PARTY? [✓]YES   [ ] NO |
|---|

| 20. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARENT INDIVIDUAL MAMNAGEMENT OR ACCELERATED DISPOSITION   Plaintiffs are incarcerated and cannot appear in court unless the court issues an Order or a Writ to Compel the Department of Corrections to produce them. Plaintiffs can appear by Video/Teleconference. |
|---|

| 21. DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? [✓]YES [ ] NO | IF YES, IDENTIFY THE REQUESTED ACCOMMODATION Plaintiff Angelina is hard of hearing, need Teleloop connectivity for hearing aides. |
|---|---|
| 22. WILL AN INTERPRETER BE NEEDED? [ ] YES  [✓]NO | IF YES, FOR WHAT LANGUAGE? |

**23. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted fom all documents submitted in the future accordance with Rule 1:38-7 (b).**

| 24. ATTORNEY SIGNATURE   *Jennifer Pasquarello*        *Michelle Angelina* |
|---|

---

**CIVIL CASE INFORMATION STATEMENT**
(CIS)
USE FOR INITIAL PLEADINGS (NOT MOTIONS) UNDER *RULE* 4:5-1

---

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

Track I -150 days' discovery

| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (OTHER THAN TENENCY, CONTRACT, COMPLEX COMMERCIAL OR CONSTRUCTION) |
| 502 | BOOK ACCOUNT (DEBT COLLECTION MATTERS ONLY) |
| 505 | OTHER INSURANCE CLAIM(INCLUDING DECLATORY JUDGEMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM OR UIM CLAIM (COVERAGE ISSUES ONLY) |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACCTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER ( BRIEFLY DESCRIBE NATURE OF ACTIONN) |

Track II- 300 days' discovery

| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (OTHER THAN CEPA OR LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603N | AUTO NEGLIGENCE – PERSONAL INJURY (NON-VERBAL THRESHOLD) |
| 603Y | AUTO NEGLIGENCE –PERSONAL INJURY (VERBAL THRESHOLD) |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE |
| 621 | UM OR UIM CLAIM (INCLUDES BODILY INJURY) |
| 699 | TORT – OTHER |

Track III- 450 days' discovery

| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSUALT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER/CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

Track IV- Active case Management by Individual Judge /450 days' discovery

| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 620 | FALSE CLAIMS ACT |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

Multicounty Litigation (Track IV)

| | | | |
|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 292 | PELVIC MESH/BARD |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 293 | DEPUTY ASR HIP REPLACEMENT LITIGATION |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 282 | FOSAMAX | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPNENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 299 | OLMESARTAN MEDOXIMIL MEDICATIONS/BENICAR |
| 287 | YAZ/YASMIN/OCELLA | 300 | TALC-BASED BODY POWDERS |
| 289 | REGLAN | 601 | ASBESTOS |
| 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION | 623 | PROPECIA |
| 291 | PELVIC MESH/GYNECARE | 624 | STRYKER LIFT CoCr V40 FEMORAL HEADS |

IF YOU BELIEVE THIS CASE REQUIRES A TRACK OTHER THAN THAT PROVIDED ABOVE, PLESE INDICATE THE REASON ON SIDE 1, IN THE SPACE UNDER "CASE CHARACTERISTICS".

Please check off each applicable category     [ ] Putative Class Action     [ ] Title 59

Attorney(s): __Jennifer Pasquarello, *Pro Se* Plaintiff__

Office Address __Edna Mahan Correctional Facility__
__30 County Route 513__
Town, State, Zip Code Clinton, N.J., 08809
Telephone Number _____(908) 735-7111_____
Attorney(s) for Plaintiff(s) _____
_____

**SUPERIOR COURT OF**
**NEW JERSEY**

__HUNTERDON_____   COUNTY
__LAW_____   DIVISION
Docket No: _____

JENNIFER PASQUARELLO  and MICHELLE ANGELINA

    Plaintiff(s)

          vs.

CARLOS MARTINEZ, DEMETRIUS MINOR,
MARCUS HICKS, PATRICIA McGILL,
_____

    Defendant(s)

**CIVIL ACTION**
**SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you receive this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, N.J., 08625. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff(s), if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-579-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

                             _____
                             Clerk of the Superior Court

DATED: ___June 14, 2021_____

Name of Defendant to be Served: _____

Address of Defendant to be Served: _____

Note: The Case Information Statement is available at www.njcourts.com.

### ATLANTIC COUNTY

Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Floor
Atlantic City, N.J., 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

### BERGEN COUNTY

Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Bergen County Justice Center
10 Main Street
Hackensack, N.J., 07601-0769

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

### BURLINGTON COUNTY

Deputy Clerk of the Superior Court
Central Processing Office – Attn: Judicial Intake
Courts Facility, First Floor
49 Rancocas Road
Mt. Holly, N.J., 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

### CAMDEN COUNTY

Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Records, First Floor
101 Fifth Street
Camden, N.J., 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

### CAPE MAY COUNTY

Deputy Clerk of the Superior Court
9 North Main St.
Box DN 209
Cape May Court House, N.J., 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

### CUMBERLAND COUNTY

Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts. – P.O. Box 615
Bridgeton, N.J., 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

### ESSEX COUNTY

Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, N.J., 07102

LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

### GLOUCESTER COUNTY

Deputy Clerk of the Superior Court
Civil Case Management Office
Court House, First Floor, Attn: Intake
1 North Broad Street, P.O. Box 129
Woodbury, N.J., 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

### HUDSON COUNTY

Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House, First Floor
583 Newark Avenue
Jersey City, N.J., 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

### HUNTERDON COUNTY

Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, N.J., 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

## MERCER COUNTY

Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad Street – P.O. Box 8068
Trenton, N.J., 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

## MIDDLESEX COUNTY

Deputy Clerk of the Superior Court
Administration Building, Third Floor
1 Kennedy Square – P.O. Box 2633
New Brunswick, N.J., 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

## MONMOUTH COUNTY

Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1269
Freehold, N.J., 07728-1262

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

## MORRIS COUNTY

Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Place – P.O. Box 910
Morristown, N.J., 07960-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

## OCEAN COUNTY

Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, N.J., 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

## PASSAIC COUNTY

Deputy Clerk of the Superior Court
Civil Division – Court House
77 Hamilton Street
Paterson, N.J., 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

## SALEM COUNTY

Deputy Clerk of the Superior Court
Civil Division Office
92 Market Street – P.O. Box 18
Salem, N.J., 08079

LAWYER REFERRAL
(856) 935-5628
LEGAL SERVICES
(856) 451-0013

## SOMERSET COUNTY

Deputy Clerk of the Superior Court
Civil Division Office
New Court House, Third Floor
P.O. Box 3000

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

## SUSSEX COUNTY

Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, N.J., 07860

LAWYER REFERRAL
(973) 353-4715
LEGAL SERVICES
(973) 383-7400

## UNION COUNTY

Deputy Clerk of the Superior Court
1st Floor Court House
2 Broad Street
Elizabeth, N.J., 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

## WARREN COUNTY

Deputy Clerk of the Superior Court
Civil Division Office
Court House
Belvidere, N.J., 07823-1500

LAWYER REFERRAL
(908) 267-5882
LEGAL SERVICES
(973) 475-2010

Jennifer Pasquarello - # 558110E
Michelle Angelina - # 339899C
Edna Mahan Correctional Facility
P.O. Box 4004
Clinton, N.J. 08809
June 10, 2019

Civil Division Manager
Superior Court of New Jersey
Hunterdon County Justice Center
65 Park Avenue
Flemington, N.J., 08822

Re: Pasquarello/Angelina vs. Martinez, et.al.
    Complaint Number: _____
    Documents for Filing

Dear Sir/Madam:

Enclosed, please find an original and five copies of the *pro se* Civil Complaint, along with supporting documents, to be filed in the above referenced matter. Please file these documents and forward to the appropriate judge for consideration.

Plaintiffs request that you please send me a copy of judicial orders granting leave to proceed as an indigent, along with four copies of the complaint and summons stamped "filed," so that plaintiffs can arrange for service upon the defendants with the county sheriff.

Plaintiffs thank you for your assistance and cooperation in this matter.

Sincerely;

Jennifer Pasquarello
and
Michelle Angelina

**EXHIBIT B**

Jennifer Pasquarello, Pro Se, 558110E
Michelle Angelina, Pro Se, 339899C
Edna Mahan Correctional Facility
30 County Rt. 513
Clinton, N.J., 08809

---------------------------------------

| | | |
|---|---|---|
| JENNIFER PASQUARELLO, | : | SUPERIOR COURT OF NEW JERSEY |
| MICHELLE ANGELINA, | : | LAW DIVISION - CIVIL |
| On Behalf of Themselves and All | : | COUNTY OF HUNTERDON |
| Other Similarly Situated Women at | : | DOCKET NUMBER: HNT-L-000273-21 |
| Pro Se PLAINTIFFS | : | |
| | : | |
| vs. | : | |
| | : | |
| PHIL MURPHY, Governor, | : | |
| MARCUS HICKS/MS.KUHN, Commissioner, | : | |
| New Jersey Dept. of Corrections, | : | |
| AL KANDELL, Assistant Commissioner | : | VERIFIED AMENDED COMPLAINT |
| NJDOC,PATRICIA McGILL,Administrator, | : | |
| EMCFW, and their successors in | : | |
| Office, DEMETRIUS MINOR, CARLOS | : | |
| MARTINEZ, Individually, Jointly | : | |
| And Severally, | : | |
| DEFENDANTS, | : | |

## JURISDICTION

This court has jurisdiction over this matter pursuant to:

[ ]  The New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et.seq.

[X]  The New Jersey Civil Rights Act, N.J.S.A. 10:6-2c, et.seq.

[X]  The New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et.seq.

[ ]  Personal Injury Action under the Common Law

[ ]  Medical/Legal Malpractice

[X]  Title 42 U.S.C. Section 1983

[X]  Other (Specify): [X] Common Law Tort Principles for Intentional
     Infliction of Emotional Distress

## STATEMENT OF THE CASE

This is a civil rights action under the federal civil rights statute,
Title 42 U.S.C. Section 1983, and the New Jersey Civil Rights Act, N.J.S.A.
10:6-2, et,.seq., alleging violations of rights secured to the named
plaintiffs, and the class of inmates they represent, under the United States
and New Jersey Constitutions, to wit: the right to privacy, the right to

freedom from danger, the right to freedom from cruel and unusual punishment, the right to freedom from outrageous governmental conduct under substantive due process protections, and possibly other rights enshrined in the United States and New Jersey Constitutions.  Plaintiffs also alleged a violation of the New Jersey Administrative Procedures Act (APA), N.J.S.A. 52:14B-1, et.seq., and common law tort of intentional infliction of emotional distress.  The gist of the complaint is that the actions of the named defendants, and their agents and employees, by placing pre-operative male-to-female transgender inmates who possess male genitalia, musculature, mannerisms, and attitudes in the same housing units as the female inmate population at EMCFW, have violated the constitutional rights of the women confined at the EMCFW prison.  Plaintiffs seek equitable relief, a declaratory judgment, and damages.

### STATEMENT OF THE CLAIMS - COUNT ONE

**1.** The Edna Mahan Correctional Facility for Women (hereinafter "EMCFW") is a New Jersey Department of Corrections (hereinafter "NJDOC") state prison, located in Clinton Township, N.J., and is designated as the place of confinement for women sentenced to terms of imprisonment under N.J.S.A. 30:4-154.

**2.** At all times during the events complained of here, named plaintiff Jennifer Pasquarello was a New Jersey state prison inmate confined at the EMCFW and subjected to the violations and deprivations complained of herein.

**3.** At all times during the events complained of here, plaintiff Michelle Angelina was a New Jersey state prison inmate confined at the EMCFW and subjected to the violations and deprivations complained of herein.

**4.** At all times relevant hereto, defendant Phil Murphy was the governor of the State of New Jersey, and in that capacity was responsible for the management of the executive branch of state government, including the NJDOC. New Jersey Constitution, Article V, Section 1, Par. 11.

**5.** Defendant Phil Murphy is also at least partly responsible for conceiving, devising and/or implementing all policies of the executive branch of state government, including the decision to transfer male allegedly transgender inmates to EMCFW.

**6.** At all times relevant hereto, defendant Marcus Hicks and his successor Ms. Kuhn was/were the Commissioner of NJDOC, and was responsible to perform, exercise and discharge the functions, duties and powers of that office to "formulate, adopt, issue and promulgate, in the name of the department, such rules and regulations for the efficient conduct of the work and general administration of the department" and to "determine all matters of policy and regulate the administration of the institutions within his jurisdiction. N.J.S.A. 30:1B-6.

2

**7.** Defendant Marcus Hicks/Ms. Kuhn is also responsible for the care, custody and treatment of prison inmates confined in NJDOC institutions.

**8.** Defendant Marcus Hicks/Ms. Kuhn is also at least partly responsible for conceiving, devising and/or implementing the decision to transfer pre-Operative male allegedly transgender inmates to EMCFW.

**9.** At all times relevant hereto, defendant Al Kandell was an employee within the Office of Director of the Division of Operations within NJDOC, and was responsible for operation and supervision of the operation of NJDOC facilities within the NJDOC.

**10.** Defendant Al Kandell and was/is responsible for the implementation of the NJDOC policy to transfer pre-operative male alleged transgender inmates to EMCFW.

**11.** At all times relevant hereto, defendant Patricia McGill, and any successor, was the Administrator of the Edna Mahan Correctional Facility and is responsible for the care, custody, health and safety of all inmates committed to the Edna Mahan Correctional Facility (hereinafter "EMCFW").

**12.** At all times relevant hereto, defendant Demetrius Minor, a/k/a "Demi," was an inmate with male genitalia claiming to be transgender, confined at EMCFW during the events alleged in this complaint.

**13.** At all times relevant hereto, defendant Carlos Martinez, a/k/a "Royal Essence," was an inmate with male genitalia, claiming to be transgender, confined at EMCFW during the events alleged in this complaint.

**14.** At all times relevant hereto, named plaintiffs Jennifer Pasquarello and Michelle Angelina were female inmates confined at EMCFW and were at that facility and subjected to wrongful acts as alleged in this complaint.

**15.** In the year 2019, an inmate named D.D.[1] was transferred to EMCFW from the Northern State Prison, as part of the settlement of a lawsuit.

**16.** Inmate D.D. is a pre-operative male-to-female transsexual person and possesses male genitalia.

**17.** In August 2020, six more pre-operative male-to-female alleged trans-gender inmates were transferred to EMCFW from various men's prisons. These inmates were J.G., V.S., D.S., W.B., D.M. and D.G. In the month of October 2020, Inmate R.R. became the next such transferee.

**18.** In February 2021, Inmates H.W. and C.M. were also transferred to EMCFW from men's prisons. They are also pre-operative male-to-female alleged transgender inmates.

**19.** All these transfers were made without any preparation of or counseling to the women at EMCFW.

**20.** Many of the male alleged transgender inmates came from administrative segregation or management control units in the male prisons, have extensive

---

[1] Since the other alleged transgender inmates are not parties to Counts 1-8 of this action, for the sake of privacy they have been designated by the initials of their names only in counts one through eight. Only in Count Nine are the inmates named due to the personal tort alleged.

problematic disciplinary histories, and were unleashed into general population when arriving at EMCFW.

**21.** The criteria employed by NJDOC officials to effect and select male inmates for transfer to EMCFW is unknown to plaintiffs, but is believed to be based upon self-identification by male inmates upon their intake at NJDOC facilities under such vague and amorphous designations as "gay," "bi-sexual," "transgender" and "vulnerable."

**22.** Each of the alleged male transgender inmates[2] was placed in a single cell at EMCFW in the North Hall housing unit and the women who had been assigned to those cells were moved to a different dormitory-style housing unit.

**23.** Some of the women who were moved had much longer sentences to serve within NJDOC custody than did the male transsexual inmates.

**24.** Only some of the housing units at EMCFW contain single cells for the inmate population; many of the housing unit contain dormitory style housing with cubicles that contain two or three bunks and far less storage space for the inmate's property, along with no private commode.

**25.** The presence of the male alleged transgender inmates at EMCFW has precipitated changes in the operation of the facility.  For example, an extra corrections officer was assigned to work in the housing units where the male inmates are housed, reducing privacy of the women because the officers walk the wings more frequently.  More frequent cell checks are performed by the officers.

**26.**  At least three women who had been housed in the North Hall unit (R.G., L.B. and S.F.) were transferred to the Stowe dormitory-style unit because they were perceived to have become too friendly with the male transsexual inmates.  The male inmates have never been moved because of perceived undue familiarity with women.

**27.** In the housing units at EMCFW where no male transsexual inmates are housed, there has been no change in the number of assigned officers who work in those units.

**28.** The presence of the male transsexual inmates at EMCFW has exposed the women housed in that prison to an increased risk of sexual assault and violent physical assault.

**29.** On the date of November 3, 2020, one of the male alleged transsexual inmates (R.R.) engaged in a violent physical altercation with two of the women in the North Hall unit, requiring correctional staff to respond to the

---

[2]  Plaintiffs use the term "male transgender," "alleged transgender," "male transsexual," "alleged transsexual" and "male" inmates interchangeably to designate **pre-operative** male-to-female transsexual inmates who possess male genitalia.  Plaintiffs are **not** including post-operative male-to-female transsexual inmates who possess female genitalia in that category. The classification of the latter category of inmates to EMCFW is not objectionable.

4

emergency, shut down the prison temporarily, and resulting in injuries to one of the women.

**30.** On October 21, 2020, two of the male transgender inmates (D.G. and J.G.) engaged in a physical altercation with each other in the North Hall unit, requiring correctional staff to respond and resulting in a lockdown of the prison.

**31.** At a time and date uncertain, two of the male transsexual inmates (W.B. and R.R.) engaged in a physical alteration in the South Hall unit while they were confined in RHU status, requiring correctional staff to respond and causing a lockdown of the prison. The women who were in the activity module with these inmates were exposed to the danger of physical injury and use of chemical spray by custody staff.

**32.** On or about November 15, 2020, one of the male transgender inmates (W.B.) was involved in an attempt to entice a female inmate in the North Hall unit to enter the shower at the same time W.B. was using the shower for the purposes of engaging in sexual activity.

**33.** This incident in part caused prison officials to install additional video cameras in the North Hall unit to monitor the shower entrances and laundry rooms on the wings to deter such activity in the future.

**34.** On March 28, 2021, at approximately 6:40 PM, Inmate T.H., a female inmate, was observed sneaking down the wing in the North Hall unit where male transgender inmate D.M. was assigned and entering the cell of the male inmate, for the purpose of engaging in sexual activity. The same pair of inmates were later observed entering a hopper closet together on the South Wing of the North Hall unit.

**35.** On or about April 2, 2021, a female inmate was observed in the North Hall, South Wing, recreation room engaged in sexual activity with male transgender inmate D.M.

**36.** Male alleged transsexual inmate D.M. has also been observed kissing the same female inmate while engaged in recreational activity in the North Hall gymnasium.

**37.** On the date of April 20, 2021, a female inmate and transgender male inmate D.M. were observed in the North Hall, South Wing dayroom between 6 PM and 8 PM, with the female inmate performing fellatio on D.M.'s penis.

**38.** One of the male transsexual inmates (D.M.) is permitted to wander around the maximum security compound at EMCFW, with few restrictions despite being assigned to a prison job in the South Hall unit and despite this compound being designated as maximum/medium custody and inmate movements being strictly controlled. For example, this inmate takes the garbage from the North Hall unit (his former place of residence) even though he was specifically ordered not to do so by a former supervisor of that unit.  By contrast, none of the female inmates at EMCFW are permitted such unrestricted freedom of movement.

**39.** Another of the male alleged transgender inmates (D.D.) was assigned to the B Cottage unit in the minimum custody section of EMCFW and caused

5

disruptions to the operation of that unit by slamming doors, refusing to work, refusing to attend medical appointments at the medical clinic and acting like a privileged individual. Inmate D.D. has escaped disciplinary action despite this obstreperous conduct.

**40.** The male alleged transsexual inmates are able to view female inmates at EMCFW in various stages of undress in their cells (such as when using the toilet) or when walking to the shower in housecoats to shower themselves. For example, two of the male transsexual inmates (W.B. and R.R.) have been witness leering at and making sexually derogatory remarks to women in the RHU unit when those women are engaged in showering, as well as shouting sexually derogatory remarks to women in the RHU and other units.

**41.** Many of the women at EMCFW have religious beliefs against exposing their partially clad or unclad bodies to members of the opposite sex and are inhibited from using the toilet or showering because of fears of being seen in an undressed condition by the male inmates. The presence of the male inmates has imposed a substantial burden on the exercise of their religious beliefs.

**42.** Due to their masculine height (most are at least six feet tall or taller), the male inmates can see into the windows in the doors of the women In North Hall at EMCFW when the women are seated on the toilet in their cells.

**43.** The male transsexual inmates in North Hall engage in activities such as trying to intimidate and bully female inmates and threatening to write baseless complaints against the women under the Prison Rape Elimination Act (PREA) in order to get the women moved to another housing unit in order to stifle the women and keep them from voicing and writing complaints to administration about inappropriate conduct by the male inmates.

**44.** Women at EMCFW who voice objection to the presence of male inmates in EMCFW are intimidated by the male inmates, who complain about alleged "misgendering" in an attempt to get the objecting women moved.

**45.** At least two of the women at EMCFW have been retaliated against by male alleged transsexual inmate D.M., who wrote unfounded and contrived accusations of misconduct to prison administration about them, which required custody staff to conduct investigations which included taking the women to the EMCFW hospital for a physical examination and interview and, for one woman, plaintiff K.H., placement in Temporary Close Custody (TCC) status while an investigation was conducted.  Both complaints were determined to be unfounded. No disciplinary action was taken against D.M. for lying or perpetrating a fraud.

**46.** Most of the male alleged transsexual inmates have a distinctly masculine appearance, have facial hair, carry themselves as men, have deep male voices, and give little indication of transitioning to women through Gender Reassignment Surgery (GRS). The large physical size of these male inmates is itself intimidating to the women at EMCFW.

6

**47.** One of the male transsexual inmates (W.B.) has engaged in misconduct which includes kicking open the shower door in the RHU (physically damaging the mechanism) and smashing the plexiglass windows in two cell doors in RHU, demonstrating his masculine strength.

**48.** Several of the male alleged transgender inmates (C.M., R.R. and W.B.) have or had stopped taking estrogen hormones at EMCFW, indicating that their desire to under GRS is not sincere, in addition to pursuing the female inmates.

**49.** Another of the male alleged transsexual inmates (R.R.) has been heard yelling derogatory sexual remarks out the window of his cell in the South Hall unit. On one occasion, R.R. spoke of having forcible anal intercourse with the harassed person; on another occasion, R.R. threatened to spit in the face of class member L.N. and also made a sexually derogatory remark about L.N.'s genitals. No disciplinary action was taken against R.R. for these actions.

**50.** Another male alleged transsexual inmate (H.W.) made derogatory remarks to a class member L.N. on multiple occasions, calling L.N. "old bitch."

**51.** On or about the date of May 7, 2021, male alleged transsexual inmate D.M. threatened class member M.A. at EMCFW with physical assault, threatening to "beat the sh** out of" M.A., placing M.A. in fear of bodily injury, and causing hypertension, loss of sleep, and anxiety/depression.

**52.** On the date of April 23, 2021, male alleged transgender inmate C.M. threatened to physically assault, to wit "beat the sh** out of" plaintiff class member J.P., outside the North Hall unit, causing J.P. to suffer fear, anxiety, hypertension and loss of sleep.

**53.** On another occasion in October or November 2020, male alleged transgender inmate W.B. exposed his genitals to female inmate J.P. in the North Hall, South Wing housing unit, causing shock and mental anguish to J.P.

**54.** On the date of April 25, 2021, two of the male alleged transgender inmates, D.G. and C.M., engaged in a confrontation in the North Hall unit, which involved shoving and derogatory language, causing the unit to be locked down while custody staff responded, and endangering the safety of the women in that unit.

**55.** On the morning of April 26, 2021, male alleged transgender inmate C.M. made derogatory comments to class member L.N., calling L.N. "an old bitch" and causing emotional trauma, fear and insomnia in L.N.

**56.** On or about the date of April 12, 2021, male alleged transgender inmate R.R. verbally threatened to sexually assault (rape) female inmate L.C. in the South Hall MCU unit, causing severe emotional trauma, and distress and insomnia in L.C.

**57.** On or about the date of May 8, 2021, male alleged transgender inmate C.M. made numerous derogatory remarks of a sexual and anti-semetic nature to plaintiff M.A. in the North Hall unit, only a few days after C.M. threatened to physically assault ("beat the sh** out of") female inmate J.P., causing severe emotional trauma, hypertension, and insomnia in J.P.

7

**58.** On the date of May 21, 2021, male alleged transgender inmate C.M. did voice comments of a sexually harassing nature to female inmate L.R., including a statement that L.R. would pay money to have sexual relations with C.M.'s penis and later make a false allegation under PREA to prison officials stating that L.R. offered C.M. money to have sexual intercourse.
**59.** On the date of June 14, 2021, alleged male transgender inmate C.M. physically assaulted male alleged transgender inmate J.G. during a scuffle in the North Hall housing unit at approximately 9:00 P.M. This incident endangered the safety of female inmates in that unit and required a response from custody staff.
**60.** Cisgender female inmates at EMCFW have been disciplined and/or investigated on at least four or five occasions since October 2020 for conduct or speech that allegedly is demeaning or insulting to the male alleged transgender inmates, while not a single male alleged transgender inmate has been disciplined for conduct or speech that is demeaning, threatening, or insulting to the cisgender female inmates.
**61.** The disparate treatment between the male and female inmates at EMCFW and the privileged treatment demonstrated by staff toward to male inmates is the product of intentional discrimination by the defendants because of the defendant's desire to accommodate the male alleged transgender inmates.
**62.** Many of the women at EMCFW have been the victims of physical and sexual assault by men prior to their incarceration, and the presence of the male inmates has caused emotional trauma and flashbacks to traumatic events for these women, causing loss of sleep, fear and anxiety among the women.
**63.** No statutory or decisional authority known to plaintiffs has held that the placement of male inmates in a female housing unit (or placing female inmates in a male housing unit) passes constitutional muster. N.J.S.A. 30:4-154 creates an expectation that **women** will be confined at EMCFW, not men. N.J.S.A. 30:4-8.7 states that the commissioner "shall not confine a female inmate in the same correctional facility as a male inmate if that confinement subjects the female inmate to conditions more oppressive or restrictive than conditions to which the male inmate is subjected. N.J.S.A. 30:4-90 states: "No transfers shall be made which will conflict with established age or sex limitations." These statutes are being violated by the defendants.
**64.** Court decisions have also indicated that it is inappropriate and violative of constitutional rights to house female inmates in a men's housing unit (see *DeVeloz v. Miami Dade County,* 756 Fed.Appx. 869, 880 (CA11 2018)), or house males in a women's housing unit (*Lamb v. Maschner,* 633 F.Supp. 351,353 (D.Kan. 1986)); *Lopez v. City of New York,* 2009 U.S. Dist. LEXIS 7649 at 41-42 (S.D.N.Y. 2009).
**65.** The male alleged transgender inmates at EMCFW have been permitted to acquire and wear special clothing, including male underwear, a privilege denied to the women confined at EMCFW.

**66.** As a result of the placement of male transgender inmates at EMCFW, many of the women class members have suffered anxiety, loss of sleep, depression, have consciously avoided being around the male inmates (even to the point of foregoing recreational activities or other prison programs) because of concerns for their physical safety and fears of verbal harassment.

**67.** One of the women at EMCFW (P.P.) who voiced fear of being housed in the same unit as the male transsexual inmates (P.P.) was moved to the Stowe unit despite having decades to serve on her prison sentence.

**68.** While women are uprooted and moved the male transsexual inmates, many of whom have short prison sentences, are confined in the Maximum Security North Hall unit.

**69.** On the date of June 10, 2021, several inmates in the North Hall and South Hall units were told that their cells would be double-bunked in cells that measure only 7 X 11 feet and have only about 35 square feet of floor space in cells lacking air conditioning, while all male alleged transsexual inmates would be housed in single cells (except for those who are required to be double-celled for medical or psychiatric reasons). The square footage of the cells at EMCFW already falls below the minimum 65 square feet required by the United Nations Standard Minimum Rules for Treatment of Prisoners and Nelson Mandela Rules.

**70.** On or about the date of June 17, 2021, male alleged transgender inmate D.M. appeared in the Max law library, and produced a classification document which indicated that D.M. was to be classified as "ILA volunteer" to work in the law library, despite D.M. already being assigned to another prison job for which D.M. gets paid, and despite the fact that D.M. was not an accredited paralegal at EMCFW. This classification document was authorized by EMCFW Assistant Administrator Stem.

**71.** The classification of Inmate D.M. was not done in compliance with the provisions of N.J.A.C. 10A:6-2.12(c), which requires the Supervisor of education to interview and evaluate each candidate for a paralegal position and submit a written assessment and recommendation to the Classification Committee.

**72.** Male alleged transgender inmate D.M. obtained his job in the EMCFW max law library through deceit and manipulation, telling administration that the female paralegals were "hostile" to the transgender population and that "there were complaints" about the work of those female paralegals, when in fact their quality of work was excellent and when those female paralegals had attained very favorable results for the male alleged transgender inmates during numerous disciplinary proceedings for infractions committed by the male inmates.

**73.** The favoritism and special treatment given to Inmate D.M. as opposed to the female inmates at EMCFW is the product of intentional discrimination by the defendants in favor of the male alleged transgender inmates and against the female inmates.

9

**74.** Numerous female inmates have expressed reluctance to enter the max law library to discuss their legal problems in front of D.M. and the presence of this inmate is creating stress and impeding the functioning of the law library and endangering the right of court access for those female inmates.
**75** Because of the constant presence of the male alleged transgender inmate D.M. in the EMCFW max law library, female inmates are now hesitant and reluctant to visit the law library to do their legal work because their concerns about confidentiality and privacy not being maintained.
**76.** The placement of the male transsexual inmates at EMCFW has resulted in a violation of the plaintiffs' and class members' right to physical safety and to be free from cruel and unusual punishment as  guaranteed by Amendment Eight of the United States Constitution and Art. 1, Par. 1 (safety) and Art. 1, Par. 12 (cruel and unusual punishment) and New Jersey Constitution (1947)
**77.** The actions, policies and classification decisions made by the defendants, despite having knowledge that those actions violated the plaintiffs' federal and state constitutional rights, and acting under color of state law, , are the proximate cause of the damages suffered by the plaintiffs and class members.
**78.** All defendants acted with deliberate indifference to the risk of harm the plaintiffs have suffered and will suffer as a result of the defendants' actions.
**79.** The violations of the federal and state constitutional rights of the plaintiffs and class members remain ongoing as of the filing of this complaint and damages continue to accrue.

     WHEREFORE, plaintiffs demand judgment in their favor and the relief specified in the prayer for relief.

                    STATEMENT OF THE CLAIMS – COUNT TWO
**80.** For the sake of brevity, plaintiffs repeat all allegations and specifications of Count One of the Complaint as if set forth separately herein.
**81.** The placement of the male allegedly transgender inmates at EMCFW has resulted in a violation of the plaintiffs' and class members' right to privacy in the performance of bodily functions such as using the toilet and using the shower, as guaranteed under Amendment Fourteen of the U.S. Constitution, as well as Article 1m Par. 1 of the New Jersey Constitution (1947).
**82.** The actions, policies and classification decisions of the named defendants, acting under color of state law, are the proximate cause of the violations and damages suffered by the plaintiffs and class members.

     WHEREFORE, plaintiffs demand judgment in their favor and the relief specified in the prayer for relief.

### STATEMENT OF THE FACTS - COUNT THREE

**83.** For the sake of brevity, plaintiffs repeat all the allegations and specifications of Counts One and Two of the Complaint as if set forth separately herein.

**84.** The placement of the male alleged transgender inmates at EMCFW has resulted in a substantial burden upon the plaintiffs' and class members' practice of an important tenet of their religious beliefs without a compelling government interest, in violation of the Religious land Use & Institutionalized Persons Act (RLUIPA), Title 42 U.S.C. Section 2000cc, et,.seq., as well as violation of the plaintiffs' and class members' right to be free from discrimination in the exercise of their religious principles under Art. 1, Par. 5 of the New Jersey Constitution (1947).

**85.** The actions, policies and classification decisions of the named defendants, acting under color of state law, are the proximate cause of the violations and damages suffered by the plaintiffs and class members.

WHEREFORE plaintiffs demand judgment in their favor and for the relief specified in the prayer for relief.

### STATEMENT OF THE FACTS - COUNT FOUR

**86.** For the sake of brevity, plaintiffs repeat all allegations and specifications of Counts One, Two and Three in the complaint as if set forth separately herein.

**87.** The actions of the defendants has created a pervasive risk of harm to the safety of the plaintiffs and class members, i.e., the risk of physical and sexual assault by the male alleged transgender inmates.

**88.** All defendants are aware of the pervasive risk of harm faced by the plaintiffs and class members, but have done nothing to alleviate the problem and have displayed deliberate indifference toward the pervasive risk of harm faced by plaintiffs and class members.

**89.** The placement of the male alleged transsexual inmates at EMCFW has resulted in a violation of the plaintiffs' and class members' right to physical safety as guaranteed by Amendment Eight of the United States Constitution and Art. 1, Par. 12 of the New Jersey Constitution (1947).

**90.** The actions, policies and classification decisions of the named defendants, acting under color of state law, are the proximate cause of the violations and damages suffered by the plaintiffs and class members.

WHEREFORE plaintiffs demand judgment in their favor and for the relief specified in the prayer for relief.

### STATEMENT OF THE FACTS - COUNT FIVE

**91.** For the sake of brevity, plaintiffs repeat all allegations and specifications of Counts One, Two, Three and Four of the complaint as if set forth separately herein.

**92.** The unequal treatment between the male alleged transsexual inmates and the female inmates at EMCFW has resulted in a violation of the plaintiffs' right to equal protection under Amendment Fourteen of the U.S. Constitution and right to equal protection under Art. 1, Par. 5 of the New Jersey Constitution (1947).

**93.** The actions, policies and classification decision, acting under color of state law, are the proximate cause of the violations and damages suffered by the named defendants.

### STATEMENT OF THE FACTS - COUNT SIX

**94.** For the sake of brevity, plaintiffs repeat all allegations and specifications of Counts One, Two, Three and Four and Five of the complaint as if set forth separately herein.

**95.** The favoritism and unequal treatment between the male alleged transsexual inmates and the female inmates at EMCFW has resulted in discrimination against the female inmates at EMCFW based upon the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et.seq.

**96.** The actions, policies and classification decision, acting under color of state law, are the proximate cause of the violations and damages suffered by the named defendants.

### STATEMENT OF THE FACTS - COUNT SEVEN

**97.** For the sake of brevity, plaintiffs repeat all allegations and specifications of Counts One, Two, Three and Four and Five and Six of the complaint as if set forth separately herein.

**98.** The transfer and placement of male alleged transsexual inmates to and at EMCFW has resulted in a violation of substantive due process rights as guaranteed by Amendment Fourteen of the U.S. Constitution and the analogous rights under the New Jersey Constitution (1947).

**99.** The actions, policies and classification decision, acting under color of state law, are the proximate cause of the violations and damages suffered by the named defendants.

### STATEMENT OF THE FACTS - COUNT EIGHT

**100.** For the sake of brevity, plaintiffs repeat all allegations and specifications made in Counts One, Two, Three, Four and Five, Six and Seven as if set forth separately herein.

**101.** There are no rules and regulations codified in the New Jersey Administrative Code Title 10A that authorizes or sets criteria or procedures for the eligibility, selection and transfer of pre-Operative alleged transsexual inmates from a men's prison to the EMCFW, nor from EMCFW to a men's prison.

**102.** Subchapter Seven of Chapter Nine, the section within the 10A of the Administrative Code governing procedures for inter-institutional transfers,

mentions nothing about male pre-operative transgender or transsexual inmates
being transferred to a women's prison.

**103.** The actions of the defendants in transferring male pre-operative
transgender inmates to EMCFW is not authorized by the regulations governing
inmate classification, nor any statutes governing operation of NJDOC.

**104.** The actions of the defendants, acting under color of state law, in
transferring male pre-operative alleged transgender inmates to
EMCFW was made without adherence to the rule-making requirements of the New
Jersey Administrative Procedures Act (APA), N.J.S.A. 52:14B-1, et.seq., and
is thus an illegal action by the defendants, executed in violation of state
law.

**105.** The actions of the defendants has resulted in violations of the
plaintiff's federal and state constitutional rights as specified above, and
is in violation of the New Jersey APA.

WHEREFORE, plaintiffs demand judgment in their favor and the relief
specified in the prayer for relief.

## COUNT NINE

**106.** Inmates Carlos Martinez (a/k/a "Royal Essence") and Demetrius Minor
(a/k/a "Demi") are allegedly pre-operative male-to-female transsexual
inmates who are allegedly being treated for gender dysphoria by NJDOC and,
as part of that treatment, have been transferred to EMCFW.

**107.** On or about the date of April 22, 2021, at approximately 12:15-12:30
PM, while walking back to her assigned North Hall housing unit after
receiving medication at the EMCFW hospital, plaintiff Jennifer Pasquarello
was approached in a threatening manner and verbally threatened by Inmate
Carlos Martinez who was also going on the same medication inmate movement,
to wit: Martinez told plaintiff Pasquarello that Martinez would "beat the
sh** out of her."

**108.** Inmate Carlos Martinez threatened to assault plaintiff Pasquarello
after plaintiff Pasquarello had requested that Carlos Martinez not intercede
in a private conversation between plaintiff and plaintiff Michelle Angelina,
and inmates Eileen Leone and Debbie Aquilina.

**109.** On the same return trip to the North Hall unit on the same date and
time, Inmate Carlos Martinez initiated a second verbal confrontation,
approached plaintiff Pasquarello in a threatening manner and only the
intercession of a corrections officer prevented a physical assault by Inmate
Carlos Martinez against plaintiff.

**110.** As a result of being threatened, plaintiff Pasquarello suffered and
continues to suffer physical symptoms such as a headaches and hypertension
and suffers severe mental anguish, fear and apprehension, and insomnia.

**111.** On April 27, 2021 at 10:30 AM, plaintiff Pasquarello was seen by mental
health expert Dr. Reed because of the mental anguish inflicted by Inmate
Martinez.  During this interview, plaintiff Pasquarello told Dr. Reed about

having witnessed Inmate Demetrius Minor kiss Inmate Tatiana Harrison in an unrelated incident. Dr. Reed immediately reported this allegation by making a complaint under the Prison Rape Elimination Act (PREA) protocols. Dr. Reed did not attempt to assuage the mental anguish or pain of plaintiff Pasquarello, nor did Dr. Reed report the harassment and threats suffered by plaintiff Pasquarello to prison authorities.

**112.** During the week of May 10-May 14, 2021, plaintiff Pasquarello was summoned to interview with the Special Investigations Division (SID) at EMCFW because of false allegations about alleged sexual activity between plaintiff Pasquarello and plaintiff Michelle Angelina at EMCFW, as well as due to the aforementioned incident involving Inmate Carlos Martinez.
**113.** On the date of May 13, 2021 or May 14, 2021, plaintiff Pasquarello met with Mental Health expert Dr. Rafelson and expressed frustration and anger not only at Inmate Carlos Martinez' verbal harassment and threats, but also the actions of Inmates Minor and Harrison and their harassment and threats.
**114.** On the date of May 13, 2021 or May 14, 2021, plaintiff Pasquarello met with Mental Health expert Dr. Reed and expressed her anger and frustration at Inmates Martinez, Minor and Harrison because of harassment and threats made by those inmates toward plaintiff Pasquarello and plaintiff Angelina.
**115.** On the date of May 18, 2021 at approximately 3:30 PM, plaintiff Pasquarello was summoned by the SID investigators and told that Inmate Carlos Martinez had made an allegation that plaintiff Pasquarello had made sexual proposals toward Inmate Carlos Martinez. Plaintiff Pasquarello was given a body assessment and held in a segregated cell at the EMCFW hospital for more than two hours due to this blatantly false allegation by inmate Carlos Martinez, where she suffered mental anguish, and another bout of hypertension.
**116.** On the date of May 14, 2021 at approximately 5:55-6:30 PM, plaintiffs Jennifer Pasquarello and Michelle Angelina were seated in the North Hall unit day room and engaged in private conversation when Inmates Demetrius Minor, Carlos Martinez and Tatiana Harrison entered the same day room, approached plaintiffs in a threatening manner, sat at the same table as that occupied by plaintiffs, and engaged in verbal abuse, made threats and harassed plaintiffs. This verbal abuse included threats by Inmate Minor to physically assault plaintiffs, to wit: Minor threatened to "beat the sh** out of" plaintiff Angelina and threatened to physically assault plaintiff Pasquarello. This incident inflicted mental pain and anguish upon plaintiffs and resulted in still more physical distress in the form of headaches, hypertension and insomnia.
**117.** Defendant Demetrius Minor made these threats based in part upon plaintiffs having reported a previous incident in April 2, 2021, in which Minor was observed engaging in heterosexual intercourse with a female inmate in the housing unit.
**118.** Plaintiff Pasquarello learned that inmates Minor, Harrison and Martinez had been made aware that plaintiff Pasquarello had disclosed to Dr. Reed on

the date of April 27, 2021, the complaint about witnessing a kiss between Inmates Minor and Harrison, and that this disclosure was a motivating factor in the actions of Inmates Minor, Harrison and Martinez.

**119.** The information related to plaintiff Pasquarello's disclosure of seeing inmates Minor and Harrison kissing was disclosed to inmate Minor by staff member Sgt. Iglesias.

**120.** On the date of June 4, 2021 at approximately 12:00 PM, defendant Carlos Martinez was moved by EMCFW classification/administration to the very same wing in the same unit wherein plaintiff Jennifer Pasquarello was housed, and placed Martinez in a cell right beside that occupied by plaintiff Pasquarello, despite being aware that Martinez had voiced threats to perpetrate physical violence upon Pasquarello and otherwise harassed and abused plaintiff Pasquarello.  Plaintiff Pasquarello was moved off that wing only after suffering still more emotional anguish and suffering and complaining to custody staff.  Martinez is still housed in the same unit as plaintiffs Pasquarello and Angelina.

**121.** On the date of July 20, 2021, at 12:00-12:15 PM, defendant Carlos Martinez entered the dayroom in the North Hall unit when plaintiff Michelle Angelina was in that room, and screamed loudly at plaintiff that Martinez would "beat the sh\*\* out of" Angelina.  C.O. Alvarez witnessed part of this and entered the room to stop the verbal tirade.  Plaintiff Angelina again suffered emotional anguish, difficulty in sleeping, loss of appetite and other symptoms.

**122.** Defendants Marcus Hicks and Patricia McGill are responsible for the placement of defendant Carlos Martinez and Demetrius Minor in the prison general population at EMCFW and the North Hall unit despite knowing of the two inmates' unsuitability for placement therein due to their possessing male genitalia, making sexual and violent threats against female inmates at EMCFW, as well as their propensity for violence.

**123.** Defendants Carlos Martinez and Demetrius Minor, jointly and severally, are responsible for making direct physical and sexual threats against plaintiffs and the intentional infliction of emotional distress upon the plaintiffs.

**124.** The conduct, harassment and serious threats voiced by defendants Minor and Martinez were outrageous in nature, extreme in degree, and go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**125.** Defendants Marcus Hicks and Patricia McGill did nothing to address multiple grievances and complaints about the placement of male inmates at EMCFW and the danger those inmates posed to the existing female inmate population.

**126.** Defendants Marcus Hicks and Patricia McGill, jointly and severally, have disregarded and ignored State law, to wit: NJSA 30:4-154, (by classifying and housing male inmates at the EMCFW); and NJSA 30:4-90, (which states that no transfers of inmates shall be made which conflict with

established age or sex limitations [of NJSA 30:4-154}, by moving male
inmates to EMCFW).

**127.** Defendants Marcus Hicks and Patricia McGill failed to take action to
remediate the danger and risk to plaintiffs despite the fact that the risk
of danger to plaintiffs was reasonably foreseeable based upon the presence
of male inmates in a women's correctional facility who demonstrated a prior
history of harassing and threatening behavior and who demonstrated a
propensity for violence.

**128.** The actions of defendants Marcus Hicks and Patricia McGill, jointly and
severally, in placing male inmates in the EMCFW facility and failure to
remediate the placement of male inmates at EMCFW has resulted in violation
of plaintiffs' right to freedom from cruel and unusual punishment under
Article 1, Par. 12 of the New Jersey Constitution (1947), and plaintiffs'
right to safety under Article 1, Par. 1 of the New Jersey Constitution.

**129.** The actions of defendants Carlos Martinez, Marcus Hicks, Patricia
McGill and Demetrius Minor, jointly and severally, are the proximate cause
of the injuries and damages sustained by the plaintiff.

    WHEREFORE, plaintiffs Jennifer Pasquarello and Michelle Angelina,
demand judgment in their favor on this count, jointly and severally, against
the named defendants, including filing fees and costs of suit, and whatever
further damages the court deems just and proper.


### Relief Sought

a. Joinder of Claims of the named plaintiffs and class members under New
   Jersey Court Rule 4:27, and certification of the class of female
   inmates at EMCFW as a class for the purposes of New Jersey Court Rule
   4:32-1, as well as assignment of counsel to represent the class under
   Court Rule 4:32-2;

b. A declaratory judgment in favor of plaintiffs that the actions of the
   defendants have violated the specified constitutional rights of the
   plaintiffs and class members as alleged in the complaint;

c. A permanent injunction/consent decree settlement requiring the
   defendants to immediately remove any and all male pre-operative
   transgender inmates, and any other male inmates who self-identify as
   "gay," "bisexual" or "vulnerable" from EMCFW and preventing the
   placement of any such inmates at EMCFW in the future; and/or

d. The establishment of a dedicated housing unit, separate from general
   population inmates, either at EMCFW or at any existing men's prison, to
   house the male pre-operative alleged transgender inmates;

e. Transfer within 60 days of judgment or settlement to a women's prison
   in another jurisdiction which does not house male pre-operative alleged
   transgender inmates for any female inmate at EMCFW who so desires;

**f.** Award of monetary damages, nominal and punitive, against the defendants;

**g.** Court injunction to prohibit transfer of any additional pre-operative male-to-female transsexual inmates to EMCFW during the course of this litigation;

**h.** Reimbursement of plaintiffs for expenses and costs of suit;

**i.** Reasonable attorney fees in the event that counsel is retained or assigned by the court to represent plaintiffs;

**j.** An order/consent decree prohibiting defendants Carlos Martinez and Demetrius Minor from being housed in the same housing unit at EMCFW as either named plaintiff;

**k.** Any other relief the court deems just and proper.


6.    Do you request a jury or non-jury trial?  (check only one)

    [ ]  Jury Trial       [ ]  Non-Jury Trial

## VERIFICATION

I certify that the factual allegations set forth in this complaint are true and correct to the best of my knowledge and belief.

Dated: **8/2** , 2021

    Jennifer Pasquarello, Plaintiff

    Michelle Angelina, Plaintiff

## CERTIFICATION OF NO OTHER ACTIONS

I certify that the dispute about which I am suing is not the subject of any other action pending in any other court or pending at an arbitration proceeding to the best of my knowledge and belief.  Also, to the best of my knowledge and belief, no other action or arbitration proceeding is contemplated.  Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit.  In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

Dated: **8/2** , 2021    Signature:

    Jennifer Pasquarello, Plaintiff

    Michelle Angelina, Plaintiff

17

Attorney(s): <u>Jennifer Pasquarello, *Pro Se* Plaintiff</u>
<u>Michelle Angelina, Pro Se Plaintiff</u>
Office Address <u>Edna Mahan Correctional Facility</u>
<u>30 County Route 513</u>
Town, State, Zip Code <u>Clinton, N.J., 08809</u>
Telephone Number <u>(908) 735-7111</u>
Attorney(s) for Plaintiff(s) <u>Pro Se</u>

**SUPERIOR COURT OF
NEW JERSEY**

<u>HUNTERDON</u>       COUNTY
<u>LAW</u>       DIVISION
Docket No: <u>HNT-L-000273-21</u>

JENNIFER PASQUARELLO and MICHELLE ANGELINA
Plaintiff(s)

vs.

GOVERNOR PHIL MURPHY, MARCUS HICKS/
MS. KUHN, Commissioner, N.J.D.O.C.,
AL KANDELL, Assistant Commissioner, N.J.D.O.C.
PATRICIA McGILL, Administrator, E.M.C.F.W.,
DEMETRIUS MINOR, a/k/a "Demi,"
CARLOS MARTINEZ, a/k/a "Royal Essence"

**CIVIL ACTION
SUMMONS**

Defendant(s)

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you receive this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, N.J., 08625. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff(s), if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-579-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

<u>Michelle M. Smith</u>
Clerk of the Superior Court

DATED: <u>August 1,</u> , 2021

Name of Defendant to be Served: <u>Governor Phil Murphy,</u>
Address of Defendant to be Served: <u>225 West State St., Floor 3, P.O. Box 001, Trenton, N.J., 08625</u>
Note: The Case Information Statement is available at www.njcourts.com.

Attorney(s): <u>Jennifer Pasquarello, *Pro Se* Plaintiff</u>
<u>Michelle Angelina, Pro Se Plaintiff</u>
Office Address <u>Edna Mahan Correctional Facility</u>
<u>30 County Route 513</u>
Town, State, Zip Code <u>Clinton, N.J., 08809</u>
Telephone Number <u>(908) 735-7111</u>
Attorney(s) for Plaintiff(s) <u>Pro Se</u>

**SUPERIOR COURT OF**
**NEW JERSEY**

<u>HUNTERDON</u>       COUNTY
<u>LAW</u>       DIVISION
Docket No: <u>HNT-L-000273-21</u>

---

JENNIFER PASQUARELLO and MICHELLE ANGELINA
          Plaintiff(s)

                    vs.

GOVERNOR PHIL MURPHY, MARCUS HICKS/
MS. KUHN, Commissioner, N.J.D.O.C.,
AL KANDELL, Assistant Commissioner, N.J.D.O.C.
PATRICIA McGILL, Administrator, E.M.C.F.W.,
DEMETRIUS MINOR, a/k/a "Demi,"
CARLOS MARTINEZ, a/k/a "Royal Essence"

          Defendant(s)

**CIVIL ACTION**
**SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you receive this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, N.J., 08625. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff(s), if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-579-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

                              <u>Michelle M. Smith</u>
                              Clerk of the Superior Court

DATED: <u>August 1,</u> , 2021

Name of Defendant to be Served: <u>Patricia McGill, Administrator, EMCF</u>
Address of Defendant to be Served: <u>Edna Mahan Correct. Facility, 30 County Rt. 513, Clinton, N.J., 08809</u>
Note: The Case Information Statement is available at www.njcourts.com.

Attorney(s): <u>Jennifer Pasquarello, *Pro Se* Plaintiff</u>
    <u>Michelle Angelina, Pro Se Plaintiff</u>
Office Address <u>Edna Mahan Correctional Facility</u>
  <u>30 County Route 513</u>
Town, State, Zip Code <u>Clinton, N.J., 08809</u>
Telephone Number <u>(908) 735-7111</u>
Attorney(s) for Plaintiff(s) <u>Pro Se</u>

**SUPERIOR COURT OF**
**NEW JERSEY**

<u>HUNTERDON</u>  COUNTY
<u>LAW</u>   DIVISION
Docket No: <u>HNT-L-000273-21</u>

---

JENNIFER PASQUARELLO and MICHELLE ANGELINA
 Plaintiff(s)

    vs.

GOVERNOR PHIL MURPHY, MARCUS HICKS/
MS. KUHN, Commissioner, N.J.D.O.C.,
AL KANDELL, Assistant Commissioner, N.J.D.O.C.
PATRICIA McGILL, Administrator, E.M.C.F.W.,
DEMETRIUS MINOR, a/k/a "Demi,"
CARLOS MARTINEZ, a/k/a "Royal Essence"

---

   Defendant(s)

**CIVIL ACTION**
**SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

  The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you receive this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, N.J., 08625. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff(s), if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

  If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

  If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-579-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

          <u>Michelle M. Smith</u>
         Clerk of the Superior Court

DATED: <u>August 1, </u>, 2021

Name of Defendant to be Served: <u>Al Kandell, Assistant Commissioner, N.J. Department of Corrections</u>
Address of Defendant to be Served: <u>Edna Mahan Correct. Facility, 30 County Rt. 513, Clinton, N.J., 08809 or</u>
       <u>N.J. Department of Corrections, Whittlesey Rd., P.O. Box 863, Trenton, N.J., 08625</u>
Note: The Case Information Statement is available at www.njcourts.com.

Attorney(s): Jennifer Pasquarello, *Pro Se* Plaintiff
        Michelle Angelina, Pro Se Plaintiff
Office Address   Edna Mahan Correctional Facility
    30 County Route 513
Town, State, Zip Code Clinton, N.J., 08809
Telephone Number      (908) 735-7111
Attorney(s) for Plaintiff(s)   Pro Se

**SUPERIOR COURT OF
NEW JERSEY**

HUNTERDON      COUNTY
LAW        DIVISION
Docket No:  HNT-L-000273-21

JENNIFER PASQUARELLO and MICHELLE ANGELINA
    Plaintiff(s)

        vs.

GOVERNOR PHIL MURPHY, MARCUS HICKS/
MS. KUHN, Commissioner, N.J.D.O.C.,
AL KANDELL, Assistant Commissioner, N.J.D.O.C.
PATRICIA McGILL, Administrator, E.M.C.F.W.,
DEMETRIUS MINOR, a/k/a "Demi,"
CARLOS MARTINEZ, a/k/a "Royal Essence"

**CIVIL ACTION
SUMMONS**

    Defendant(s)

From The State of New Jersey To The Defendant(s) Named Above:

      The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you receive this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, N.J., 08625. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff(s), if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

      If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

      If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-579-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

                                   Michelle M. Smith
                                 Clerk of the Superior Court

DATED:   August 1,   , 2021

Name of Defendant to be Served:    Marcus Hicks/Victoria Kuhn, Commissioner, N.J. Dept. of Corrections
Address of Defendant to be Served:  N.J. Department of Corrections, Whittlesey Rd., P.O. Box 863, Trenton, N.J., 08625
Note: The Case Information Statement is available at www.njcourts.com.

Attorney(s): Jennifer Pasquarello, *Pro Se* Plaintiff
           Michelle Angelina, Pro Se Plaintiff
Office Address   Edna Mahan Correctional Facility
    30 County Route 513
Town, State, Zip Code Clinton, N.J., 08809
Telephone Number       (908) 735-7111
Attorney(s) for Plaintiff(s)   Pro Se

**SUPERIOR COURT OF
NEW JERSEY**

HUNTERDON       COUNTY
LAW         DIVISION
Docket No:   HNT-L-000273-21

---

JENNIFER PASQUARELLO and MICHELLE ANGELINA
     Plaintiff(s)

         vs.

GOVERNOR PHIL MURPHY, MARCUS HICKS/
MS. KUHN, Commissioner, N.J.D.O.C.,
AL KANDELL, Assistant Commissioner, N.J.D.O.C.
PATRICIA McGILL, Administrator, E.M.C.F.W.,
DEMETRIUS MINOR, a/k/a "Demi,"
CARLOS MARTINEZ, a/k/a "Royal Essence"

**CIVIL ACTION
SUMMONS**

---

      Defendant(s)

From The State of New Jersey To The Defendant(s) Named Above:

      The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you receive this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, N.J., 08625. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff(s), if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

      If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

      If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-579-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

                                 Michelle M. Smith
                                 Clerk of the Superior Court

DATED:   August 1,    , 2021

Name of Defendant to be Served:    Carlos Martinez, a/k/a "Royal Essence"
Address of Defendant to be Served:   Edna Mahan Corr. Facility, 30 County Rt. 513, Clinton, N.J., 08809
Note: The Case Information Statement is available at www.njcourts.com.

Attorney(s): Jennifer Pasquarello, *Pro Se* Plaintiff
        Michelle Angelina, Pro Se Plaintiff
Office Address   Edna Mahan Correctional Facility
    30 County Route 513
Town, State, Zip Code Clinton, N.J., 08809
Telephone Number     (908) 735-7111
Attorney(s) for Plaintiff(s)   Pro Se

**SUPERIOR COURT OF
NEW JERSEY**

HUNTERDON      COUNTY
LAW      DIVISION
Docket No:  HNT-L-000273-21

JENNIFER PASQUARELLO and MICHELLE ANGELINA
    Plaintiff(s)

       vs.

GOVERNOR PHIL MURPHY, MARCUS HICKS/
MS. KUHN, Commissioner, N.J.D.O.C.,
AL KANDELL, Assistant Commissioner, N.J.D.O.C.
PATRICIA McGILL, Administrator, E.M.C.F.W.,
DEMETRIUS MINOR, a/k/a "Demi,"
CARLOS MARTINEZ, a/k/a "Royal Essence"

**CIVIL ACTION
SUMMONS**

    Defendant(s)

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you receive this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, N.J., 08625. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff(s), if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-579-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

                                 Michelle M. Smith
                                Clerk of the Superior Court

DATED:   August 1,   , 2021

Name of Defendant to be Served:   Demetrius Minor, a/k/a "Demi"
Address of Defendant to be Served:  Edna Mahan Corr. Facility, 30 County Rt. 513, Clinton, N.J., 08809
Note: The Case Information Statement is available at www.njcourts.com.

**Notice:** This is a public document. Do not enter personal identifying information on it, such as your full Social Security number, driver's license number, insurance policy number, vehicle plate number or active financial account or credit card number. This document as submitted will be available to the public upon request.

Name    Jennifer Pasquarello, Pro Se, # 558110E
Address    EMCF, P.O. Box 4004, Clinton, N.J., 08809
Telephone    (908) 735-7111
Email    Not Applicable

| | |
|---|---|
| Superior | Court of New Jersey |
| Hunterdon | County (if applicable) |
| Docket Number | HNT-L-273-21 |

JENNIFER PASQUARELLO,
MICHELLE ANGELINA,
     Plaintiff(s)/Appellant(s)

     vs.

**Order Waiving Filing Fees**

CARLOS MARTINEZ, DEMETRIUS MINOR,
MARCUS HICKS, PATRICIA McGILL,
     Defendant(s)/Respondent(s)

This matter having been brought before the court on application of _____ Jennifer Pasquarello _____ ([X] plaintiff(s)/ [ ] appellant(s)/ [ ] defendant(s)/ [ ] respondent(s) for an **Order** waiving filing fees pursuant to *Rule* 1:13-2 or *Rule* 2:7-1, and the Court having considered the moving party's financial information, the matter and for good cause appearing:

**(Do not write below this line, FOR COURT USE ONLY)**

It is on this _____ 29th _____ day of _____ June _____, 20 21 _____, **ORDERED** that the application for a fee waiver is

[X] **Granted**      [ ] **Denied**

                           /s/ MICHAEL F. O'NEILL, J.S.C.
                             MICHAEL F. O'NEILL, J.S.C.

Plaintiff's application is GRANTED pursuant to R. 1:13-2 and AOC Directive #03-17. Plaintiff provided trust account statements from December 1, 2020 to June 3, 2021 in support of their application. Plaintiff is eligible for a fee waiver.

Revised: 09/25/08 CN 11208                                    page 8 of 8

**EXHIBIT C**

Jennifer Pasquarello, Pro Se Plaintiff
Michelle Angalina, Pro Se Plaintiff
Edna Mahan Correctional Facility
30 County Rt. 513
Clinton, N.J., 08809

RECEIVED FILED
SUPERIOR COURT OF NJ
HUNTERDON COURT

2021 AUG -5   A 11: 20

DEPUTY CLERK
CIVIL DIVISION

-------------------------------------------------------

| | | |
|---|---|---|
| JENNIFER PASQUARELLO, | : | SUPERIOR COURT OF NEW JERSEY |
| MICHELLE ANGELINA, | : | LAW DIVISION – CIVIL |
| On Behalf of Themselves and All | : | HUNTERDON COUNTY |
| Other Similarly Situated Women, | : | DOCKET NUMBER: HNT-L-000273-21 |
| Pro Se PLAINTIFFS | : | |
| | : | |
| vs. | : | |
| | : | |
| PHIL MURPHY, MARCUS HICKS/ | : | NOTICE OF MOTION FOR JOINDER |
| Ms. KUHN, AL KANDELL, | : | OF CLAIMS, CLASS CERTIFICATION |
| PATRICIA McGILL, DEMETRIUS | : | AND ASSIGNMENT OF COUNSEL |
| MINOR, CARLOS MARTINEZ, | : | |
| DEFENDANTS | : | |

        PLEASE TAKE NOTICE that Jennifer Pasquarello and Michelle
Angelina, the pro se plaintiffs in the above-captioned litigation,
will move before this Court on the date of August 27, 2021, for an
Order granting Joinder of Claims, granting Class Certification, and
Assigning Counsel to Represent the Class in this litigation.
        Please Take Further Notice that the plaintiffs bring this motion
pursuant to New Jersey Court Rules 4:29-1(a), 4:32-1, 4:32-2, 1:6-2,
Rule 20, Fed.R.Civ.P., Rule 23, Fed.R.Civ.P., and Rule 7, Fed.R.Civ.P
Plaintiffs do not request oral argument on this motion unless the
court determines that oral argument is necessary.

Dated: 7/20/21 , 2021

Jennifer Pasquarello, *Pro Se* Plaintiff

Michelle Angelina, *Pro Se* Plaintiff

Jennifer Pasquarello, Pro Se Plaintiff
Michelle Angelina, Pro Se Plaintiff
Edna Mahan Correctional Facility
30 County Rt. 513
Clinton, N.J., 08809

RECEIVED AND FILED
SUPERIOR COURT OF NJ
HUNTERDON COURT

2021 AUG -5  A 11: 20

DEPUTY CLERK
CIVIL DIVISION

---

| | | |
|---|---|---|
| JENNIFER PASQUARELLO, | : | SUPERIOR COURT OF NEW JERSEY |
| MICHELLE ANGELINA, | : | LAW DIVISION – CIVIL |
| On Behalf of Themselves and All | : | HUNTERDON COUNTY |
| Other Similarly Situated Women, | : | DOCKET NUMBER: HNT-L-000273-21 |
| Pro Se PLAINTIFFS | : | |
| | : | |
| vs. | : | |
| | : | |
| PHIL MURPHY, MARCUS HICKS/ | : | |
| Ms. KUHN, AL KANDELL, PATRICIA | : | MOTION FOR JOINDER OF CLAIMS, |
| McGILL, DEMETRIUS MINOR, | : | CLASS CERTIFICATION, AND |
| CARLOS MARTINEZ, | : | ASSIGNMENT OF COUNSEL |
| DEFENDANTS | : | |

---

BRIEF IN SUPPORT OF MOTION FOR JOINDER OF CLAIMS FOR CLASS
CERTIFICATION, AND FOR ASSIGNMENT OF COUNSEL

---

To The Court:

Please accept this letter brief in support of the legal arguments of
plaintiffs in their motion for Joinder of Claims, Class Certification and
Assignment of Counsel in the above-referenced civil matter.

Dated: 7/29/21 , 2021

_Jennifer Pasquarello_
Jennifer Pasquarello, Plaintiff

_Michelle Angelina_
Michelle Angelina, Plaintiff

## TABLE OF CONTENTS

| TOPIC | PAGE |
|---|---|
| Statement of the Case | 1 |
| Legal Argument – | |
| Point One: This Court Should Grant Plaintiffs' Motion Because Plaintiffs Meet The Criteria For Joinder of Claims, Class Certification, and Assignment of Counsel | 2 |
| A. Class Certification | 3 |
| B. Joinder of Claims | 16 |
| C. Assignment of Counsel | 18 |
| Summary and Conclusion | 20 |

| TABLE OF CITATIONS | PAGE |
|---|---|
| Amchem Products, Inc. v. George Windsor, 521 U.S. 591, 117 S.Ct. 2231 (1997) | 6,10 |
| Baby Neal v. Casey, 43 F.3d 48 (CA3 1994) | 6,7,10,14,15 |
| Brooks v. Southern Bell Telephone & Telegraph Co., 133 F.R.D. 54 (S.D.Fla. 1990) | 5 |
| Califano v. Yamasaki, 442 U.S. 682, 99 S.Ct. 2545 (1979) | 2 |
| Castro v. NYT Television, 384 N.J. Super. 601 (A.D. 2006) | 13 |
| Delgozzo v. Kinney, 266 N.J. Super. 169 (A.D. 1993) | 5,6 |
| Dugan v. TGI Fridays, Inc., 231 N.J. 24 (2017) | 12 |
| Fink v. Ricoh Corp., 365 N.J.Super. 365 N.J. Super. 520 (A.D. 2003) | 5 |
| General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 102 S.Ctl. 2364 (1982) | 20 |
| Gross v. Johnson & Johnson, 303 N.J. Super. 336 (L.D. 1997) | 6 |
| Hagan v. Rogers, 570 F.3d 146 (CA3 2009) | 17 |
| Hassine v. Jeffes, 846 F.2d 169 (CA3 1988) | 5,9,11 |
| Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (CA3 1992) | 9 |
| Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88 (2007) | 2,11,12,13 |
| In re Cadillac, 93 N.J. 412 (1982) | 5 |
| In re Hydrogen Peroxide Antitrust Litigation, 552 F.3d 305 (CA3 2008) | 20 |
| In re Modafinil Antitrust Litigation, 837 F.3d 238 (CA3 2016) | 2,16 |
| In re Schering Plough Corp. ERISA Litigation, 589 F.3d 585 (CA3 2009) | 3 |
| International Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co., 192 N.J. 372 (2007) | 7 |
| Lee v. Carter Reed Co., 203 N.J. 496 (2010) | 12,13 |
| Lerch v. Citizens First Bancorp., Inc., 144 F.R.D. 247 (D.N.J. 1992) | 4 |
| O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669 (1974) | 11 |
| Riley v. New Rapids Carpet Center, 61 N.J. 218 (1972) | 2,3,7 |
| Stewart v. Abraham, 275 F.3d 220 (CA3 2001) | 7 |
| Thorogood v. Sears, Roebuck & Co., 547 F.3d 742 (CA7 2008) | 2 |
| Varacallo v. Mass. Mutual Life Insurance Co., 332 N.J. Super. 31(A.D. 2000) | 12. |
| Weiss v. York Hospital, 745 F.2d 786 (CA3 1984), cert.den., 470 U.S. 1060 (1985) | 5,8,15 |

**TABLE OF CITATIONS**                                                      **PAGE**

West Morris Pediatrics, P.A. v. Henry Schein, Inc.,                          4,5
                385 N.J. Super. 585 (A.D. 2004)

Wetzel v. Liberty Products Insurance, 508 F.2d 239 (CA3 1975)                10
                        cert. den. 421 U.S. 1011 (1975)


**STATUTES CITED**                                                          **PAGE**

Title 42 U.S.C. Section 1983                                                  1
N.J.S.A. 10:6-2 et.seq.                                                       1
N.J.S.A. 52:14B-1 et.seq.                                                     1
Title 28 U.S.C. Section 1915(e)(1)                                          12,19


**FEDERAL COURT RULES CITED**                                               **PAGE**

Fed.R.Civ.P. 23                                                      3,11,16,20
Fed.R.Civ.P. 23(a)                                                          6,7
Fed.R.Civ.P. 23(g)(1)                                                     10,18
Fed.R.Civ.P. 20                                                    11,16,17,20
Fed.R.Civ.P. 19                                                             11
Fed.R.Civ.P  23(b)(2)                                                    14,15
Fed.R.Civ.P. 23(b)(3)                                                       15


**NEW JERSEY COURT RULES CITED**                                            **PAGE**

Court Rule 4:32                                                              3
Court Rule 4:32-1(a)                                                         4
Court Rule 4:32-1(a)(4)                                                      6
Court Rule 4:32-1(b)                                                        11
Court Rule 4:32-1(b)(3)                                                   11,12
Court Rule 4:32-1(a)(2)                                                      12
Court Rule 4:29-1(a)                                                        17
Court Rule 4:32-2(g)(1)                                                      19

## STATEMENT OF THE CASE

This is a civil rights action under the federal civil rights
statute, Title 42 U.S.C. Section 1983, and the New Jersey Civil
Rights Act, N.J.S.A. 10:6-2, et,.seq., alleging violations of rights
secured to the named plaintiffs, and the class of inmates they
represent, under the United States and New Jersey Constitutions, to
wit: the right to privacy, the right to freedom from danger, the
right to freedom from cruel and unusual punishment, the right to
freedom from outrageous governmental conduct under substantive due
process protections, and possibly other rights enshrined in the
United States and New Jersey Constitutions.  Plaintiffs also alleged
a violation of the New Jersey Administrative Procedures Act (APA),
N.J.S.A. 52:14B-1, et.seq., The gist of the complaint is that the
actions of the named defendants, and their agents and employees, by
placing pre-operative male-to-female transgender inmates who possess
male genitalia, musculature, mannerisms, and attitudes in the same
housing units as the female inmate population at EMCFW, have violated
the constitutional rights of the women confined at the EMCFW prison.
Plaintiffs seek equitable relief, a declaratory judgment, and
damages.

## LEGAL ARGUMENT

### POINT ONE

THIS COURT SHOULD GRANT PLAINTIFFS' MOTION BECAUSE
PLAINTIFFS MEET THE CRITERIA FOR JOINDER OF CLAIMS,
CLASS CERTIFICATION, AND ASSIGNMENT OF COUNSEL

The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700-01, 99 S. Ct. 2545, 2558, 61 L. Ed. 2d 176, 193 (1979). It is a device for economizing on the expense of litigation and enabling small claims to be litigated. The two points are closely related. If every small claim had to be litigated separately, the vindication of small claims would be rare. The fixed costs of litigation make it impossible. *In re Modafinil Antitrust Litigation,* 837 F.3d 238, 242 (CA3 2016)(quoting *Thorogood v. Sears, Roebuck and Co.*, 547 F.3d 742, 744 (7th Cir. 2008).

New Jersey courts, as well as federal courts construing the federal class action rule after which New Jersey rule is modeled, have consistently held that the class action rule should be liberally construed. *Iliadis v. Wal-Mart Stores, Inc.,* 191 N.J. 88, 103 (2007). (citations omitted). A class action "should lie unless it is clearly infeasible." *Riley v. New Rapids Carpet Center*, 61 N.J. 218, 225 (1972).

2

Because the state and federal rules so closely parallel each other, it is appropriate for plaintiffs to utilize federal cases that construe Rule 23 as well as state cases which construe Rule 4:32. See *Riley*, supra, 61 N.J. at 225 (stating "Our class-action rule, *R.* 4:32, is a replica of Rule 23 of the Federal Rules of Civil Procedure…). As such, New Jersey courts often look for guidance from federal cases interpreting *Fed.R.Civ.P.* 23. *Id.* at 226-27,

In this case, plaintiffs are a class of inmates who are women confined or soon to be confined at Edna Mahan Correctional Facility in Clinton, N.J., and are suing for relief from actions of the named defendants who transferred pre-operative male-to-female alleged transsexual inmates from male prisons to EMCFW, where their presence has and continues to endanger female inmates. For the reasons stated below, this Court should grant class certification, grant joinder of claims to plaintiffs, and assign counsel to represent the inmate class.

### A. Class Certification.

A party seeking class certification must satisfy both the conjunctive requirements of subpart (a) and one of the requirements of subpart (b). Fed. R. Civ. P. 23; *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 596 (3d Cir. 2009). Under Rule 23(a), Fed.R. Civ.P., **on**e or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) The class is so numerous that joinder of all members is impracticable;

*3*

(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are
    typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately
    protect the interests of the class.

Under New Jersey law, to obtain class status, the party seeking

certification must establish that the four prerequisites of

*Rule* 4:32-1(a) are satisfied.  Class certification is appropriate

only if:

> (1)  the class is so numerous that joinder of all members is
> impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are
> typical of the claims or defenses of the class, and
> (4) the representative parties will fairly and adequately
> protect the interests of the class. *Iliadis, supra,* 191 N.J.
> At 106.

The numerosity requirement "is more than a mere numbers game."

*West Morris Pediatrics, P.A. v. Henry Schein, Inc.,* 385 N.J. Super.

585, 596 (A.D. 2004)(citations omitted).  The number of purported

class members is not wholly dispositive of the analysis. In addition,

a plaintiff does not have to show the exact size of the class in

order to satisfy numerosity. *Ibid.*  Rather, an equal part of the

inquiry centers around whether "the difficulty and or inconvenience

of joining all members of the class calls for class certification."

*Lerch v. Citizens First Bancorp, Inc.,* 144 F.R.D. 247, 250 (D.N.J.

1992).

The commonality requirement dictates that there be "some

question of fact or law common to the members of the class." West

4

Morris Pediatrics, supra, 385 N.J. Super. at 600. It is not necessary that all questions of fact or law raised be common. *Ibid.* A single common question is sufficient. *Delgozzo v. Kenny,* 266 N.J. Super. 169, 185, (A.D. 1993). However, simply alleging the same theory of recovery for all class members does not guarantee the existence of legal or factual commonality. West Morris Pediatrics, 385 N.J. Super. at 600.

Typicality requires that "the harm complained of be common to the class." *West Morris Pediatrics,* supra, 385 N.J. Super. at 603. (citing *Hassine v. Jeffes,* 846 F.2d 169, 177 (3d Cir.1988)). Put another way, the claims of the representatives must "have the essential characteristic common to the claim of the class." *Fink v. Ricoh Corp.,* 365 N.J. Super. 520, 561 (A.D. 2003). Where the legal or factual positions of the class representatives are "markedly different" from those of the putative class members, typicality will not be satisfied. *Weiss v. York Hosp.,* 745 F.2d 786, 810 n.36 (3d Cir.1984), *cert. denied,* 470 U.S. 1060 (1985). In other words, "if proof of the representatives' claims would not necessarily prove all the proposed class members' claims, the representatives' claims are not typical of the proposed members' claims." *Brooks v. Southern Bell Tel. & Tel. Co.,* 133 F.R.D. 54, 58 (S.D.Fla.1990). A plaintiff's claims "must have the essential characteristics common to the claims of the class." *In re Cadillac,* 93 N.J. 412, 425 (1982).

5

Finally, *R.* 4:32-1(a)(4) mandates that "the representative parties will fairly and adequately protect the interests of the class." *West Morris Pediatrics*, supra, 385 N.J. Super. at 605. In *Gross v. Johnson & Johnson,* 303 N.J. Super 336, 342-343, (L.D. 1997), the court explained: "Elements of this requirement include the interests of the named representative being co-extensive with the interests of the other members of the class and the assurance that the representatives will vigorously prosecute those interests, which requires the assistance of responsible and able counsel."

The requirement as to adequacy of representation is met if (1) plaintiffs' attorney is "qualified, experienced and generally able to conduct the proposed litigation" and (2) if plaintiff's interests are not "antagonistic to those of the class." *Delgozzo v. Kenny, supra,* 266 N.J. Super. at 188.

In federal class actions, the conditions of Rule 23(a) are referred to as (1) numerosity (a 'class so large that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical . . . of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class')." *Amchem Products, Inc. v. George Windsor,* 521 U.S. 591, 613, 117 S. Ct. 2231 (1997).

The concepts of commonality and typicality are broadly defined and tend to merge. *Baby Neal v. Casey,* 43 F.3d 48, 56 (CA3 1994).

*6*

In deciding whether to grant or deny class certification, a
trial court does not decide the ultimate factual issues underlying
the plaintiff's cause of action. *Riley v. New Rapids Carpet Ctr.*, 61
N.J. 218, 223 (1972). Rather, at the class-certification stage, a
court must "accept as true all of the allegations in the complaint,"
*International Union of Operating Engineers Local No. 68 Welfare Fund
v. Merck & Co.*, 192 N.J. 372, 376 (2007).

The numerosity requirement is clearly satisfied here. In this
case, there are hundreds of female inmates at EMCFW (roughly 370) and
joinder of all members as named plaintiffs is not practical. Even if
the court accepts the hypothetical argument that not all the female
inmates at EMCFW wish to join this litigation and halves the proposed
class, that still leaves approximately 185 women as class members.
The Third Circuit has acknowledged that "while no minimum number of
plaintiffs is required to maintain a suit as a class action…
generally if the named plaintiff demonstrates that the potential
number of plaintiffs exceeds 40, the first prong of Rule 23(a) has
been met." *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001).
Moreover, having several hundred women litigating on behalf of them-
selves, with different discovery requests, some perhaps represented
by counsel and some not, some willing to settle and some not, would
be cumbersome and a waste of judicial resources.

The commonality requirement will be satisfied if the named
plaintiffs share at least one question of fact or law with the

7

grievances of the prospective class. *Weiss v. York Hosp*., 745 F.2d 786, 808-09 (3d Cir. 1984), *cert. denied*, 470 U.S. 1060 (1985). Here, the claims of the plaintiff class are much the same regardless of whether they are assigned to either the maximum/medium section of EMCFW or the minimum custody section of the facility. Only the Stowe unit has been spared the infliction of the male inmates but this could change at any time. Moreover, inmates assigned to the Stowe unit often enter the South Hall and North Hall units for school, groups, and recreation activities and are then exposed to the male inmates. There are male alleged transsexual inmates assigned to housing units in the minimum custody section of the facility ("Grounds") as well and the women housed therein are exposed to the same danger.

The typicality inquiry is intended to assess whether the action can be efficiently maintained as a class and whether the named plaintiffs have incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented. *Weiss*, supra, 745 F.2d at 810. The typicality criterion is intended to preclude certification of those cases where the legal theories of the named plaintiffs potentially conflict with those of the absentees by requiring that the common claims are comparably central to the claims of the named plaintiffs as to the claims of the absentees. *Ibid.* Typicality "entails an inquiry whether the named plaintiff's individual circumstances are markedly different

or . . . the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based." *Hassine v. Jeffes*, 846 F.2d 169, 177 (CA3 1988). But "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory." *Hoxworth v. Blinder, Robinson & Co.,* 980 F.2d 912, 923 (CA3 1992).

Questions of law and fact here are common to all female inmates at EMCFW because all are exposed to the conditions described in the complaint. The pre-operative transsexual inmates are not confined only to the maximum/medium custody section of EMCFW; some have been and will be housed in the minimum custody section of the prison. The number of male inmates will only grow as more and transferred to EMCFW. The complaints of the named plaintiffs are typical of the complaints of all class members because all female inmates at EMCFW are exposed to the same conditions and dangers. The danger to female inmates posed by the male inmates has occurred in both sections of the correctional facility. Sexual activity and violent assaults perpetrated by the male inmates against each other and against the women at EMCFW have occurred and will certainly continue. The presence of the male inmates affects all class members roughly in the same manner as described in the complaint. Although different class members may have suffered slightly different torts at

the hands of the defendants, in a broad sense, the claim of danger to
the women for reasons pleaded in the complaint is largely common to
and typical of the entire class.

Finally, as to adequacy of representation, "'adequate represent-
ation depends on two factors: (a) the plaintiff's attorney must be
qualified, experienced, and generally able to conduct the proposed
litigation, and (b) the plaintiff must not have interests
antagonistic to those of the class.'" *Wetzel v. Liberty Mutual Ins.*
*Co.*, 508 F.2d 239, 247 (3d Cir.), *cert. denied*, 421 U.S. 1011 (1975).
The adequacy inquiry "serves to uncover conflicts of interest
between named parties and the class they seek to represent." *Amchem*
*Products, Inc. v. Windsor*, supra, 521 U.S. at 625, 117 S. Ct. 2231
(1997). It "assures that the named plaintiffs' claims are not
antagonistic to the class and that the attorneys for the class
representatives are experienced and qualified to prosecute the claims
on behalf of the entire class." *Baby Neal*, supra, 43 F.3d at 55.

Here, the named plaintiffs will fairly and adequately protect
the interests of the class because, under Fed.R.Civ.P. 23(g)(1),
"Unless a statute provides otherwise, a court that certifies a class
must appoint class counsel." Plaintiffs request that this provision
be invoked here. Since counsel should be assigned to represent the
plaintiffs and class members, it is to be expected that counsel will
adequately protect the interests of all class members. Moreover, the
interests of the named plaintiffs are certainly not antagonistic to

those of the class.  All have much the same interest – that of being free from the infliction of the danger presented by the male inmates at EMCFW.

In *Hassine v. Jeffes*, 846 F.2d 169 (3d Cir. 1988), the court ruled that a district court erred in failing to certify a class of prisoners that alleged that they were all constitutionally injured by the conditions at their facility. The Court reasoned that, with regard to typicality and commonality, Rule 23 does not require that the representative plaintiff[s] have endured precisely the same injuries that have been sustained by the class members, only that the harm complained of be common to the class, and that the named plaintiff[s]demonstrate a personal interest or "threat of injury . . . that is 'real and immediate,' not 'conjectural' or 'hypothetical.'"*Id.* at 177 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974)).  Those conditions are satisfied by the plaintiffs at EMCFW.  Some have actually suffered harm; harm is imminent and foreseeable for others.

In addition to those general prerequisites, the class applicant must also satisfy the requirements of one of the three alternative types of class actions described in *Rule* 4:32-1(b). *Iliadis, supra,* 191 N.J. at 106.  Plaintiffs cite *Rule* 4:32-1(b)(3), which requires that: "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available

methods for the fair and efficient adjudication of the controversy.

In addition, the court must consider:

(A) the interest of members of the class in individually controlling the
prosecution or defense of separate actions;
(B) the extent and nature of any litigation concerning the controversy
already commenced by or against members of the class;
(C) the desirability or undesirability in concentrating the litigation of
{171 A.3d 634} the claims in the particular forum; and
(D) the difficulties likely to be encountered in the management of a
class action. *Dugan v. TGI Fridays, Inc.*, 231 N.J. 24, 47-48 (2017).

To determine predominance under *Rule* 4:32-1(b)(3), the court

decides "whether the proposed class is 'sufficiently cohesive to

warrant adjudication by representation.'" *Iliadis, supra*, 191 N.J. at

108. In determining whether a class representative has established

predominance, a court should conduct a "pragmatic assessment" of

various factors. *Iliadis, supra*, 191 N.J. at 108.

*Rule* 4:32-1(b)(3) does not demand a showing "that there is an

'absence of individual issues or that the common issues dispose of

the entire dispute,' or 'that all issues [are] identical among

class members or that each class member [is] affected in precisely

the same manner.'" *Lee v. Carter Reed Co.,* 203 N.J. 496, 520 (2010).

(alterations in original) (quoting *Iliadis, supra*, 191 N.J. at 108-

09. Nor must a plaintiff demonstrate that the number of common

issues exceeds the number of individual issues. *Varacallo v. Mass.*

*Mut. Life Ins. Co.*, 332 N.J. Super. 31, 45 (A.D. 2000).

The predominance factor, however, is "far more demanding" than

*Rule* 4:32-1(a)(2)'s requirement that there be questions of law or

fact common to the class." *Castro v. NYT Television*, 384 N.J. Super. 601, 608, (App. Div. 2006). As the Court observed in *Lee v. Carter-Reed Co.*, 203 N.J. 496, 519-520 (2010), the predominance requirement mandates "a qualitative assessment of the common and individual questions rather than a mere mathematical quantification of whether there are more of one than the other." (citing *Iliadis, supra*, 191 N.J. at 108). As the Court has observed, "the answer to the issue of predominance is found . . . in a close analysis of the facts and law." *Iliadis, supra*, 191 N.J. at 109, 922 A.2d 710 (alteration in original).

A class action plaintiff must also demonstrate that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *R.* 4:32-1(b)(3). The class-action precepts of predominance, superiority, and manageability must be applied to the causes of action pled by plaintiff(s). *Lee v. Carter-Reed Co.*, supra, 203 N.J. at 521.

As present in the instant litigation, it seems obvious that the questions of law and fact common to the class predominate over questions affecting only individual members. The complaint alleges numerous instances affecting multiple class members of verbal and sexual harassment, threats, sexual activity, and even violent behavior by the male alleged transgender inmates toward female inmates. Count Nine in the complaint involves conduct by two defendants directed toward named plaintiffs that are particularly

13

egregious, but these are only part of the vast sea of complaints common to the plaintiff class and are pleaded independently (but bear some relationship to) of the claims from the entire class.  A class action is also the most feasible way, and preserves judicial economy in this case.  Rather than litigate dozens, perhaps hundreds of individual lawsuits, the court can adjudicate both the named plaintiffs' and the class members' claims.

The federal rule is similar.  Under Rule 23(b)(3), the court may grant class certification if, in addition to the four conditions of Rule 23(a),

> "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

Also, under Rule 23(b)(2), class certification may occur if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  *Baby Neal v. Casey,* supra, 43 F.3d 48, 58 (CA3 1994).

Under Rule 23(b), plaintiffs here seek certification pursuant to Rule 23(b)(2), which is appropriate when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

14

In *Weiss v. York Hospital,* supra, the Third Circuit stated that
"this requirement is almost automatically satisfied in actions
primarily seeking injunctive relief." 745 F.2d at 811. The language
of Rule 23(b)(2) does not even require that the defendant's conduct
be directed or damaging to every member of the class. *Baby Neal v.
Casey,* 43 F.3d at 58. It is the (b)(2) class which serves most
frequently as the vehicle for civil rights actions and other
institutional reform cases that receive class action treatment. In
fact, the injunctive class provision was "designed specifically for
civil rights cases seeking broad declaratory or injunctive relief for
a numerous and often unascertainable or amorphous class of persons."
*Ibid*. Plaintiffs are seeking injunctive relief (or a consent decree)
in this case so they clearly qualify under Rule 23(b)(2). "What is
important is that the relief sought by the named plaintiffs should
benefit the entire class." *Baby Neal v. Casey, 43 F.3d at 59.* All the
women at EMCFW will be safer and will benefit from the removal of the
male alleged transsexual inmates from EMCFW.

In addition, or alternatively, plaintiffs seek certification
pursuant to subpart (b)(3), because the questions of law or fact
common to class members predominate over any questions affecting only
individual members, and a class action is superior to the litigation
of dozens (hundreds?) of individual lawsuits. Under Rule 23(b)(3),
"questions of law or fact common to class members must predominate
over any questions affecting only individual members.  This inquiry

15

tests whether proposed classes are sufficiently cohesive to warrant
adjudication by representation." *In re Modafinil Antitrust
Litigation*, supra, 837 F.3d at 260. Many class members have been
harmed by the presence of the male inmates at EMCFW; more will be in
the future. The questions common to the class members predominate
over questions that affect individual class members.

Overall, there seems to be little doubt that the plaintiffs can
meet the requirements under Rule 23 for class action certification.

### B. Joinder of Claims

When it comes to joinder of claims, under Rule 20, Fed.R.Civ.P.,
Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the
alternative with respect to or arising out of the same transaction,
occurrence, or series of transactions or occurrences; and
(B) any question of law or fact common to all plaintiffs will
arise in the action.

In this case, the named plaintiffs are asserting a right to
relief with respect to or arising out of the same transaction,
occurrence or series of transactions and occurrences. The series of
transactions are the defendants' actions in moving male alleged
transsexual inmates to EMCFW when those inmates had been housed in
male prisons for decades without apparent harm to them. In addition,
questions of law and fact common to all plaintiffs will arise in this

16

action because all female inmates at EMCFW are subjected to the same conditions.

Plaintiffs point to *Hagan v. Rogers,* 570 F.3d 146 (CA3 2009), where the Third Circuit Court of Appeals recognized that "for courts applying Fed. R. Civ. P. 20 and related rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; ***joinder of claims, parties and remedies is strongly encouraged.***, and also that "Fed. R. Civ. P. 20 permits the joinder of a person who has some interest in an action, even when that interest is not so strong as to require his joinder under Fed. R. Civ. P. 19." (emphasis added).

The Third Circuit also held in *Hagan v. Rogers* that the Prison Litigation Reform Act (PLRA) did not repeal Rule 20 joinder as to [IFP] prisoner litigants. Nothing in the PLRA speaks with sufficient clarity or creates an irreconcilable conflict, and the statute cannot be deemed to exclude IFP prisoner litigants from Rule 20 joinder as a matter of law. 570 F.3d at 157. Thus, this Court should grant joinder in this case.

In New Jersey law, Court Rule 4:29-1(a), "All persons may join in one action as plaintiffs or be joined as defendants jointly, severally, in the alternative, or otherwise, if the right to relief asserted by the plaintiffs or against the defendants arises out of or in respect of the same transaction, occurrence, or series of transactions or occurrences and involves any question of law or fact

17

common to all of them." Clearly, the plaintiffs and class members

have similar claims which exceed the allegations of Count Nine of the

Amended Complaint. There exists no reason at law to deny joinder of

claims, particularly when the alternative – the litigation of dozens

or hundreds of individual claims – is decidedly wasteful of judicial

economy and resources. As a matter of course, joinder of claims

should be granted.

### C. Assignment of Counsel

As pointed out above, under Rule under Fed.R.Civ.P. 23(g)(1),

Unless a statute provides otherwise, a court that certifies a class

must appoint class counsel. Among the factors the Court **must** consider

are:

**(i)** the work counsel has done in identifying or investigating
potential claims in the action;
**(ii)** counsel's experience in handling class actions, other
complex litigation, and the types of claims asserted in the action;
**(iii)** counsel's knowledge of the applicable law; and
**(iv)** the resources that counsel will commit to representing the
class

In addition, the Court **may:**

**(B)** consider any other matter pertinent to counsel's ability to
fairly and adequately represent the interests of the class;
**(C)** order potential class counsel to provide information on any
subject pertinent to the appointment and to propose terms for
attorneys fees and nontaxable costs;
**(D)** include in the appointing order provisions about the award of
attorneys fees or nontaxable costs under Rule 23(h); and
**(E)** make further orders in connection with the appointment.

Here, there appears to be no other statute of law which

prohibits assignment of counsel. The district court already has

18

inherent authority under Title 28 U.S.C. Section 1915(e)(1) and Rule 23(g) is mandatory; it uses the word "must" rather than "may" when it comes to assignment of counsel. Nor does it require that the parties be granted *in forma pauperis* status before this role can be invoked. Merely because an inmate can scrape up the money to pay the filing fee does not disqualify a party from the benefit of Rule 23(g)(1). Hence, this Court should assign counsel to represent the class.

Under our own Rules of Court, Rule 4:32-2(g)(1), "(A) Unless a statute provides otherwise, a court that certifies a class *must appoint class counsel.* (emphasis added). Under Rule 4:32-2(g)(1)(B), an attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class…(C) in appointing class counsel, the court must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (iii) counsel's knowledge of the applicable law, and (iv) the resources counsel will commit to representing the class. The same reasons relevant under the Federal Rules of Civil Procedure apply equally to state law class action litigation. Plaintiffs submit that assignment of counsel to represent the class is automatic if class certification is granted. There is no other law which prohibits assignment of counsel in this litigation and the remaining conditions are at the court's determination, not incumbent upon the movant to satisfy. For

these reasons, the court should assign counsel to represent the
plaintiffs.

### SUMMARY AND CONCLUSION

The decision to certify a class calls for findings by the
court, not merely a 'threshold showing' by a party, that each
requirement of Rule 23 is met," and that "factual determinations
supporting Rule 23 findings must be made by a preponderance of the
evidence." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305,
307 (3d Cir. 2008). In addition, a court "must resolve all factual or
legal disputes relevant to class certification, even if they overlap
with the merits including disputes touching on elements of the cause
of action." *Id.* Class certification will thus be "proper only 'if the
trial court, is satisfied, after a rigorous analysis, that the
prerequisites' of Rule 23 are met." *Id.* (quoting *Gen. Tel. Co. of
Southwest v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, (1982)).

In this case, the plaintiffs meet the criteria for relief under
Rule 20, and Rule 23.  Hence, this Court should grant joinder of
claims, class certification, and assign counsel to represent the
plaintiffs.

Dated: 7/20/21 ___ , 2021

Jennifer Pasquariello, *Pro Se*

Michelle Angelina, Pro Se

20

Jennifer Pasquarello, Pro Se Plaintiff
Michelle Angalina, Pro Se Plaintiff
Edna Mahan Correctional Facility
30 County Rt. 513
Clinton, N.J., 08809

---------------------------------------------------

| | | |
|---|---|---|
| JENNIFER PASQUARELLO, | : | SUPERIOR COURT OF NEW JERSEY |
| MICHELLE ANGALINA, | : | LAW DIVISION – CIVIL |
| On Behalf of Themselves and All | : | HUNTERDON COUNTY |
| Other Similarly Situated Women, | : | DOCKET NUMBER: HNT-L-000273-21 |
| Pro Se PLAINTIFFS | : | |
| | : | |
| vs. | : | |
| | : | |
| PHIL MURPHY, MARCUS HICKS/ | : | |
| Ms. KUHN, AL KANDELL, | : | **ORDER** |
| PATRICIA McGILL, DEMETRIUS | : | |
| MINOR, CARLOS MARTINEZ, | : | |
| DEFENDANTS | : | |

        THIS MOTION HAVING BEEN BROUGHT BEFORE THE COURT by the *pro se*
Plaintiffs, Jennifer Pasquarello and Michelle Angalina, for Joinder of
Claims, Class Certification and Assignment of Counsel; and with the Court
having considered all arguments and evidence for and against; and with Good
Cause appearing:

                                        do not write below this  line
--------------------------------------------------------------------
        It is ORDERED and ADJUDGED on this _____day of _____,
20____, that the Motion of the Plaintiffs is hereby [  ] GRANTED [  ] DENIED
in the following respects:

_____

_____

_____


                                /s/ _____
                                                        U.S.D.J.


( ⋯ ) Motion Opposed
(   )  Motion Unopposed

**EXHIBIT D**



# Office of the Mercer County Sheriff
## Sheriff's Return of Service



**JOHN A. KEMLER**
**SHERIFF**

MERCER COUNTY CIVIL COURT HOUSE
175 SOUTH BROAD STREET
P.O. Box 8068
TRENTON, NEW JERSEY 08650-0068
TELEPHONE: (609) 989-7666/6369
FAX: (609) 278-8041

**21002879**

**UNDERSHERIFFS**
PEDRO MEDINA
JASON SALVATORE
ROBERT JAMES

**ASSISTANT TO THE SHERIFF**
CATHLEEN G. GARTON

**CHIEF SHERIFF'S OFFICER**
CHRISTOPHER KENYON

**CHIEF WARRANT OFFICER**
BRIAN D. AMANTIA

| | |
|---|---|
| PLAINTIFF | JENNIFER PASQUARELLO & MICHELLE ANGELINA |
| DEFENDANT | GOVERNOR PHIL MURPHY, MARCUS HICKS/MS. KUHN, COMMISSIONER, N.J.D.O.C., AL KANDELL, ASSISTANT COMMISSIONER, N.J.D.O.C. PATRICIA MCGILL, ADMINISTRATOR, E.M.C.F.W., DEMETRIUS MINOR, A/K/A 'DEMI' CARLOS MARTINEZ, A/K/A "ROYAL ESSENCE" |

| | |
|---|---|
| COUNTY: | HUNTERDON |
| DOCKET # | L-000273-21 |

I SERVED THE FOLLOWING PAPERS: **SUMMONS & COMPLAINT** ON THE WITHIN-NAMED DEFENDANT IN MERCER COUNTY, NEW JERSEY

| SERVICE NAME | SERVED | NOT SERVED DATE/TIME | DATE | T I M E | ADDRESS | SERVICE INFO |
|---|---|---|---|---|---|---|
| MARCUS HICKS, COMMISSIONER, NJ DEPARTMENT OF CORRECTIONS | C | | 9-15-21 | 1045 | NJ DEPARTMENT OF CORRECTIONS WHITTLESEY ROAD TRENTON, NJ 08625 | Karen Burke Legal |

STATE OF NEW JERSEY
COUNTY OF MERCER
I, JOHN A. KEMLER, SHERIFF,
of said County do hereby
deputize and appoint

*Rich Saunski*

to be my deputy, to execute and
return the writ according to law.

Witness my hand and seal this

_____ **15** ____ day of __*September*__

A.D. 2021.

*DEPUTY CLERK*
*CIVIL DIVISION*

*2021 SEP 29 P 12: 43*

***JOHN A. KEMLER***
Sheriff (L.S.)

Sheriff's Fee $0.00

|   | |
|---|---|
| * | Type of Service |
| A | Personal Service |
| B | Household member over the age of 14 years, at usual place of abode |
| C | Served person authorized to accept service/Managing agent |
| D | Unable to locate, unknown at address given |
| E | Address Out of County |
| F | Avoiding service, made many attempts |
| G | Affixed |
| H | Certified Mail |
| I | Other |

_____
_____
_____
_____

JOHN A. KEMLER, SHERIFF, by

*Rich Saunski*
Special Deputy

Attorney(s): Jennifer Pasquarello, *Pro Se* Plaintiff
_____ Michelle Angelina, Pro Se Plaintiff
Office Address __Edna Mahan Correctional Facility
__30 County Route 513_____
Town, State, Zip Code Clinton, N.J., 08809____
Telephone Number _____(908) 735-7111_____
Attorney(s) for Plaintiff(s) ___Pro Se_____

**SUPERIOR COURT OF
NEW JERSEY**

HUNTERDON_____ COUNTY
LAW_____ DIVISION
Docket No: _HNT-L-000273-21_____

JENNIFER PASQUARELLO and MICHELLE ANGELINA
        Plaintiff(s)

            vs.

**CIVIL ACTION
SUMMONS**

GOVERNOR PHIL MURPHY, MARCUS HICKS/
MS. KUHN, Commissioner, N.J.D.O.C.,
AL KANDELL, Assistant Commissioner, N.J.D.O.C.
PATRICIA McGILL, Administrator, E.M.C.F.W.,
DEMETRIUS MINOR, a/k/a "Demi,"
CARLOS MARTINEZ, a/k/a "Royal Essence"

        Defendant(s)

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you receive this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, N.J., 08625. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff(s), if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-579-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

                                    _____Michelle M. Smith_____
                                    Clerk of the Superior Court

DATED: __August 1,___, 2021

Name of Defendant to be Served: ___Marcus Hicks/Victoria Kuhn, Commissioner, N.J. Dept. of Corrections_____
Address of Defendant to be Served: _N.J. Department of Corrections, Whittlesey Rd., P.O. Box 863, Trenton, N.J., 08625
Note: The Case Information Statement is available at www.njcourts.com.

# Office of the Mercer County Sheriff
## Sheriff's Return of Service



**JOHN A. KEMLER**
**SHERIFF**



MERCER COUNTY CIVIL COURT HOUSE
175 SOUTH BROAD STREET
P.O. Box 8068
TRENTON, NEW JERSEY 08650-0068
TELEPHONE: (609) 989-7666/6369
FAX: (609) 278-8041

**21002879**

**UNDERSHERIFFS**
PEDRO MEDINA
JESSICA PLUMERI
JASON SALVATORE

**ASSISTANT TO THE SHERIFF**
CATHLEEN G. GARTON

**CHIEF SHERIFF'S OFFICER**
CHRISTOPHER KENYON

**CHIEF WARRANT OFFICER**
BRIAN D. AMANTIA

| | |
|---|---|
| PLAINTIFF | JENNIFER PASQUARELLO & MICHELLE ANGELINA |
| DEFENDANT | GOVERNOR PHIL MURPHY, MARCUS HICKS/MS. KUHN, COMMISSIONER, N.J.D.O.C., AL KANDELL, ASSISTANT COMMISSIONER, N.J.D.O.C. PATRICIA MCGILL, ADMINISTRATOR, E.M.C.F.W., DEMETRIUS MINOR, A/K/A 'DEMI' CARLOS MARTINEZ, A/K/A "ROYAL ESSENCE" |

COUNTY: HUNTERDON

DOCKET # L-000273-21

I SERVED THE FOLLOWING PAPERS: **SUMMONS & COMPLAINT** ON THE WITHIN-NAMED DEFENDANT IN MERCER COUNTY, NEW JERSEY

| SERVICE NAME | SERVED | NOT SERVED DATE/TIME | DATE | T I M E | ADDRESS | SERVICE INFO |
|---|---|---|---|---|---|---|
| AL KANDELL, ASSISTANT COMMISSIONER, NJ DEPARTMENT OF CORRECTIONS | C | | 9-15-21 | 1046 | NJ DEPARTMENT OF CORRECTIONS WHITTLESEY ROAD TRENTON, NJ 08625 | |

STATE OF NEW JERSEY
COUNTY OF MERCER
I, JOHN A. KEMLER, SHERIFF,
of said County do hereby
deputize and appoint

*Rich Sawrski*

to be my deputy, to execute and
return the writ according to law.

Witness my hand and seal this

___15___ day of ___September___
A.D. 2018.

DEPUTY CLERK
CIVIL DIVISION

2021 SEP 29 P 12:43

**JOHN A. KEMLER**
Sheriff (L.S.)

Sheriff's Fee  $0.00

| * | Type of Service |
|---|---|
| A | Personal Service |
| B | Household member over the age of 14 years, at usual place of abode |
| C | Served person authorized to accept service/Managing agent |
| D | Unable to locate, unknown at address given |
| E | Address Out of County |
| F | Avoiding service, made many attempts |
| G | Affixed |
| H | Certified Mail |
| I | Other |

_____

_____

_____

JOHN A. KEMLER, SHERIFF, by

*Rich Sawres*

Special Deputy

Attorney(s): Jennifer Pasquarello, *Pro Se* Plaintiff
      Michelle Angelina, Pro Se Plaintiff
Office Address   Edna Mahan Correctional Facility
   30 County Route 513
Town, State, Zip Code Clinton, N.J., 08809
Telephone Number     (908) 735-7111
Attorney(s) for Plaintiff(s)   Pro Se

**SUPERIOR COURT OF
NEW JERSEY**

HUNTERDON     COUNTY
LAW     DIVISION
Docket No:  HNT-L-000273-21

JENNIFER PASQUARELLO and MICHELLE ANGELINA
   Plaintiff(s)

     vs.

GOVERNOR PHIL MURPHY, MARCUS HICKS/
MS. KUHN, Commissioner, N.J.D.O.C.,
AL KANDELL, Assistant Commissioner, N.J.D.O.C.
PATRICIA McGILL, Administrator, E.M.C.F.W.,
DEMETRIUS MINOR, a/k/a "Demi,"
CARLOS MARTINEZ, a/k/a "Royal Essence"

**CIVIL ACTION
SUMMONS**

     Defendant(s)

From The State of New Jersey To The Defendant(s) Named Above:

     The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you receive this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, N.J., 08625. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff(s), if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

     If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

     If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-579-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

                          Michelle M. Smith
                          Clerk of the Superior Court

DATED:   August 1,   , 2021

Name of Defendant to be Served:    Al Kandell, Assistant Commissioner, N.J. Department of Corrections
Address of Defendant to be Served:  Edna Mahan Correct. Facility, 30 County Rt. 513, Clinton, N.J., 08809 or
                N.J. Department of Corrections, Whittlesey Rd., P.O. Box 863, Trenton, N.J., 08625

Note: The Case Information Statement is available at www.njcourts.com.

# Office of the Mercer County Sheriff
## Sheriff's Return of Service





**21002879**

**JOHN A. KEMLER**
**SHERIFF**

MERCER COUNTY CIVIL COURT HOUSE
175 SOUTH BROAD STREET
P.O. Box 8068
TRENTON, NEW JERSEY 08650-0068
TELEPHONE: (609) 989-7666/6369
FAX: (609) 278-8041

**UNDERSHERIFFS**
PEDRO MEDINA
JASON SALVATORE
ROBERT JAMES

**ASSISTANT TO THE SHERIFF**
CATHLEEN G. GARTON

**CHIEF SHERIFF'S OFFICER**
CHRISTOPHER KENYON

**CHIEF WARRANT OFFICER**
BRIAN D. AMANTIA

| | |
|---|---|
| PLAINTIFF | JENNIFER PASQUARELLO & MICHELLE ANGELINA |
| DEFENDANT | GOVERNOR PHIL MURPHY, MARCUS HICKS/MS. KUHN, COMMISSIONER, N.J.D.O.C., AL KANDELL, ASSISTANT COMMISSIONER, N.J.D.O.C. PATRICIA MCGILL, ADMINISTRATOR, E.M.C.F.W., DEMETRIUS MINOR, A/K/A 'DEMI' CARLOS MARTINEZ, A/K/A "ROYAL ESSENCE" |

| | |
|---|---|
| COUNTY: | HUNTERDON |
| DOCKET # | L-000273-21 |

I SERVED THE FOLLOWING PAPERS: **SUMMONS & COMPLAINT** ON THE WITHIN-NAMED DEFENDANT IN MERCER COUNTY, NEW JERSEY

| SERVICE NAME | SERVED | NOT SERVED DATE/TIME | DATE | T I M E | ADDRESS | SERVICE INFO |
|---|---|---|---|---|---|---|
| VICTORIA KUHN, COMMISSIONER, NJ DEPARTMENT OF CORRECTIONS | C | | 9-15-21 | 10 45 | NJ DEPARTMENT OF CORRECTIONS WHITTLESEY ROAD TRENTON, NJ 08625 | Kaaon Burke coya |

STATE OF NEW JERSEY
COUNTY OF MERCER
I, JOHN A. KEMLER, SHERIFF,
of said County do hereby
deputize and appoint

_Rich Samonski_

to be my deputy, to execute and
return the writ according to law.

Witness my hand and seal this

_15_ day of _September_
A.D. 2021.

**JOHN A. KEMLER**
Sheriff (L.S.)

Sheriff's Fee  $0.00

\*    Type of Service
A    Personal Service
B    Household member over the age of 14 years, at usual place of abode
Ⓒ    Served person authorized to accept service/Managing agent
D    Unable to locate, unknown at address given
E    Address Out of County
F    Avoiding service, made many attempts
G    Affixed
H    Certified Mail
I    Other

JOHN A. KEMLER, SHERIFF, by

_Rich Samonski_
Special Deputy

STATE DIVISION
DEPUTY CLERK
2021 SEP 29 P 12: 43
HUNTERDON VICINAGE

Attorney(s): Jennifer Pasquarello, *Pro Se* Plaintiff

        Michelle Angelina, Pro Se Plaintiff

Office Address   Edna Mahan Correctional Facility

   30 County Route 513

Town, State, Zip Code Clinton, N.J., 08809

Telephone Number     (908) 735-7111

Attorney(s) for Plaintiff(s)   Pro Se

**SUPERIOR COURT OF
NEW JERSEY**

HUNTERDON     COUNTY

LAW        DIVISION

Docket No:  HNT-L-000273-21

JENNIFER PASQUARELLO and MICHELLE ANGELINA
    Plaintiff(s)

      vs.

GOVERNOR PHIL MURPHY, MARCUS HICKS/
MS. KUHN, Commissioner, N.J.D.O.C.,
AL KANDELL, Assistant Commissioner, N.J.D.O.C.
PATRICIA McGILL, Administrator, E.M.C.F.W.,
DEMETRIUS MINOR, a/k/a "Demi,"
CARLOS MARTINEZ, a/k/a "Royal Essence"

**CIVIL ACTION
SUMMONS**

    Defendant(s)

From The State of New Jersey To The Defendant(s) Named Above:

      The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you receive this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, N.J., 08625. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff(s), if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

      If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

      If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-579-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

                                Michelle M. Smith
                                Clerk of the Superior Court

DATED:   August 1,   , 2021

Name of Defendant to be Served:   Marcus Hicks/Victoria Kuhn, Commissioner, N.J. Dept. of Corrections

Address of Defendant to be Served:  N.J. Department of Corrections, Whittlesey Rd., P.O. Box 863, Trenton, N.J., 08625

Note: The Case Information Statement is available at www.njcourts.com.

# Hunterdon County Sheriff's Office
## PROOF OF PROCESS SERVICE

Service #  1 of 1 Services

Docket #  HNT-L-000273-21

Sheriff's # 21000161

**Plaintiff**  JENNIFER PASQUARELLO AND MICHELLE ANGELINA

**Defendant**  GOVERNOR PHIL MURPHY, MARCUS HICKS/MS. KUHN, COMMISSIONER, N.J.D.O.C., AL KANDELL, ASSISTANT COMMISSIONER, N.J.D.O.C., PATRICIA MCGILL, ADMINISTRATOR, E.M.C.F.W., DEMETRIUS MINOR, A/K/A "DEMI", CARLOS MARTINEZ, A/K/A "ROYAL ESSENCE"

SUMMONS & COMPLAINT
HUNTERDON COUNTY SUPERIOR COURT
LAW DIVISION
Hunterdon County

**Papers Served**
ORDER WAIVING FILING FEES, SUMMONS, VERIFIED AMENDED COMPLAINT, VERIFICATION, CERTIFICATION OF NO OTHER ACTIONS

Person/Corporation to Serve
**PATRICIA MCGILL, ADMINISTRATOR, EMCF**
30 COUNTY ROAD 513
UNION TWP, NJ 08809

I, FREDERICK W. BROWN, SHERIFF OF HUNTERDON COUNTY DO HEREBY DEPUTIZE AND APPOINT JASON SNYDER, A DULY SWORN OFFICER, TO EXECUTE AND RETURN THE DOCUMENTS ACCORDING TO LAW.
WITNESS BY HAND AND SEAL

Frederick W. Brown
Hunterdon County Sheriff

Date of Action 8/18/2021

Time of Action 10:30 AM

Person/Corporation Served PATRICIA MCGILL, ADMINISTRATOR, EMCF

30 COUNTY ROAD 513, UNION TWP, NJ 08809

Comments/Notes:

Delivered To: SAMUEL W. WINSLOW, JR. Relationship: EXECUTIVE ASSISTANT 2

Attempts

Type of Service: ALTERNATIVE

I, JASON SNYDER, WAS ABLE TO SERVE THE WITHIN DOCUMENTS AND/OR A TRUE COPY THEREOF.

S/O JASON SNYDER

JENNIFER PASQUARELLO, SBI#558119E
30 COUNTY ROAD 513
POB 4004
UNION TWP, NJ 08809

Sheriff Fees          $28.80

Attorney(s): <u>Jennifer Pasquarello, *Pro Se* Plaintiff</u>
<u>Michelle Angelina, Pro Se Plaintiff</u>
Office Address <u>Edna Mahan Correctional Facility</u>
<u>30 County Route 513</u>
Town, State, Zip Code <u>Clinton, N.J., 08809</u>
Telephone Number <u>(908) 735-7111</u>
Attorney(s) for Plaintiff(s) <u>Pro Se</u>

**SUPERIOR COURT OF**
**NEW JERSEY**

<u>HUNTERDON</u> COUNTY
<u>LAW</u> DIVISION
Docket No: <u>HNT-L-000273-21</u>

---

JENNIFER PASQUARELLO and MICHELLE ANGELINA
    Plaintiff(s)

        vs.

GOVERNOR PHIL MURPHY, MARCUS HICKS/
MS. KUHN, Commissioner, N.J.D.O.C.,
AL KANDELL, Assistant Commissioner, N.J.D.O.C.
PATRICIA McGILL, Administrator, E.M.C.F.W.,
DEMETRIUS MINOR, a/k/a "Demi,"
CARLOS MARTINEZ, a/k/a "Royal Essence"

    Defendant(s)

**CIVIL ACTION**
**SUMMONS**

RECEIVED SHERIFF'S OFFICE
HUNTERDON COUNTY
FLEMINGTON, N.J.
2021 AUG 16 A 11: 2?

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you receive this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, N.J., 08625. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff(s), if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-579-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

<u>    Michelle M. Smith    </u>
Clerk of the Superior Court

DATED: <u>  August 1,  </u>, 2021

Name of Defendant to be Served: <u>  Patricia McGill, Administrator, EMCF  </u>
Address of Defendant to be Served: <u> Edna Mahan Correct. Facility, 30 County Rt. 513, Clinton, N.J., 08809  </u>
Note: The Case Information Statement is available at www.njcourts.com.

# Office of the Mercer County Sheriff
## Sheriff's Return of Service



**JOHN A. KEMLER**
**SHERIFF**



MERCER COUNTY CIVIL COURT HOUSE
175 SOUTH BROAD STREET
P.O. Box 8068
TRENTON, NEW JERSEY 08650-0068
TELEPHONE: (609) 989-7666/6369
FAX: (609) 278-8041

**21002879**

UNDERSHERIFFS
PEDRO MEDINA
JASON SALVATORE
ROBERT JAMES

ASSISTANT TO THE SHERIFF
CATHLEEN G. GARTON

CHIEF SHERIFF'S OFFICER
CHRISTOPHER KENYON

CHIEF WARRANT OFFICER
BRIAN D. AMANTIA

| | |
|---|---|
| PLAINTIFF | JENNIFER PASQUARELLO & MICHELLE ANGELINA |
| DEFENDANT | GOVERNOR PHIL MURPHY, MARCUS HICKS/MS. KUHN, COMMISSIONER, N.J.D.O.C., AL KANDELL, ASSISTANT COMMISSIONER, N.J.D.O.C. PATRICIA MCGILL, ADMINISTRATOR, E.M.C.F.W., DEMETRIUS MINOR, A/K/A 'DEMI' CARLOS MARTINEZ, A/K/A "ROYAL ESSENCE" |

COUNTY: HUNTERDON

DOCKET # L-000273-21

I SERVED THE FOLLOWING PAPERS: **SUMMONS & COMPLAINT** ON THE WITHIN-NAMED DEFENDANT IN MERCER COUNTY, NEW JERSEY

| SERVICE NAME | SERVED | NOT SERVED DATE/TIME | DATE | T I M E | ADDRESS | SERVICE INFO |
|---|---|---|---|---|---|---|
| GOVERNOR PHIL MURPHY | C | | 9/15/21 | 1109 | 225 W. STATE STREET 3RD FLOOR TRENTON, NJ 08625 | MARYANN OBORIN |

STATE OF NEW JERSEY
COUNTY OF MERCER
I, JOHN A. KEMLER, SHERIFF
of said County do hereby
deputize and appoint

*Rich Garski*

to be my deputy, to execute and
return the writ according to law.

Witness my hand and seal this

___15___ day of ___September___
A.D. 2021.

| | Type of Service |
|---|---|
| * | |
| A | Personal Service |
| B | Household member over the age of 14 years, at usual place of abode |
| C | Served person authorized to accept service/Managing agent |
| D | Unable to locate, unknown at address given |
| E | Address Out of County |
| F | Avoiding service, made many attempts |
| G | Affixed |
| H | Certified Mail |
| I | Other |

**JOHN A. KEMLER**
Sheriff (L.S.)

JOHN A. KEMLER, SHERIFF, by

*Rich Garski*
Special Deputy

Sheriff's Fee  $0.00

Attorney(s): Jennifer Pasquarello, *Pro Se* Plaintiff
    Michelle Angelina, Pro Se Plaintiff
Office Address   Edna Mahan Correctional Facility
   30 County Route 513
Town, State, Zip Code Clinton, N.J., 08809
Telephone Number     (908) 735-7111
Attorney(s) for Plaintiff(s)   Pro Se

**SUPERIOR COURT OF
NEW JERSEY**

HUNTERDON     COUNTY
LAW     DIVISION
Docket No:  HNT-L-000273-21

JENNIFER PASQUARELLO and MICHELLE ANGELINA
   Plaintiff(s)

vs.

GOVERNOR PHIL MURPHY, MARCUS HICKS/
MS. KUHN, Commissioner, N.J.D.O.C.,
AL KANDELL, Assistant Commissioner, N.J.D.O.C.
PATRICIA McGILL, Administrator, E.M.C.F.W.,
DEMETRIUS MINOR, a/k/a "Demi,"
CARLOS MARTINEZ, a/k/a "Royal Essence"

    Defendant(s)

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you receive this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, N.J., 08625. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff(s), if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-579-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

                Michelle M. Smith
            Clerk of the Superior Court

DATED:   August 1,   , 2021

Name of Defendant to be Served:   Governor Phil Murphy,
Address of Defendant to be Served:  225 West State St., Floor 3, P.O. Box 001, Trenton, N.J., 08625
Note: The Case Information Statement is available at www.njcourts.com.

# Hunterdon County Sheriff's Office
# PROOF OF PROCESS SERVICE

Service # 2 of 2 Services

Docket # HNT-L-000273-21

Plaintiff    JENNIFER PASQUARELLO AND MICHELLE ANGELINA

Sheriff's # 21000158

Defendant    CARLOS MARTINEZ, DEMETRIUS MINOR, MARCUS HICKS,
COMMISSIONER, N.J.D.O.C., PATRICIA MCGILL,
ADMINISTRATOR, E.M.C.F.W.,

SUMMONS & COMPLAINT
HUNTERDON COUNTY SUPERIOR COURT
LAW DIVISION
Hunterdon County

Papers Served
ORDER WAIVING FILING FEES,
SUMMONS, VERIFIED COMPLAINT,
VERIFICATION, CERTIFICATION OF NO
OTHER ACTIONS, JURY DEMAND, CIVIL
CASE INFORMATION STATEMENT

Person/Corporation to Serve
**CARLOS MARTINEZ, A/K/A "ROYAL ESSENCE"**
30 COUNTY ROAD 513
UNION TWP, NJ 08809

I, FREDERICK W. BROWN, SHERIFF OF HUNTERDON COUNTY DO HEREBY DEPUTIZE AND APPOINT JASON SNYDER, A DULY SWORN OFFICER, TO EXECUTE AND RETURN THE DOCUMENTS ACCORDING TO LAW.
WITNESS BY HAND AND SEAL

Frederick W. Brown
Hunterdon County Sheriff

Date of Action 8/11/2021            Person/Corporation Served CARLOS MARTINEZ, A/K/A "ROYAL ESSENCE"

Time of Action 10:00 AM             30 COUNTY ROAD 513, UNION TWP, NJ 08809

Comments/Notes:

Attempts

Type of Service: PERSONAL SERVICE

I, JASON SNYDER, WAS ABLE TO SERVE THE WITHIN DOCUMENTS AND/OR A TRUE COPY THEREOF.

S/O JASON SNYDER

JENNIFER PASQUARELLO, SBI#558110E            Sheriff Fees      $0.00
30 COUNTY ROAD 513
POB 4004
UNION TWP, NJ 08809

*I do hereby depute and appoint _____ execute the within
my special deputy, to serve and execute the within
writ.
Witness my hand this _____ Day of _____, _____

SUPERIOR COURT OF
NEW JERSEY

Attorney(s): Jennifer Pasquarello, *Pro Se* Plaintiff
_____ Michelle Angelina, Pro Se Plaintiff
Office Address  __Edna Mahan Correctional Facility__
__30 County Route 513__
Town, State, Zip Code  _Clinton, N.J., 08809_
Telephone Number  _____(908) 735-7111_____
Attorney(s) for Plaintiff(s)  __Pro Se__

SUPERIOR COURT OF
HUNTERDON    COUNTY
LAW    DIVISION
Docket No:  HNT-L-000273-21

JENNIFER PASQUARELLO and MICHELLE ANGELINA
    Plaintiff(s)
        vs.

CARLOS MARTINEZ, DEMETRIUS MINOR,
MARCUS HICKS, Commissioner, N.J.D.O.C.,
PATRICIA McGILL, Administrator, E.M.C.F.W.,

    Defendant(s)

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you receive this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, N.J., 08625. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff(s), if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-579-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

                                        _____  Michelle M. Smith  _____
                                             Clerk of the Superior Court
DATED:  __July 29___, 2021

Name of Defendant to be Served:  ___Carlos Martinez, a/k/a "Royal Essence"_____
Address of Defendant to be Served:  _Edna Mahan Correctional Facility, 30 County Rt. 513, Clinton, N.J. 08809_
Note: The Case Information Statement is available at www.njcourts.com.

# Hunterdon County Sheriff's Office
## PROOF OF PROCESS SERVICE

Service #  1 of 2 Services

Docket #  HNT-L-000273-21

Plaintiff    JENNIFER PASQUARELLO AND MICHELLE ANGELINA

Sheriff's # 21000158

Defendant   CARLOS MARTINEZ, DEMETRIUS MINOR, MARCUS HICKS,
COMMISSIONER, N.J.D.O.C., PATRICIA MCGILL,
ADMINISTRATOR, E.M.C.F.W.,

SUMMONS & COMPLAINT
HUNTERDON COUNTY SUPERIOR COURT
LAW DIVISION
Hunterdon County

Papers Served
ORDER WAIVING FILING FEES,
SUMMONS, VERIFIED COMPLAINT,
VERIFICATION, CERTIFICATION OF NO
OTHER ACTIONS, JURY DEMAND, CIVIL
CASE INFORMATION STATEMENT

Person/Corporation to Serve
**DEMETRIUS MINOR, A/K/A "DEMI"**
30 COUNTY ROAD 513
UNION TWP, NJ 08822

I, FREDERICK W. BROWN, SHERIFF OF HUNTERDON COUNTY DO HEREBY DEPUTIZE AND APPOINT JASON
SNYDER, A DULY SWORN OFFICER, TO EXECUTE AND RETURN THE DOCUMENTS ACCORDING TO LAW.
WITNESS BY HAND AND SEAL

Frederick W. Brown
Hunterdon County Sheriff

Date of Action 8/11/2021                 Person/Corporation Served DEMETRIUS MINOR, A/K/A "DEMI"

Time of Action 10:15 AM                  30 COUNTY ROAD 513, UNION TWP, NJ 08822

Comments/Notes:

Attempts

Type of Service: PERSONAL SERVICE

I, JASON SNYDER, WAS ABLE TO SERVE THE WITHIN DOCUMENTS AND/OR A TRUE COPY THEREOF.

S/O JASON SNYDER

JENNIFER PASQUARELLO, SBI#558110E                          Sheriff Fees        $0.00
30 COUNTY ROAD 513
POB 4004
UNION TWP, NJ 08809

I do hereby depute and appoint _____
my special deputy, to serve and execute the within
writ.
Witness my hand this _____ Day of _____ , _____.

SUPERIOR COURT OF NEW JERSEY

SHERIFF

Attorney(s): Jennifer Pasquarello, *Pro Se* Plaintiff
Michelle Angelina, Pro Se Plaintiff
Office Address __Edna Mahan Correctional Facility__
__30 County Route 513__
Town, State, Zip Code Clinton, N.J., 08809
Telephone Number _____ (908) 735-7111 _____
Attorney(s) for Plaintiff(s) __Pro Se__

HUNTERDON_____ COUNTY
LAW_____ DIVISION
Docket No: __HNT-L-000273-21_____

JENNIFER PASQUARELLO and MICHELLE ANGELINA
Plaintiff(s)
        vs.

CARLOS MARTINEZ, DEMETRIUS MINOR
MARCUS HICKS, Commissioner, N.J.D.O.C.,
PATRICIA McGILL, Administrator, E.M.C.F.W.,

Defendant(s)

CIVIL ACTION
SUMMONS

RECEIVED SHERIFF'S OFFICE
HUNTERDON COUNTY FLEMINGTON, N.J.
2021 AUG -9 A 11: 28

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you receive this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, N.J., 08625. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff(s), if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-579-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

_____ Michelle M. Smith _____
Clerk of the Superior Court

DATED: __July 29___ , 2021

Name of Defendant to be Served: __Demetrius Minor, a/k/a "Demi"_____
Address of Defendant to be Served: __Edna Mahan Correctional Facility, 30 County Rt. 513, Clinton, N.J. 08809__
Note: The Case Information Statement is available at www.njcourts.com.

**EXHIBIT E**

ANDREW J. BRUCK
ACTING ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625-0112
*Attorney for Defendant Patricia McGill*

By:  Eric Intriago
     Deputy Attorney General
     NJ Bar ID: 274302019
     Phone: (609) 376-3125
     eric.intriago@law.njoag.gov

     Nicholas Falcone
     Deputy Attorney General
     NJ Bar ID: 264332018
     Phone: (609) 376-2964
     Nicholas.Falcone@law.njoag.gov

| | |
|---|---|
| JENNIFER PASQUARELLO and MICHELLE ANGELINA,<br><br>    Plaintiffs,<br><br>     v.<br><br>GOVERNOR PHIL MURPHY, et al.,<br><br>    Defendants. | **SUPERIOR COURT OF NEW JERSEY CIVIL LAW DIVISION-HUNTERDON COUNTY**<br>**DOCKET NO.:  HUN-L-00273-21**<br><br>   <u>Civil Action</u><br><br>**NOTICE OF MOTION FOR AN ORDER EXTENDING TIME TO ANSWER, MOVE OR OTHERWISE RESPOND UNDER <u>RULE</u> 4:6-1 AND ADJOURNING PLAINTIFFS' MOTION TO CERTIFY A CLASS** |

PLEASE TAKE NOTICE that on October 8, 2021, the undersigned Andrew J. Bruck, Acting Attorney General of New Jersey, by Eric Intriago and Nicholas Falcone, Deputy Attorneys General as attorney for Defendant Patricia McGill shall move before this Court for an Order extending the time for Defendant McGill to answer, move, or otherwise respond to the complaint consistent with <u>Rule</u>

1

4:6-1, and adjourning Plaintiff's Motion to Certify a Class, which is presently returnable on October 8, 2021.

Moving Defendants will rely on the Certification of Counsel filed with this Motion.

It is respectfully requested that the Court rule upon the moving papers submitted, without requiring appearances or oral argument from counsel, unless opposition is filed.

A proposed form of Order is attached hereto.

ANDREW J. BRUCK
ACTING ATTORNEY GENERAL OF NEW JERSEY


By: s/*Eric Intriago*_____
Eric Intriago
Deputy Attorney General


Dated:  September 22, 2021

ANDREW J. BRUCK
ACTING ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625-0112
*Attorney for Defendant Patricia McGill*

By: Eric Intriago
    Deputy Attorney General
    NJ Bar ID: 274302019
    Phone: (609) 376-3125
    eric.intriago@law.njoag.gov

    Nicholas Falcone
    Deputy Attorney General
    NJ Bar ID: 264332018
    Phone: (609) 376-2964
    Nicholas.Falcone@law.njoag.gov

| | |
|---|---|
| JENNIFER PASQUARELLO and MICHELLE ANGELINA,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNOR PHIL MURPHY, et al,<br><br>Defendants. | **SUPERIOR COURT OF NEW JERSEY CIVIL LAW DIVISION-HUNTERDON COUNTY**<br>**DOCKET NO.:  HUN-L-00273-21**<br><br>Civil Action<br><br>**ORDER EXTENDING TIME TO ANSWER, MOVE OR OTHERWISE RESPOND UNDER RULE 4:6-1 AND ADJOURNING PLAINTIFFS' MOTION TO CERTIFY A CLASS** |

This matter having come before the court on motion of Andrew J. Bruck, Acting Attorney General of New Jersey, by Eric Intriago and Nicholas Falcone, Deputy Attorneys General, on behalf of Moving Defendants, for an Order extending the deadline for Defendant McGill to answer, move, or otherwise response to the complaint consistent with Rule 4:46-1, and adjourning Plaintiffs' Motion to

Certify a Class, and the Court having considered the arguments and submission of the parties, and for good cause shown;

IT IS on this _____ day of _____, 2021;

ORDERED that Defendant McGill's motion to extend the deadline to answer, move, or otherwise response to the complaint is GRANTED;

IT IS FURTHER ORDERED that Defendant McGill shall file the responsive pleading by October 20, 2021;

IT IS FURTHER ORDERED that Plaintiffs' Motion to Certify a Class, filed on August 5, 2021, is adjourned from October 8, 2021 until November 19, 2021.

IT IS FURTHER ORDERED that a copy of this order shall be served on all counsel with seven (7) days.


_____
Hon. Michael F. O'Neill, J.S.C.


Opposed: ____

Unopposed: ____

ANDREW J. BRUCK
ACTING ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625-0112
*Attorney for Defendant Patricia McGill*

By:  Eric Intriago
     Deputy Attorney General
     NJ Bar ID: 274302019
     Phone: (609) 376-3125
     eric.intriago@law.njoag.gov

|  |  |
|---|---|
| JENNIFER PASQUARELLO and MICHELLE ANGELINA, <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNOR PHIL MURPHY, et al., <br><br> Defendants. | **SUPERIOR COURT OF NEW JERSEY CIVIL LAW DIVISION-HUNTERDON COUNTY** <br> DOCKET NO.:  HUN-L-00273-21 <br><br> <u>Civil Action</u> <br><br> **CERTIFICATION OF COUNSEL** |

I, Eric Intriago, of full age, hereby certify as follows:

1.   I am licensed to practice law in the State of New Jersey. I am employed by the State of New Jersey Office of the Attorney General, Department of Law and Public Safety as a Deputy Attorney General. I am assigned to the State Police, Employment and Corrections Section of the Division of Law, and have been assigned to represent Defendant Patricia McGill.

2.   I submit this certification, consistent with <u>Rule</u> 4:6-1, in support of Defendant McGill's motion to extend the deadline to

1

answer, move, or otherwise respond to the Amended Complaint in this matter.

3.   Defendant McGill was served on August 18, 2021. Thus, her current deadline to file an answer, motion or other response to the Complaint is September 22, 2021.

4.   Governor Murphy, Former Commissioner Hicks, Acting Commissioner Kuhn, and Assistant Commissioner Kandell (along with Defendant McGill, "States Defendants") were served on September 15, 2021. Therefore, their deadline to file an answer, motion or other response to the Amended Complaint is October 20, 2021. In the interests of efficiency and judicial economy, Defendant McGill is seeking an extension until October 20, 2021, so that our office may answer, move or otherwise respond to the Complaint for all State Defendants at once.

5.   The Plaintiffs and the two other co-defendants in this matter are *pro se*. Plaintiffs Pasquerello and Angelina, and Defendant Minor, are currently incarcerated at Edna Mahan Correctional Facility for Women, and Defendant Martinez was recently released from prison on September 18, 2021. As a result, I am unable to readily seek or obtain their consent to the extension sought through this motion.

6.   In addition, Plaintiffs' Motion to Certify a Class, filed on August 5, 2021, prior to any Defendants being served in this

matter, is currently returnable on October 8, 2021. Because none of the Defendants have filed an answer to the Amended Complaint or otherwise appeared, we also request that the Motion to Certify be adjourned until November 19, 2021, to allow Defendants sufficient time to submit a response to the Complaint, and subsequently submit a response to Plaintiffs' motion.

7.   For these reasons, Defendant McGill respectfully requests an extension of the deadline to answer, move, or otherwise respond to the Complaint until October 20, 2021, and an adjournment of Plaintiffs' Motion to Certify a Class until November 19, 2021.

I declare under penalty of perjury that the foregoing is true and correct.

ANDREW J. BRUCK
ACTING ATTORNEY GENERAL OF NEW JERSEY


s/ *Eric Intriago*
Eric Intriago
Deputy Attorney General


Date: September 22, 2021

3

ANDREW J. BRUCK
ACTING ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625-0112
*Attorney for Defendant Patricia McGill*

By: Eric Intriago
    Deputy Attorney General
    NJ Bar ID: 274302019
    Phone: (609) 376-3125
    eric.intriago@law.njoag.gov

    Nicholas Falcone
    Deputy Attorney General
    NJ Bar ID: 264332018
    Phone: (609) 376-2964
    Nicholas.Falcone@law.njoag.gov

| | |
|---|---|
| JENNIFER PASQUARELLO and MICHELLE ANGELINA,<br><br>             Plaintiffs,<br><br>       v.<br><br>GOVERNOR PHIL MURPHY, et al,<br><br>             Defendants. | **SUPERIOR COURT OF NEW JERSEY CIVIL LAW DIVISION-HUNTERDON COUNTY**<br>DOCKET NO.:  HUN-L-00273-21<br><br>       <u>Civil Action</u><br><br>**CERTIFICATION OF SERVICE** |

I hereby certify that the Defendant's Notice of Motion To Extend Time and for an Adjournment of Plaintiffs' Motion to Certify a Class, Certification of Counsel, Proposed Order, and Certification of Service were filed electronically with this Court via eCourts, and copies have been sent via regular mail to Plaintiffs, co-Defendants, and the Clerk of Court for Hunterdon County at the following addresses:

Hon.  Michael F. O'Neill, J.S.C.
Hunterdon County Justice Center
65 Park Avenue, 3rd Floor
Flemington, NJ 08822

Jennifer Pasquarello, Pro Se
Edna Mahan Correctional Facility
30 County Road, Route 513
Clinton, NJ 08809
Plaintiff

Michelle Angelina, Pro Se
Edna Mahan Correctional Facility
30 County Road, Route 513
Clinton, NJ 08809
Plaintiff

Demetrius Minor, Pro Se
Edna Mahan Correctional Facility
30 County Road, Route 513
Clinton, NJ 08809
Defendant

Carlos Martinez, Pro Se
550 Jersey Ave
C/O DO #11
New Brunswick, NJ 08903

Carlos Martinez, Pro Se
432 Leland Ave., Apt. 1
Bronx, NY

ANDREW J. BRUCK
ACTING ATTORNEY GENERAL OF NEW JERSEY

s/ *Eric Intriago*_____
Eric Intriago
Deputy Attorney General

Date: September 22, 2021

2

**EXHIBIT F**

**SUPERIOR COURT OF NEW JERSEY - eCOURTS CIVIL LAW**

The following was filed by  on 10/08/2021 at 7:01 PM:

| | |
|---|---|
| Plaintiff Name : | MICHELLE ANGELINA, JENNIFER PASQUARELLO |
| Defendant Name: : | MARTINEZ CARLOS, PHIL MURPHY, GOVERNOR, ADMINISTRATOR EMCFW                                                , COMMISSIONER NJDOC                                                , MINOR DEMETRIUS, ASSISTANT COMMISSIONER NJDOC , COMMISSIONER NJDOC |
| Case Caption: | PASQUARELLO JENNIFER  VS CARLOS MARTINEZ *WA |
| Case Number: | HNT L 000273-21 |
| Docket Text: | Default has been entered against the following party/parties: MARTINEZ CARLOS |
| Transaction ID: | LCV20212355137 |

**Notice has been electronically mailed to:**

**Notice was not electronically mailed to:**

| | | |
|---|---|---|
| Plaintiff | MICHELLE ANGELINA | E.M.C.F # 339899C, 30 COUNTY ROAD 513, CLINTION, NJ 08809 |
| Plaintiff | JENNIFER PASQUARELLO | E.M.C.F. # 558110E, 30 COUNTY RD 513, CLINTON, NJ 08809 |
| Defendant | MARTINEZ CARLOS | NJ 00000 |
| Defendant | PHIL MURPHY, GOVERNOR | 00000 |
| Defendant | ADMINISTRATOR EMCFW | NJ 00000 |
| Defendant | COMMISSIONER NJDOC | NJ 00000 |
| Defendant | MINOR DEMETRIUS | NJ 00000 |
| Defendant | ASSISTANT COMMISSIONER NJDOC | 00000 |
| Defendant | COMMISSIONER NJDOC | 00000 |

Login to eCourts to view the Case Jacket. You will need a valid user ID (Bar ID) to view the submitted documents.

For questions, please contact the Superior Court of New Jersey Civil Division in county of venue.

This communication is for notification purposes only.

This email was sent from a notification-only address that cannot accept incoming mail. Please do not reply to this message.

**SUPERIOR COURT OF NEW JERSEY - eCOURTS CIVIL LAW**

The following was filed by  on 10/08/2021 at 7:01 PM:

| | |
|---|---|
| Plaintiff Name : | MICHELLE ANGELINA, JENNIFER PASQUARELLO |
| Defendant Name: : | MARTINEZ CARLOS, PHIL MURPHY, GOVERNOR, ADMINISTRATOR EMCFW                                    , COMMISSIONER NJDOC                                             , MINOR DEMETRIUS, ASSISTANT COMMISSIONER NJDOC , COMMISSIONER NJDOC |
| Case Caption: | PASQUARELLO JENNIFER  VS CARLOS MARTINEZ *WA |
| Case Number: | HNT L 000273-21 |
| Docket Text: | Default has been entered against the following party/parties: MINOR DEMETRIUS |
| Transaction ID: | LCV20212355138 |

**Notice has been electronically mailed to:**

**Notice was not electronically mailed to:**

| | | |
|---|---|---|
| Plaintiff | MICHELLE ANGELINA | E.M.C.F # 339899C, 30 COUNTY ROAD 513, CLINTION, NJ 08809 |
| Plaintiff | JENNIFER PASQUARELLO | E.M.C.F. # 558110E, 30 COUNTY RD 513, CLINTON, NJ 08809 |
| Defendant | MARTINEZ CARLOS | NJ 00000 |
| Defendant | PHIL MURPHY, GOVERNOR | 00000 |
| Defendant | ADMINISTRATOR EMCFW | NJ 00000 |
| Defendant | COMMISSIONER NJDOC | NJ 00000 |
| Defendant | MINOR DEMETRIUS | NJ 00000 |
| Defendant | ASSISTANT COMMISSIONER NJDOC | 00000 |
| Defendant | COMMISSIONER NJDOC | 00000 |

Login to eCourts to view the Case Jacket. You will need a valid user ID (Bar ID) to view the submitted documents.

For questions, please contact the Superior Court of New Jersey Civil Division in county of venue.

This communication is for notification purposes only.

This email was sent from a notification-only address that cannot accept incoming mail. Please do not reply to this message.

**EXHIBIT G**

ANDREW J. BRUCK
**ACTING ATTORNEY GENERAL OF NEW JERSEY**
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625-0112
Attorney for Defendant Patricia McGill

By:   Eric Intriago
      Deputy Attorney General
      NJ Bar ID: 274302019
      Phone: (609) 376-3125
      eric.intriago@law.njoag.gov

| | |
|---|---|
| JENNIFER PASQUARELLO and MICHELLE ANGELINA,<br><br>             Plaintiffs,<br><br>      v.<br><br>GOVERNOR PHIL MURPHY, et al,<br><br>             Defendants. | **SUPERIOR COURT OF NEW JERSEY CIVIL LAW DIVISION-HUNTERDON COUNTY**<br>**DOCKET NO.:  HUN-L-00273-21**<br><br>Civil Action<br><br>**NOTICE OF CONSENT TO REMOVE** |

    Defendant files this consent to removal under 28 U.S.C.
§1446(b).

1. Plaintiffs are Jennifer Pasquarello and Michelle Angelina;
   Demi Minor (pled as "Demetrius" in the Complaint) is a
   Defendant.

2. On June 25, 2021, Plaintiff sued Defendants for violating of
   Section 1983, New Jersey Civil Rights Act, the New Jersey
   Law Against Discrimination, the Fourteenth Amendment, the
   Religious Land Use and Institutionalized Persons Act, the
   Administrative Procedures Act, among other claims, in the
   New Jersey Superior Court, Hunterdon County.

3. Defendant Minor was served on August 11, 2021.

4. On October 15, 2021, Defendants McGill, Murphy, Kandell,
   Kuhn, and Hicks filed a notice of removal to federal court.

5. Defendant Minor agrees with the notice of removal and consents to removal of this action to federal court.

Demetrius Minor
Defendant, Pro se

ANDREW J. BRUCK
ACTING A.G. OF NEW JERSEY

By: s/                                    By: s/*Eric Intriago*
    Demetrius Minor  10/15/21                  Eric Intriago
                                              Deputy Attorney General

Dated:                                   Dated: 10/14/21

**EXHIBIT J**

**EXHIBIT K**