Jennifer Pasquarello - # 558110E
Michelle Angelina – 3339899C
Edna Mahan Correctional Facility
30 County Rt. 513
Clinton, N.J., 08809
November 8, 2021

Clerk of the Court
United States District Court
District of New Jersey
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, N.J., 08608

RECEIVED

NOV 15 2021

AT 8:30_____M
WILLIAM T. WALSH
CLERK

RE: Pasquarello & Angelina v. Murphy, et.al.
  Docket Number: 3:21-cv-18806-ZNQ-DEA
  Documents for Filing

Dear Sir/Madam:

Enclosed, please find the original and one copy of the plaintiffs' *pro se* Notice of Motion to remand Cause to State Court, and supporting documents, to be filed in the above-referenced matter. As indicated by the enclosed Proof of Service, I have also served the Attorney General and also the *pro se* defendants Minor and Martinez (who have been in default and have not responded to any pleadings or discovery requests) with a copy.

Please file these documents and forward to the appropriate judge (Judge Zajhid Quraishi) for consideration.

I thank you for your time and cooperation in this matter. I hope to hear from your office soon.

Respectfully;

x Jennifer Pasquarello

Jennifer Pasquarello, Pro Se Plaintiff
Michelle Angelina, Pro Se Plaintiff
Edna Mahan Correctional Facility
30 County Rt. 513
Clinton, N.J., 08809

RECEIVED
NOV 15 2021
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
For the District of New Jersey
Vicinage of Trenton

---

| | |
|---|---|
| JENNIFER PASQUARELLO, <br> MICHELLE ANGELINA, <br> On Behalf of Themselves and All <br> Other Similarly Situated Women, <br> Pro Se PLAINTIFFS <br><br> vs. <br><br> PHIL MURPHY, MARCUS HICKS/ <br> Ms. KUHN, AL KANDELL, <br> PATRICIA McGILL, DEMETRIUS <br> MINOR, CARLOS MARTINEZ, <br> DEFENDANTS | CIVIL ACTION NUMBER: 3:21-cv-18806 <br> ZNQ-DEA <br><br> STATE COURT DOCKET: HNT-L-000273-21 <br><br><br> **NOTICE OF MOTION TO REMAND THE** <br> **CAUSE TO STATE COURT** |

PLEASE TAKE NOTICE that Jennifer Pasquarello and Michelle Angelina, the *pro se* plaintiffs in the above-captioned litigation, will move before the Honorable Zahid N. Quraishi, U.S.D.J., at 9:00 in the forenoon on the date of December 6, 2021, at the United States State Courthouse, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, N.J., 08608, for an Order to Remand the above-referenced civil action to State Court for trial and disposition.

Please Take Further Notice that the plaintiffs make this motion pursuant to 28 U.S.C. Section 1447(c), Fed.R.Civ.P. 7, New Jersey Court Rule 1:6-2, and the Due Process Clauses of the United States and New Jersey Constitutions.

In support of this motion, plaintiffs rely upon the pleadings enclosed herewith. Pursuant to Fed.R.Civ.P. 78, plaintiffs do not request oral argument unless the Court determines that oral argument is required.

Date: 11/8, 2021    x  Jennifer Pasquarello, Plaintiff

Date: 11/8, 2021    x  Michelle Angelina, Plaintiff

Jennifer Pasquarello, Pro Se Plaintiff
Michelle Angelina, Pro Se Plaintiff
Edna Mahan Correctional Facility
30 County Rt. 513
Clinton, N.J., 08809

**UNITED STATES DISTRICT COURT**
For the District of New Jersey
Vicinage of Trenton

---

| | |
|---|---|
| JENNIFER PASQUARELLO, MICHELLE ANGELINA, On Behalf of Themselves and All Other Similarly Situated Women, Pro Se PLAINTIFFS<br><br>vs.<br><br>PHIL MURPHY, MARCUS HICKS/ Ms. KUHN, AL KANDELL, PATRICIA McGILL, DEMETRIUS MINOR, CARLOS MARTINEZ, DEFENDANTS | CIVIL ACTION NUMBER: 3:21-cv-18806 ZNQ-DEA<br><br>STATE COURT DOCKET: HNT-L-000273-21<br><br>**CERTIFICATION IN SUPPORT OF MOTION TO REMAND CAUSE TO STATE COURT** |

The *pro se* plaintiffs, Jennifer Pasquarello and Michelle Angelina, being duly sworn, do hereby appear and state;

---

**(1)** We are the *pro se* plaintiffs in this action, acting on behalf of the class of female inmates confined at Edna Mahan Correctional Facility, and we bring this motion to remand this civil action to State court for trial and disposition.

**(2)** In the month of July 2021, this civil action was filed in the New Jersey Superior Court, Law Division, Hunterdon County. On the date of August 11, 2021, defendants Demetrius Minor and Carlos Martinez were served with the Summons and Complaint by the Hunterdon County Sheriff. (Exhibit A). On the date of August 18, 2021, defendant Patricia McGill was served with the Complaint and Summons (Exhibit B). On the date of September 15, 2021, defendants Phil Murphy, Victoria Kuhn, Marcus Hicks and Al Kandell were

served with the Summons and Complaint by the Mercer County Sheriff (Exhibits C,D,E.F).

**(3)** As of the date of October 15, 2021, which is thirty days after having been served with the Complaint and Summons, none of the State defendants had indicated by Notice to the Hunterdon County Superior Court and to the plaintiffs, that they were filing Notice to Remove this Matter to federal district court.

**(4)** Pursuant to the provisions of Title 28 U.S.C. Section 1446(b)(1), "The notice of removal of a civil action or proceeding **shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based**, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

**(5)** The defendants have failed to comply with this strict 30-day notice requirements.  The plaintiffs have **never** received any Notice of Removal  The Hunterdon County Superior Court evidently received Notice of removal on or about the date of October 20, 2021, and I learned of this only because I contacted the Civil Division Manager Office by telephone on the date of October 24, 2021. I was told by a clerk employee that the Notice of removal "had just been filed." The failure of the Attorney General to provide proper notice to the plaintiffs raises due process and statutory violation issues by itself.

**(6)** Under federal court and circuit precedent, the Removal statutes, 28 U.S.C. Sections 1441, et.seq., **are to be strictly construed**. See Mallalieu-Golder Ins. Agency v. Exec. Risk Indemnity, 254 F.Supp.2d 521 (M.D. Pa. 2003)(In determining propriety of removal, court is required to construe strictly removal statutes against removal and to resolve all doubts in favor of remand); Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006,

1010 (3d Cir. 1987)(the federal_removal statute should be strictly construed against removal and all doubts should be resolved in favor of remand); <u>Dukes v. U.S. Health- Care, Inc.</u>, 57 F.3d 350, 359 (3d Cir. 1995)(When challenged, the defendant bears the burden of proving the propriety of removal). Failure of the state defendants to comply with the time requirements of the statute alone should be sufficient reason to remand this cause to state court.

**(7)** In the event this Court elects not to remand, there are state law claims which would need to be addressed. The federal court can do so only if it exercises supplemental jurisdiction under 28 U.S.C. Section 1367. This is designed to permit the parties to resolve, in one judicial proceeding, all claims arising out of a common nucleus of operative fact, without regard to their federal or state character. <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 725 (1966). The purpose of supplemental jurisdiction is to promote convenience and efficient judicial administration. <u>O'Brien v. Ed Donnelly Enterprises, Inc.</u>, 575 F.3d 567, 580 (6th Cir. 2009).

**(8)** Plaintiffs also wish to bring to the court's attention the argument that whether the court will exercise supplemental jurisdiction is within its discretion. <u>Carlsbad Tech., Inc. v. HIF Bio, Inc.</u>, 556 U.S. 635, 639-40 (2009) Moreover, "the primary justification for exercising supplemental jurisdiction, however, is absent if the substantive federal claim is no longer viable." <u>Hammond v. City of Wilkes-Barre</u>, 2012 U.S. Dist. LEXIS 114357 at 21. There is no bright line rule for determining whether a supplemental state law claim should be dismissed when the federal law claims have been eliminated before trial. <u>Id</u> at 21-22. The Supreme Court has stated that the balance of factors – judicial economy, convenience, fairness, and comity, "will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n. 7 (1988). For example, in <u>Baughman v. Walt Disney World Co.</u>, 691 F. Supp. 2d 1092 (C.D. Cal. 2010), the district court declined to exercise supplemental jurisdiction over the remaining state law claims because "they were important issues of state law best decided by state courts." In <u>Niemyjski v. City of Albuquerque</u>, 379 F. Supp. 2d 1221 (D.N.M. 2005), the district court ruled that When federal-law claims are eliminated before trial, balance of factors to be considered

under pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims. In *Desjardins v. Willard*, 777 F.3d 43 (1st Cir. 2015), the state law claims were remanded to state court because claims involved resolution of potential conflict between Maine's Anti-SLAPP statute, and Maine's state constitution, conflict that was best resolved by Maine courts.

**(9)** In this case, there are state constitutional and state law claims that are as equally compelling as the federal constitutional and federal statutory claims. For example, there are provisions in the New Jersey Constitution (1947) such as the right to safety under Article 1, par. 1, the right to be free from discrimination for practicing religion under Art.1, par. 5, and the New Jersey Law Against Discrimination, NJSA 10:5-1, et.seq., which are implicated in this civil rights action. The considerations set forth by the Supreme Court in *Carnegie-Mellon* point to a definite preference to not decide state law claims in federal court by the exercise of supplemental jurisdiction.

**(10)** The Supreme Court has also noted that state courts are quite competent to decide federal constitutional claims and federal statutory claims as well. See, e.g.,*Patsy v Board of Regents of Florida*, 457 U.S. 496, 506-507, 102 S.Ct. 2557 (1982), *Felder v. Casey*, 487 U.S. 131, 139, 108 S.Ct. 2302 (1988)(stating "This is so whether the question of state-law applicability arises in 1983 litigation brought in state courts, which possess concurrent jurisdiction over such actions"). The federal courts are packed with litigation and a civil case meanders on a slow progression through the federal courts. By contrast the Hunterdon County Superior Court has a relatively small docket of civil case and the plaintiffs' desire for a speedy progression will be frustrated by the slower pace in federal court. Plaintiffs already have filed a motion for class certification and assignment of counsel, and will soon file a motion for a preliminary injunction. The standards for obtaining a preliminary injunction, although similar, differ somewhat under New Jersey decision law as opposed to federal court decisional law. Hence, the state court is better suited to deciding

under state law the basis for and standards guiding issuance of a preliminary injunction.

**(11)** In addition, there are state law claims for Intentional Infliction of Emotional Distress against defendants Demetrius Minor and Carlos Martinez which are not cognizable (and are not even asserted by plaintiffs) under any federal statute or the U.S. Constitution. These defendants are in default and plaintiffs were in the process of obtaining a default judgment against these defendants and moving before the state court to enforce that judgment. This effort is now complicated by the removal to federal court.

**(12)** In the event that this Court should dismiss the federal constitutional and federal law claims at a later point in the litigation, it would still face the state law claims which in all likelihood require a remand in any case. The Supreme Court has made clear that state courts are the controlling arbiters of interpretation and application of state law. See *United States v Thirty-seven Photographs*, 402 US 363, 369, 91 S Ct 1400 (1971)(stating "we lack jurisdiction authoritatively to construe state legislation"); *Ward v. Illinois,* 431 U.S. 767, 772, 97 S.Ct. 2085 (1977)(stating "The construction of a state statute by the state's highest court is binding on the United States Supreme Court").

**(13)** In the event that this Court declines to remand this litigation, plaintiffs request that the Court bifurcate the claims and remand Count Nine (the common law tort of Intentional Infliction of Emotional Distress) (a) there is no federal statutory or constitutional cause of action alleged against either of these defendants; (b) neither of these defendants filed any notice of removal to federal court; (c) both of these defendants are in default and the plaintiffs are seeking a default judgment and a motion to enforce the judgment against these two defendants; (d) the Attorney General is representing only the State defendants and has no obligation or interest which might be affected by remanding the claim set forth in Count Nine against defendants Minor and Martinez.

**(14)** Due to the nature of this motion and the fact that the legal issues are

Not complex, no brief is necessary to support this motion.

WHEREFORE, plaintiffs Jennifer Pasquarello and Michelle Angelina respectfully move this Court to grant an Order remanding this cause to state court to all further litigation, and for whatever further relief this Court deems just and proper.

CERTIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 11/8, 2021      Jennifer Pasquarello, Plaintiff

Date: 11/8, 2021      Michelle Angelina, Plaintiff

# Hunterdon County Sheriff's Office
## PROOF OF PROCESS SERVICE

Service # 1 of 2 Services
Docket # HNT-L-000273-21

**Plaintiff** JENNIFER PASQUARELLO AND MICHELLE ANGELINA

Sheriff's # 21000158

**Defendant** CARLOS MARTINEZ, DEMETRIUS MINOR, MARCUS HICKS, COMMISSIONER, N.J.D.O.C., PATRICIA MCGILL, ADMINISTRATOR, E.M.C.F.W.,

SUMMONS & COMPLAINT
HUNTERDON COUNTY SUPERIOR COURT
LAW DIVISION
Hunterdon County

**Person/Corporation to Serve**
DEMETRIUS MINOR, A/K/A "DEMI"
30 COUNTY ROAD 513
UNION TWP, NJ 08822

**Papers Served**
ORDER WAIVING FILING FEES, SUMMONS, VERIFIED COMPLAINT, VERIFICATION, CERTIFICATION OF NO OTHER ACTIONS, JURY DEMAND, CIVIL CASE INFORMATION STATEMENT

I, FREDERICK W. BROWN, SHERIFF OF HUNTERDON COUNTY DO HEREBY DEPUTIZE AND APPOINT JASON SNYDER, A DULY SWORN OFFICER, TO EXECUTE AND RETURN THE DOCUMENTS ACCORDING TO LAW.

WITNESS BY HAND AND SEAL

*[signature]*

Frederick W. Brown
Hunterdon County Sheriff

Date of Action 8/11/2021
Time of Action 10:15 AM
Comments/Notes:

Person/Corporation Served DEMETRIUS MINOR, A/K/A "DEMI"
30 COUNTY ROAD 513, UNION TWP, NJ 08822

Attempts

Type of Service: PERSONAL SERVICE

I, JASON SNYDER, WAS ABLE TO SERVE THE WITHIN DOCUMENTS AND/OR A TRUE COPY THEREOF.

*[signature]*
S/O JASON SNYDER

JENNIFER PASQUARELLO, SBI#558110E
30 COUNTY ROAD 513
POB 4004
UNION TWP, NJ 08809

Sheriff Fees    $0.00

EXHIBIT A

# Hunterdon County Sheriff's Office
## PROOF OF PROCESS SERVICE

Service # 2 of 2 Services
Docket # HNT-L-000273-21

Plaintiff   JENNIFER PASQUARELLO AND MICHELLE ANGELINA

Sheriff's # 21000158

Defendant   CARLOS MARTINEZ, DEMETRIUS MINOR, MARCUS HICKS, COMMISSIONER, N.J.D.O.C., PATRICIA MCGILL, ADMINISTRATOR, E.M.C.F.W.,

SUMMONS & COMPLAINT
HUNTERDON COUNTY SUPERIOR COURT
LAW DIVISION
Hunterdon County

Papers Served
ORDER WAIVING FILING FEES, SUMMONS, VERIFIED COMPLAINT, VERIFICATION, CERTIFICATION OF NO OTHER ACTIONS, JURY DEMAND, CIVIL CASE INFORMATION STATEMENT

Person/Corporation to Serve
**CARLOS MARTINEZ, A/K/A "ROYAL ESSENCE"**
30 COUNTY ROAD 513
UNION TWP, NJ 08809

I, FREDERICK W. BROWN, SHERIFF OF HUNTERDON COUNTY DO HEREBY DEPUTIZE AND APPOINT JASON SNYDER, A DULY SWORN OFFICER, TO EXECUTE AND RETURN THE DOCUMENTS ACCORDING TO LAW.
WITNESS BY HAND AND SEAL

_____
Frederick W. Brown
Hunterdon County Sheriff

Date of Action 8/11/2021
Time of Action 10:00 AM

Person/Corporation Served CARLOS MARTINEZ, A/K/A "ROYAL ESSENCE"
30 COUNTY ROAD 513, UNION TWP, NJ 08809

Comments/Notes:

Attempts

Type of Service: PERSONAL SERVICE

I, JASON SNYDER, WAS ABLE TO SERVE THE WITHIN DOCUMENTS AND/OR A TRUE COPY THEREOF.

_____
S/O JASON SNYDER

JENNIFER PASQUARELLO, SBI#558110E
30 COUNTY ROAD 513
POB 4004
UNION TWP, NJ 08809

Sheriff Fees         $0.00

EXHIBIT A

# Hunterdon County Sheriff's Office
## PROOF OF PROCESS SERVICE

Service # 1 of 1 Services
Docket # HNT-L-000273-21

Plaintiff   JENNIFER PASQUARELLO AND MICHELLE ANGELINA

Sheriff's # 21000161

Defendant   GOVERNOR PHIL MURPHY, MARCUS HICKS/MS. KUHN, COMMISSIONER, N.J.D.O.C., AL KANDELL, ASSISTANT COMMISSIONER, N.J.D.O.C., PATRICIA MCGILL, ADMINISTRATOR, E.M.C.F.W., DEMETRIUS MINOR, A/K/A "DEMI", CARLOS MARTINEZ, A/K/A "ROYAL ESSENCE"

SUMMONS & COMPLAINT
HUNTERDON COUNTY SUPERIOR COURT
LAW DIVISION
Hunterdon County

Person/Corporation to Serve
**PATRICIA MCGILL, ADMINISTRATOR, EMCF**
30 COUNTY ROAD 513
UNION TWP, NJ 08809

Papers Served
ORDER WAIVING FILING FEES, SUMMONS, VERIFIED AMENDED COMPLAINT, VERIFICATION, CERTIFICATION OF NO OTHER ACTIONS

I, FREDERICK W. BROWN, SHERIFF OF HUNTERDON COUNTY DO HEREBY DEPUTIZE AND APPOINT JASON SNYDER, A DULY SWORN OFFICER, TO EXECUTE AND RETURN THE DOCUMENTS ACCORDING TO LAW.
WITNESS BY HAND AND SEAL

_Frederick W. Brown_
Frederick W. Brown
Hunterdon County Sheriff

Date of Action 8/18/2021
Time of Action 10:30 AM

Person/Corporation Served PATRICIA MCGILL, ADMINISTRATOR, EMCF
30 COUNTY ROAD 513, UNION TWP, NJ 08809

Comments/Notes:
Delivered To: SAMUEL W. WINSLOW, JR. Relationship: EXECUTIVE ASSISTANT 2

Attempts

Type of Service: ALTERNATIVE

I, JASON SNYDER, WAS ABLE TO SERVE THE WITHIN DOCUMENTS AND/OR A TRUE COPY THEREOF.

_Jason Snyder_
S/O JASON SNYDER

JENNIFER PASQUARELLO, SBI#558110E
30 COUNTY ROAD 513
POB 4004
UNION TWP, NJ 08809

Sheriff Fees    $28.80

EXHIBIT B

# Office of the Mercer County Sheriff
## Sheriff's Return of Service



**JOHN A. KEMLER**
**SHERIFF**



MERCER COUNTY CIVIL COURT HOUSE
175 SOUTH BROAD STREET
P.O. Box 8068
TRENTON, NEW JERSEY 08650-0068
TELEPHONE: (609) 989-7666/6369
FAX: (609) 278-8041

**21002879**

UNDERSHERIFFS
PEDRO MEDINA
JASON SALVATORE
ROBERT JAMES

ASSISTANT TO THE SHERIFF
CATHLEEN G. GARTON

CHIEF SHERIFF'S OFFICER
CHRISTOPHER KENYON

CHIEF WARRANT OFFICER
BRIAN D. AMANTIA

| | | |
|---|---|---|
| PLAINTIFF | JENNIFER PASQUARELLO & MICHELLE ANGELINA | COUNTY: HUNTERDON |
| DEFENDANT | GOVERNOR PHIL MURPHY, MARCUS HICKS/MS. KUHN, COMMISSIONER, N.J.D.O.C., AL KANDELL, ASSISTANT COMMISSIONER, N.J.D.O.C. PATRICIA MCGILL, ADMINISTRATOR, E.M.C.F.W., DEMETRIUS MINOR, A/K/A 'DEMI' CARLOS MARTINEZ, A/K/A "ROYAL ESSENCE" | DOCKET # L-000273-21 |

I SERVED THE FOLLOWING PAPERS: **SUMMONS & COMPLAINT** ON THE WITHIN-NAMED DEFENDANT IN MERCER COUNTY, NEW JERSEY

| SERVICE NAME | SERVED | NOT SERVED DATE/TIME | DATE | TIME | ADDRESS | SERVICE INFO |
|---|---|---|---|---|---|---|
| GOVERNOR PHIL MURPHY | C | | 9-15-21 | 1109 | 225 W. STATE STREET 3RD FLOOR TRENTON, NJ 08625 | MALYANN OBORIN |

STATE OF NEW JERSEY
COUNTY OF MERCER
I, JOHN A. KEMLER, SHERIFF
of said County do hereby
deputize and appoint

_Rich Sorsli_
to be my deputy, to execute and
return the writ according to law.

Witness my hand and seal this

___15___ day of ___September___
A.D. 2021.

* Type of Service
A Personal Service
B Household member over the age of 14 years, at usual place of abode
(C) Served person authorized to accept service/Managing agent
D Unable to locate, unknown at address given
E Address Out of County
F Avoiding service, made many attempts
G Affixed
H Certified Mail
I Other

**JOHN A. KEMLER**
Sheriff (L.S.)

Sheriff's Fee $0.00

JOHN A. KEMLER, SHERIFF, by

_Rich Sorsli_
Special Deputy

EXHIBIT C

# Office of the Mercer County Sheriff
## Sheriff's Return of Service



**JOHN A. KEMLER**
**SHERIFF**



MERCER COUNTY CIVIL COURT HOUSE
175 SOUTH BROAD STREET
P.O. Box 8068
TRENTON, NEW JERSEY 08650-0068
TELEPHONE: (609) 989-7666/6369
FAX: (609) 278-8041

**21002879**

UNDERSHERIFFS
PEDRO MEDINA
JASON SALVATORE
ROBERT JAMES

ASSISTANT TO THE SHERIFF
CATHLEEN G. GARTON

CHIEF SHERIFF'S OFFICER
CHRISTOPHER KENYON

CHIEF WARRANT OFFICER
BRIAN D. AMANTIA

| | | |
|---|---|---|
| PLAINTIFF | JENNIFER PASQUARELLO & MICHELLE ANGELINA | COUNTY: HUNTERDON |
| DEFENDANT | GOVERNOR PHIL MURPHY, MARCUS HICKS/MS. KUHN, COMMISSIONER, N.J.D.O.C., AL KANDELL, ASSISTANT COMMISSIONER, N.J.D.O.C. PATRICIA MCGILL, ADMINISTRATOR, E.M.C.F.W., DEMETRIUS MINOR, A/K/A 'DEMI' CARLOS MARTINEZ, A/K/A "ROYAL ESSENCE" | DOCKET # L-000273-21 |

I SERVED THE FOLLOWING PAPERS: **SUMMONS & COMPLAINT** ON THE WITHIN-NAMED DEFENDANT IN MERCER COUNTY, NEW JERSEY

| SERVICE NAME | SERVED | NOT SERVED DATE/TIME | DATE | TIME | ADDRESS | SERVICE INFO |
|---|---|---|---|---|---|---|
| VICTORIA KUHN, COMMISSIONER, NJ DEPARTMENT OF CORRECTIONS | C | | 9-15-21 | 1045 | NJ DEPARTMENT OF CORRECTIONS WHITTLESEY ROAD TRENTON, NJ 08625 | Karen Burke Loyal |

STATE OF NEW JERSEY
COUNTY OF MERCER
I, JOHN A. KEMLER, SHERIFF of said County do hereby deputize and appoint

_Rich Samonski_
to be my deputy, to execute and return the writ according to law.

Witness my hand and seal this

_15_ day of _September_
A.D. 2021.

* Type of Service
A   Personal Service
B   Household member over the age of 14 years, at usual place of abode
(C)  Served person authorized to accept service/Managing agent
D   Unable to locate, unknown at address given
E   Address Out of County
F   Avoiding service, made many attempts
G   Affixed
H   Certified Mail
I   Other

**JOHN A. KEMLER**
Sheriff (L.S.)

Sheriff's Fee $0.00

JOHN A. KEMLER, SHERIFF, by

_Rich Samonski_
Special Deputy

EXHIBIT D

# Office of the Mercer County Sheriff
## Sheriff's Return of Service



**JOHN A. KEMLER**
**SHERIFF**



MERCER COUNTY CIVIL COURT HOUSE
175 SOUTH BROAD STREET
P.O. Box 8068
TRENTON, NEW JERSEY 08650-0068
TELEPHONE: (609) 989-7666/6369
FAX: (609) 278-8041

**21002879**

UNDERSHERIFFS
PEDRO MEDINA
JASON SALVATORE
ROBERT JAMES

ASSISTANT TO THE SHERIFF
CATHLEEN G. GARTON

CHIEF SHERIFF'S OFFICER
CHRISTOPHER KENYON

CHIEF WARRANT OFFICER
BRIAN D. AMANTIA

| | | |
|---|---|---|
| PLAINTIFF | JENNIFER PASQUARELLO & MICHELLE ANGELINA | COUNTY: HUNTERDON |
| DEFENDANT | GOVERNOR PHIL MURPHY, MARCUS HICKS/MS. KUHN, COMMISSIONER, N.J.D.O.C., AL KANDELL, ASSISTANT COMMISSIONER, N.J.D.O.C. PATRICIA MCGILL, ADMINISTRATOR, E.M.C.F.W., DEMETRIUS MINOR, A/K/A 'DEMI' CARLOS MARTINEZ, A/K/A "ROYAL ESSENCE" | DOCKET # L-000273-21 |

I SERVED THE FOLLOWING PAPERS: **SUMMONS & COMPLAINT** ON THE WITHIN-NAMED DEFENDANT IN MERCER COUNTY, NEW JERSEY

| SERVICE NAME | SERVED | NOT SERVED DATE/TIME | DATE | TIME | ADDRESS | SERVICE INFO |
|---|---|---|---|---|---|---|
| MARCUS HICKS, COMMISSIONER, NJ DEPARTMENT OF CORRECTIONS | C | | 9-15-21 | 1045 | NJ DEPARTMENT OF CORRECTIONS WHITTLESEY ROAD TRENTON, NJ 08625 | Karen Burke Legal |

STATE OF NEW JERSEY
COUNTY OF MERCER
I, JOHN A. KEMLER, SHERIFF of said County do hereby deputize and appoint

_Rich Saunsh_

to be my deputy, to execute and return the writ according to law.

Witness my hand and seal this
___15___ day of ___September___
A.D. 2021.

\* Type of Service
A — Personal Service
B — Household member over the age of 14 years, at usual place of abode
Ⓒ — Served person authorized to accept service/Managing agent
D — Unable to locate, unknown at address given
E — Address Out of County
F — Avoiding service, made many attempts
G — Affixed
H — Certified Mail
I — Other

**JOHN A. KEMLER**
Sheriff (L.S.)

JOHN A. KEMLER, SHERIFF, by

_Rich Saunsh_
Special Deputy

Sheriff's Fee $0.00

EXHIBIT E

## Office of the Mercer County Sheriff
### Sheriff's Return of Service



**JOHN A. KEMLER**
SHERIFF



MERCER COUNTY CIVIL COURT HOUSE
175 SOUTH BROAD STREET
P.O. Box 8068
TRENTON, NEW JERSEY 08650-0068
TELEPHONE: (609) 989-7666/6369
FAX: (609) 278-8041

**21002879**

UNDERSHERIFFS
PEDRO MEDINA
JESSICA PLUMERI
JASON SALVATORE

ASSISTANT TO THE SHERIFF
CATHLEEN G. GARTON

CHIEF SHERIFF'S OFFICER
CHRISTOPHER KENYON

CHIEF WARRANT OFFICER
BRIAN D. AMANTIA

| | | |
|---|---|---|
| PLAINTIFF | JENNIFER PASQUARELLO & MICHELLE ANGELINA | COUNTY: HUNTERDON |
| DEFENDANT | GOVERNOR PHIL MURPHY, MARCUS HICKS/MS. KUHN, COMMISSIONER, N.J.D.O.C., AL KANDELL, ASSISTANT COMMISSIONER, N.J.D.O.C. PATRICIA MCGILL, ADMINISTRATOR, E.M.C.F.W., DEMETRIUS MINOR, A/K/A 'DEMI' CARLOS MARTINEZ, A/K/A "ROYAL ESSENCE" | DOCKET # L-000273-21 |

I SERVED THE FOLLOWING PAPERS: **SUMMONS & COMPLAINT** ON THE WITHIN-NAMED DEFENDANT IN MERCER COUNTY, NEW JERSEY

| SERVICE NAME | SERVED | NOT SERVED DATE/TIME | DATE | TIME | ADDRESS | SERVICE INFO |
|---|---|---|---|---|---|---|
| AL KANDELL, ASSISTANT COMMISSIONER, NJ DEPARTMENT OF CORRECTIONS | C | | 9-15-21 | 1045 | NJ DEPARTMENT OF CORRECTIONS WHITTLESEY ROAD TRENTON, NJ 08625 | |

STATE OF NEW JERSEY
COUNTY OF MERCER
I, JOHN A. KEMLER, SHERIFF of said County do hereby deputize and appoint

_Rich Saursh_

to be my deputy, to execute and return the writ according to law.

Witness my hand and seal this
**15** day of **September**
A.D. 2018.

\* Type of Service
A  Personal Service
B  Household member over the age of 14 years, at usual place of abode
Ⓒ  Served person authorized to accept service/Managing agent
D  Unable to locate, unknown at address given
E  Address Out of County
F  Avoiding service, made many attempts
G  Affixed
H  Certified Mail
I  Other

**JOHN A. KEMLER**
Sheriff (L.S.)

JOHN A. KEMLER, SHERIFF, by

_Rich Saursh_
Special Deputy

Sheriff's Fee  $0.00

EXHIBIT F

```
CVM1063              AUTOMATED CASE MANAGEMENT SYSTEM              10/08/21
PAGE: 001            PARTY DISPOSITION ENTRY/MAINTENANCE             16:19

    VENUE      : HUNTERDON    COURT : LAW CVL      DOCKET # : L  000273 21
    CASE TITLE : PASQUARELLO JENNIFER  VS CARLOS MARTINEZ *WA
    SEARCH PARTY NAME :
CASE STATUS : ACTIVE         CASE DISP:              DISP DATE :
    PG ACTION:      PG ACTION/STAYED UNTIL:
PRTY            PARTY NAME                PARTY      3RD  PARTY   DISPOSITION
NUM                                       TYPE       PTY  STATUS    DATE
001   PASQUARELLO       JENNIFER          PLAINTIFF        A
002   ANGELINA          MICHELLE          PLAINTIFF        A
003   CARLOS            MARTINEZ          DEFENDANT        D       10 04 2021
004   DEMETRIUS         MINOR             DEFENDANT        D       10 04 2021
005   MARCUS            HICKS             DEFENDANT        A
006   PATRICIA          MCGILL            DEFENDANT        A
007   MURPHY, GOVERNOR  PHIL              DEFENDANT        A
008   KUHN              VICTORIA          DEFENDANT        A
009   KANDELL           AL                DEFENDANT        A


CV900123 END OF SEARCH
    PF1-GLOBAL UPDATE   PF3-CASE COMMENTS/ENTRY   PF4-PROCEEDING LIST   PF5-PROMPT
    PF2-ADMINISTRATIVE OPEN           PF9-PENDING ACTION LIST   PF7-PRIOR PF8-NEXT
```

EXHIBIT 6

Jennifer Pasquarello, Pro Se Plaintiff
Michelle Angelina, Pro Se Plaintiff
Edna Mahan Correctional Facility
30 County Rt. 513
Clinton, N.J., 08809

**UNITED STATES DISTRICT COURT**
For the District of New Jersey
Vicinage of Trenton

| | |
|---|---|
| JENNIFER PASQUARELLO, MICHELLE ANGELINA, On Behalf of Themselves and All Other Similarly Situated Women, Pro Se PLAINTIFFS | CIVIL ACTION NUMBER: 3:21-cv-18806 ZNQ-DEA |
| vs. | STATE COURT DOCKET: HNT-L-000273-21 |
| PHIL MURPHY, MARCUS HICKS/ Ms. KUHN, AL KANDELL, PATRICIA McGILL, DEMETRIUS MINOR, CARLOS MARTINEZ, DEFENDANTS | **ORDER** |

THIS MOTION HAVING BEEN BROUGHT BEFORE THE COURT by the *pro se* Plaintiffs, Jennifer Pasquarello and Michelle Angelina, for a remand of this action to State court pursuant to the provisions of 28 U.S.C. Section 1447; and with the State defendants having been properly noticed through the Attorney General; and with the Court having considered all arguments and evidence for and against; and with Good Cause appearing:

do not write below this line
-----------------------------------------------------------------

It is ORDERED and ADJUDGED on this _____ day of _____, 20____, that the Motion of the Plaintiffs is hereby [ ] GRANTED [ ] DENIED in the following respects:

_____

_____

/s/ _____
                                                          U.S.D.J.

( ) Motion Opposed
( ) Motion Unopposed

Jennifer Pasquarello, Pro Se Plaintiff
Michelle Angelina, Pro Se Plaintiff
Edna Mahan Correctional Facility
30 County Rt. 513
Clinton, N.J., 08809

**UNITED STATES DISTRICT COURT**
For the District of New Jersey
Vicinage of Trenton

------------------------------------

| | |
|---|---|
| JENNIFER PASQUARELLO, MICHELLE ANGELINA, On Behalf of Themselves and All Other Similarly Situated Women, Pro Se PLAINTIFFS | CIVIL ACTION NUMBER: 3:21-cv-18806 ZNQ-DEA <br><br> STATE COURT DOCKET: HNT-L-000273-21 |
| vs. | |
| PHIL MURPHY, MARCUS HICKS/ Ms. KUHN, AL KANDELL, PATRICIA McGILL, DEMETRIUS MINOR, CARLOS MARTINEZ, DEFENDANTS | CERTIFICATION OF SERVICE |

I CERTIFY THAT on the date of [ ] October [✓] November 8, 2021, I did begin the process to serve the following documents in the above-captioned matter. The original and one copy of my *pro se* Notice of Motion To Remand the Matter to State Court and Supporting Documents, Proposed order and Brief in Support of Motion were mailed to the Clerk of the Court, United States District Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, N.J., 08608, to be filed with the Court; and a true copy of the same documents was served upon Eric Intriago and Nicholas Falcone, Office of Attorney General, State of New Jersey, P.O. Box 112, 25 West Market Street, Hughes Justice Complex, Trenton, N.J., 08625, counsel for the State defendants. Service upon the pro se defendants Demetrious Minor and Carlos Martinez [✓] was made by U.S. Mail at the Edna Mahan Correctional Facility, and at the home address of Carlos Maertinez [ ] was not made because these two defendants are in default and have refused to respond to the complaint

Service was made by way of First Class U.S. Mail from the Edna Mahan Correctional Facility, 20 County Route 513, Clinton, N.J., 08809, place of confinement for the plaintiffs.

Date: 11/8, 2021          *Jennifer Pasquarello*, Plaintiff

Date: 11/8, 2021          *Michelle Angelina*, Plaintiff