Jennifer Pasquarello, Pro Se Plaintiff
Michelle Angalina, Pro Se Plaintiff
Edna Mahan Correctional Facility
30 County Rt. 513
Clinton, N.J., 08809

### UNITED STATES DISTRICT COURT
For the District of New Jersey
Vicinage of Trenton

---

| | | |
|---|---|---|
| JENNIFER PASQUARELLO,<br>MICHELLE ANGELINA,<br>On Behalf of Themselves and All<br>Other Similarly Situated Women,<br>Pro Se PLAINTIFFS | : : : : : : : | CIVIL ACTION NUMBER: 3:21-cv-18806 (ZNQ) |
| vs. | : : | STATE COURT DOCKET: HNT-L-000273-21 |
| PHIL MURPHY, MARCUS HICKS/<br>Ms. KUHN, AL KANDELL,<br>PATRICIA McGILL, DEMETRIUS<br>MINOR, CARLOS MARTINEZ,<br>DEFENDANTS | : : : : : | **NOTICE OF MOTION FOR JOINDER OF<br>CLAIMS, CLASS CERTIFICATION AND<br>ASSIGNMENT OF COUNSEL** |

PLEASE TAKE NOTICE that Jennifer Pasquarello and Michelle Angelina, the pro se plaintiffs in the above-captioned litigation, will move before this Court on the date of January 7, 2022, for an Order granting Joinder of Claims, granting Class Certification, and Assigning Counsel to Represent the Class in this litigation.

Please Take Further Notice that the plaintiffs bring this motion pursuant to Fed.R.Civ.P. 20, Fed.R.Civ.P.23, Fed.R.Civ.P. 7, New Jersey Court Rules 4:29-1(a), 4:32-1, 4:32-2, and 1:6-2.

Plaintiffs do not request oral argument on this motion unless the Court determines that oral argument is necessary. In such case, plaintiffs request that the court order the NJDOC to produce them in court for any hearing.

Dated: X**Novembe30**, 2021

Dated: X**November 30th**, 2021

X _Jennifer Pasquarello_
Jennifer Pasquarello, *Pro Se* Plaintiff

X _Michelle Angelina_
Michelle Angelina, *Pro Se* Plaintiff

Jennifer Pasquarello, Pro Se Plaintiff
Michelle Angelina, Pro Se Plaintiff
Edna Mahan Correctional Facility
30 County Rt. 513
Clinton, N.J., 08809

**UNITED STATES DISTRICT COURT**
For the District of New Jersey
Vicinage of Trenton
-----------------------------------

| | | |
|---|---|---|
| JENNIFER PASQUARELLO, | : | |
| MICHELLE ANGELINA, | : | STATE COURT DOCKET: HNT-L-000273-21 |
| On Behalf of Themselves and All | : | |
| Other Similarly Situated Women, | : | CIVIL ACTION NUMBER: 3:21-cv-18806 (ZNQ) |
| Pro Se PLAINTIFFS | : | |
| | : | |
| vs. | : | |
| | : | |
| PHIL MURPHY, MARCUS HICKS/ | : | |
| Ms. KUHN, AL KANDELL, | : | |
| PATRICIA McGILL, DEMETRIUS | : | |
| MINOR, CARLOS MARTINEZ, | : | |
| DEFENDANTS | : | |

BRIEF IN SUPPORT OF MOTION FOR JOINDER OF CLAIMS FOR CLASS
CERTIFICATION, AND FOR ASSIGNMENT OF COUNSEL

To The Court:

Please accept this letter brief in support of the legal arguments of
plaintiffs in their motion for Joinder of Claims, Class Certification and
Assignment of Counsel in the above-referenced civil matter.

Dated: Nov 30th, 2021          _X_ _Jennifer Pasquarello_
                               Jennifer Pasquarello, Plaintiff

Dated: November 30th 2021      _Michelle Angelina_
                               Michelle Angelina, Plaintiff

## TABLE OF CONTENTS

**TOPIC** | **PAGE**
---|---
Statement of the Case | 1
Legal Argument – |
Point One: This Court Should Grant Plaintiffs' Motion Because Plaintiffs Meet The Criteria For Joinder of Claims, Class Certification, and Assignment of Counsel | 2
   A. Class Certification | 3
   B. Joinder of Claims | 13
   C. Assignment of Counsel | 15
Summary and Conclusion | 17

**TABLE OF CITATIONS** | **PAGE**
---|---
Amchem Products, Inc. v. George Windsor, 521 U.S. 591, 117 S.Ct. 2231 (1997) | 5,6,8,9
Baby Neal v. Casey, 43 F.3d 48 (CA3 1994) | 6,7,9,12,13
Brooks v. Southern Bell Telephone & Telegraph Co., 133 F.R.D. 54 (S.D.Fla. 1990) | 5
Califano v. Yamasaki, 442 U.S. 682, 99 S.Ct. 2545 (1979) | 2
Castro v. NYT Television, 384 N.J. Super. 601 (A.D. 2006) | 11
Delgozzo v. Kinney, 266 N.J. Super. 169 (A.D. 1993) | 4,5
Dugan v. TGI Fridays, Inc., 231 N.J. 24 (2017) | 10
Fink v. Ricoh Corp., 365 N.J.Super. 365 N.J. Super. 520 (A.D. 2003) | 4
General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 102 S.Ctl. 2364 (1982) | 17
Gross v. Johnson & Johnson, 303 N.J. Super. 336 (L.D. 1997) | 6
Hagan v. Rogers, 570 F.3d 146 (CA3 2009) | 14
Hassine v. Jeffes, 846 F.2d 169 (CA3 1988) | 4,7,9,11
Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (CA3 1992) | 8
Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88 (2007) | 2,10,11,13
In re Cadillac, 93 N.J. 412 (1982) | 5
In re Hydrogen Peroxide Antitrust Litigation, 552 F.3d 305 (CA3 2008) | 17
In re Modafinil Antitrust Litigation, 837 F.3d 238 (CA3 2016) | 2,13
In re Schering Plough Corp. ERISA Litigation, 589 F.3d 585 (CA3 2009) | 3
International Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co., 192 N.J. 372 (2007) | 6
Lee v. Carter Reed Co., 203 N.J. 496 (2010) | 10,11
Lerch v. Citizens First Bancorp., Inc., 144 F.R.D. 247 (D.N.J. 1992) | 4
O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669 (1974) | 9
Riley v. New Rapids Carpet Center, 61 N.J. 218 (1972) | 2,3,6
Stewart v. Abraham, 275 F.3d 220 (CA3 2001) | 6
Thorogood v. Sears, Roebuck & Co., 547 F.3d 742 (CA7 2008) | 2
Varacallo v. Mass. Mutual Life Insurance Co., 332 N.J. Super. 31(A.D. 2000) | 11
Weiss v. York Hospital, 745 F.2d 786 (CA3 1984), cert.den., 470 U.S. 1060 (1985) | 5,6,7,12

|  | **PAGE** |
|---|---|
| West Morris Pediatrics, P.A. v. Henry Schein, Inc., 385 N.J. Super. 585 (A.D. 2004) | 4,5 |
| Wetzel v. Liberty Products Insurance, 508 F.2d 239 (CA3 1975) cert. den. 421 U.S. 1011 (1975) | 8 |

**STATUTES CITED** | **PAGE**
|---|---|
| Title 42 U.S.C. Section 1983 | 1 |
| N.J.S.A. 10:6-2 et.seq. | 1 |
| N.J.S.A. 52:14B-1 et.seq. | 1 |
| Title 28 U.S.C. Section 1915(e)(1) | 16 |

**FEDERAL COURT RULES CITED** | **PAGE**
|---|---|
| Fed.R.Civ.P. 23 | 2,3,17 |
| Fed.R.Civ.P. 23(a) | 3,5,6 |
| Fed.R.Civ.P. 23(g)(1) | 9,15,16 |
| Fed.R.Civ.P. 20 | 13,14,17 |
| Fed.R.Civ.P. 19 | 14 |
| Fed.R.Civ.P  23(b)(2) | 12,13 |
| Fed.R.Civ.P. 23(b)(3) | 12,13 |

**NEW JERSEY COURT RULES CITED** | **PAGE**
|---|---|
| Court Rule 4:32 | 2 |
| Court Rule 4:32-1(a) | 3 |
| Court Rule 4:32-1(a)(4) | 5 |
| Court Rule 4:32-1(b) | 10 |
| Court Rule 4:32-1(b)(3) | 10,11 |
| Court Rule 4:32-1(a)(2) | 11 |
| Court Rule 4:29-1(a) | 15 |
| Court Rule 4:32-2(g)(1) | 16 |

## STATEMENT OF THE CASE

This is a civil rights action under the federal civil rights statute, Title 42 U.S.C. Section 1983, and the New Jersey Civil Rights Act, N.J.S.A. 10:6-2, et,.seq., alleging violations of rights secured to the named plaintiffs, and the class of inmates they represent, under the United States and New Jersey Constitutions, to wit: the right to privacy, the right to freedom from danger, the right to freedom from cruel and unusual punishment, the right to freedom from outrageous governmental conduct under substantive due process protections, and possibly other rights enshrined in the United States and New Jersey Constitutions.  Plaintiffs also alleged a violation of the New Jersey Administrative Procedures Act (APA), N.J.S.A. 52:14B-1, et.seq., The gist of the complaint is that the actions of the named defendants, and their agents and employees, by placing pre-operative male-to-female transgender inmates who possess male genitalia, musculature, mannerisms, and attitudes in the same housing units as the female inmate population at EMCFW, have violated the constitutional rights of the women confined at the EMCFW prison.  Plaintiffs seek equitable relief, a declaratory judgment, and damages.

**LEGAL ARGUMENT**

**POINT ONE**

THIS COURT SHOULD GRANT PLAINTIFFS' MOTION BECAUSE
PLAINTIFFS MEET THE CRITERIA FOR JOINDER OF CLAIMS,
CLASS CERTIFICATION, AND ASSIGNMENT OF COUNSEL

The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700-01, 99 S. Ct. 2545, 2558, 61 L. Ed. 2d 176, 193 (1979). It is a device for economizing on the expense of litigation and enabling small claims to be litigated. The two points are closely related. If every small claim had to be litigated separately, the vindication of small claims would be rare. The fixed costs of litigation make it impossible. *In re Modafinil Antitrust Litigation,* 837 F.3d 238, 242 (CA3 2016)(quoting *Thorogood v. Sears, Roebuck and Co.*, 547 F.3d 742, 744 (7th Cir. 2008).

New Jersey courts, as well as federal courts construing the federal class action rule after which New Jersey rule is modeled, have consistently held that the class action rule should be liberally construed. *Iliadis v. Wal-Mart Stores, Inc.,* 191 N.J. 88, 103 (2007). (citations omitted). A class action "should lie unless it is clearly infeasible." *Riley v. New Rapids Carpet Center*, 61 N.J. 218, 225 (1972).

Because the state and federal rules so closely parallel each
other, it is appropriate for plaintiffs to utilize federal cases that construe Rule 23 as well as state cases which construe Rule 4:32. See *Riley*, supra, 61 N.J. at 225 (stating "Our class-action rule, *R.* 4:32, is a replica of Rule 23 of the Federal Rules of Civil Procedure…). As such, New Jersey courts often

2

look for guidance from federal cases interpreting *Fed.R.Civ.P.* 23. *Id.* at 226-27.

In this case, plaintiffs are a class of inmates who are women confined or soon to be confined at Edna Mahan Correctional Facility in Clinton, N.J., and are suing for relief from actions of the named defendants who transferred pre-operative male-to-female alleged transsexual inmates from male prisons to EMCFW, where their presence has and continues to endanger female inmates. For the reasons stated below, this Court should grant class certification, grant joinder of claims to plaintiffs, and assign counsel to represent the inmate class.

**A. Class Certification.**

A party seeking class certification must satisfy both the conjunctive requirements of subpart (a) and one of the requirements of subpart (b). Fed. R. Civ. P. 23; *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 596 (3d Cir. 2009). Under Rule 23(a), Fed.R. Civ.P., **on**e or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) The class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Under New Jersey law, to obtain class status, the party seeking certification must establish that the four prerequisites of *Rule* 4:32-1(a) are satisfied. Class certification is appropriate only if:

(1) the class is so numerous that joinder of all members is impracticable
(2) there are questions of law or fact common to the class,
(3) the claims or defenses of the representative parties

3

                        are typical of the claims or defenses of the class,
                        and
    (4)    the representative parties will fairly and adequately
           protect the interests of the class. *Iliadis, supra,*
           191 N.J. At 106.

The numerosity requirement "is more than a mere numbers
game." *West Morris Pediatrics, P.A. v. Henry Schein, Inc.,* 385
N.J. Super. 585, 596 (A.D. 2004)(citations omitted).  The number
of purported class members is not wholly dispositive of the
analysis. In addition, a plaintiff does not have to show the
exact size of the class in order to satisfy numerosity. *Ibid.*
Rather, an equal part of the inquiry centers around whether "the
difficulty and or inconvenience of joining all members of the
class calls for class certification." *Lerch v. Citizens First
Bancorp, Inc.,* 144 F.R.D. 247, 250 (D.N.J. 1992).

The commonality requirement dictates that there be "some
question of fact or law common to the members of the class."
West Morris Pediatrics, supra, 385 N.J. Super. at 600. It is not
necessary that all questions of fact or law raised be common.
*Ibid.*  A single common question is sufficient. *Delgozzo v.
Kenny,* 266 N.J. Super. 169, 185, (A.D. 1993).  However, simply
alleging the same theory of recovery for all class members does
not guarantee the existence of legal or factual commonality.
West Morris Pediatrics, 385 N.J. Super. at 600.

Typicality requires that "the harm complained of be common
to the class." *West Morris Pediatrics,* supra, 385 N.J. Super. at
603. (citing *Hassine v. Jeffes,* 846 F.2d 169, 177 (CA3 1988)).
Put another way, the claims of the representatives must "have
the essential characteristic common to the claim of the class."
*Fink v. Ricoh Corp.*, 365 N.J. Super. 520, 561 (A.D. 2003).
Where the legal or factual positions of the class repre-
sentatives are "markedly different" from those of the putative

                                    4

class members, typicality will not be satisfied. *Weiss v. York Hosp.,* 745 F.2d 786, 810 n.36 (3d Cir.1984), *cert. denied,* 470 U.S. 1060 (1985). In other words, "if proof of the representatives' claims would not necessarily prove all the proposed class members' claims, the representatives' claims are not typical of the proposed members' claims." *Brooks v. Southern Bell Tel. & Tel. Co.,* 133 F.R.D. 54, 58 (S.D.Fla.1990). A plaintiff's claims "must have the essential characteristics common to the claims of the class." *In re Cadillac,* 93 N.J. 412, 425 (1982).

Finally, *R.* 4:32-1(a)(4) mandates that "the representative parties will fairly and adequately protect the interests of the class." *West Morris Pediatrics*, supra, 385 N.J. Super. at 605. In *Gross v. Johnson & Johnson,* 303 N.J. Super 336, 342-343, (L.D. 1997), the court explained: "Elements of this requirement include the interests of the named representative being co-extensive with the interests of the other members of the class and the assurance that the representatives will vigorously prosecute those interests, which requires the assistance of responsible and able counsel."

The requirement as to adequacy of representation is met if (1) plaintiffs' attorney is "qualified, experienced and generally able to conduct the proposed litigation" and (2) if plaintiff's interests are not "antagonistic to those of the class." *Delgozzo v. Kenny, supra,* 266 N.J. Super. at 188.

In federal class actions, the conditions of Rule 23(a) are referred to as (1) numerosity (a 'class so large that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical . . . of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class')." *Amchem*

5

*Products, Inc. v. George Windsor,* 521 U.S. 591, 613, 117 S. Ct. 2231 (1997).

The concepts of commonality and typicality are broadly defined and tend to merge. *Baby Neal v. Casey,* 43 F.3d 48, 56 (CA3 1994).

In deciding whether to grant or deny class certification, a trial court does not decide the ultimate factual issues underlying the plaintiff's cause of action. *Riley v. New Rapids Carpet Ctr.,* 61 N.J. 218, 223 (1972). Rather, at the class-certification stage, a court must "accept as true all of the allegations in the complaint," *International Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co.,* 192 N.J. 372, 376 (2007).

The numerosity requirement is clearly satisfied here. In this case, there are hundreds of female inmates at EMCFW (roughly 370) and joinder of all members as named plaintiffs is not practical. Even if the court accepts the hypothetical argument that not all the female inmates at EMCFW wish to join this litigation and halves the proposed class, that still leaves approximately 185 women as class members. The Third Circuit has acknowledged that "while no minimum number of plaintiffs is required to maintain a suit as a class action… generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." *Stewart v. Abraham,* 275 F.3d 220, 226-27 (3d Cir. 2001). Moreover, having several hundred women litigating on behalf of them-selves, with different discovery requests, some perhaps represented by counsel and some not, some willing to settle and some not, would be cumbersome and a waste of judicial resources.

The commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class. *Weiss v. York Hosp.,* 745

6

F.2d 786, 808-09 (3d Cir. 1984), *cert. denied*, 470 U.S. 1060
(1985). Here, the claims of the plaintiff class are much the
same regardless of whether they are assigned to either the
maximum/medium section of EMCFW or the minimum custody section
of the facility.  Only the Stowe unit has been spared the
infliction of the male inmates but this could change at any
time.  Moreover, inmates assigned to the Stowe unit often enter
the South Hall and North Hall units for school, groups, and
recreation activities and are then exposed to the male inmates.
There are male alleged transsexual inmates assigned to housing
units in the minimum custody section of the facility ("Grounds")
as well and the women housed therein are exposed to the same
danger.

The typicality inquiry is intended to assess whether the
action can be efficiently maintained as a class and whether the
named plaintiffs have incentives that align with those of absent
class members so as to assure that the absentees' interests will
be fairly represented. *Weiss*, supra, 745 F.2d at 810. The
typicality criterion is intended to preclude certification of
those cases where the legal theories of the named plaintiffs
potentially conflict with those of the absentees by requiring
that the common claims are comparably central to the claims of
the named plaintiffs as to the claims of the absentees. *Ibid.*
Typicality "entails an inquiry whether the named plaintiff's
individual circumstances are markedly different or . . . the
legal theory upon which the claims are based differs from that
upon which the claims of other class members will perforce be
based." *Hassine v. Jeffes*, 846 F.2d 169, 177 (CA3 1988). But
"factual differences will not render a claim atypical if the
claim arises from the same event or practice or course of
conduct that gives rise to the claims of the class members, and

7

if it is based on the same legal theory." *Hoxworth v. Blinder, Robinson & Co.,* 980 F.2d 912, 923 (CA3 1992).

Questions of law and fact here are common to all female inmates at EMCFW because all are exposed to the conditions described in the complaint. The pre-operative transsexual inmates are not confined only to the maximum/medium custody section of EMCFW; some have been and will be housed in the minimum custody section of the prison.   The number of male inmates will only grow as more and transferred to EMCFW. The complaints of the named plaintiffs are typical of the complaints of all class members because all female inmates at EMCFW are exposed to the same conditions and dangers. The danger to female inmates posed by the male inmates has occurred in both sections of the correctional facility. Sexual activity and violent assaults perpetrated by the male inmates against each other and against the women at EMCFW have occurred and will certainly continue.   The presence of the male inmates affects all class members roughly in the same manner as described in the complaint. Although different class members may have suffered slightly different torts at the hands of the defendants, in a broad sense, the claim of danger to the women for reasons pleaded in the complaint is largely common to and typical of the entire class.

Finally, as to adequacy of representation, "adequate representation depends on two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class.'" *Wetzel v. Liberty Mutual Ins. Co.,* 508 F.2d 239, 247 (3d Cir.), *cert. denied,* 421 U.S. 1011 (1975). The adequacy inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Products, Inc. v. Windsor,*

8

supra, 521 U.S. at 625, 117 S. Ct. 2231 (1997). It "assures that the named plaintiffs' claims are not antagonistic to the class and that the attorneys for the class representatives are experienced and qualified to prosecute the claims on behalf of the entire class." *Baby Neal*, supra, 43 F.3d at 55.

Here, the named plaintiffs will fairly and adequately protect the interests of the class because, under Fed.R.Civ.P. 23(g)(1), "Unless a statute provides otherwise, a court that certifies a class must appoint class counsel." Plaintiffs request that this provision be invoked here. Since counsel should be assigned to represent the plaintiffs and class members, it is to be expected that counsel will adequately protect the interests of all class members. Moreover, the interests of the named plaintiffs are certainly not antagonistic to those of the class. All have much the same interest – that of being free from the infliction of the danger presented by the male inmates at EMCFW.

In *Hassine v. Jeffes*, 846 F.2d 169 (3d Cir. 1988), the court ruled that a district court erred in failing to certify a class of prisoners that alleged that they were all consti-tutionally injured by the conditions at their facility. The Court reasoned that, with regard to typicality and commonality, Rule 23 does not require that the representative plaintiff[s] have endured precisely the same injuries that have been sustained by the class members, only that the harm complained of be common to the class, and that the named plaintiff[s] demonstrate a personal interest or "threat of injury . . . that is 'real and immediate,' not 'conjectural' or hypothetical.'"*Id.* at 177 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974)). Those conditions are satisfied by the plaintiffs at EMCFW. Some have actually suffered harm; harm is imminent and foreseeable for others.

9

In addition to those general prerequisites, the class applicant must also satisfy the requirements of one of the three alternative types of class actions described in *Rule* 4:32-1(b). *Iliadis, supra,* 191 N.J. at 106.  Plaintiffs cite *Rule* 4:32-1(b)(3), which requires that: "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. In addition, the court must consider:

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions;
(B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
(C) the desirability or undesirability in concentrating the litigation of {171 A.3d 634} the claims in the particular forum; and
(D) the difficulties likely to be encountered in the management of a class action. *Dugan v. TGI Fridays, Inc.,* 231 N.J. 24, 47-48 (2017).

To determine predominance under *Rule* 4:32-1(b)(3), the court decides "whether the proposed class is 'sufficiently cohesive to warrant adjudication by representation.'" *Iliadis, supra,* 191 N.J. at 108.  In determining whether a class representative has established predominance, a court should conduct a "pragmatic assessment" of various factors. *Iliadis, supra,* 191 N.J. at 108.

*Rule* 4:32-1(b)(3) does not demand a showing "that there is an 'absence of individual issues or that the common issues dispose of the entire dispute,' or 'that all issues [are] identical among class members or that each class member [is] affected in precisely the same manner.'" *Lee v. Carter Reed Co.,* 203 N.J. 496, 520 (2010). (alterations in original) (quoting *Iliadis, supra,* 191 N.J. at 108-09.  Nor must a plaintiff demonstrate that the number of common issues exceeds the number

10

of individual issues. *Varacallo v. Mass. Mut. Life Ins. Co.*, 332
N.J. Super. 31, 45 (A.D. 2000).

The predominance factor, however, is "far more demanding"
than *Rule* 4:32-1(a)(2)'s requirement that there be questions of
law or fact common to the class." *Castro v. NYT Television*, 384
N.J. Super. 601, 608, (App. Div. 2006). As the Court observed in
*Lee v. Carter-Reed Co.*, 203 N.J. 496, 519-520 (2010), the
predominance requirement mandates "a qualitative assessment of
the common and individual questions rather than a mere
mathematical quantification of whether there are more of one
than the other." (citing *Iliadis, supra*, 191 N.J. at 108). As
the Court has observed, "the answer to the issue of predom-
inance is found . . . in a close analysis of the facts and law."
*Iliadis, supra*, 191 N.J. at 109, 922 A.2d 710 (alteration in
original).

A class action plaintiff must also demonstrate that "a
class action is superior to other available methods for the fair
and efficient adjudication of the controversy." *R.* 4:32-1(b)(3).
The class action precepts of predominance, superiority, and
manageability must be applied to the causes of action pled by
plaintiff(s). *Lee v. Carter-Reed Co.*, supra, 203 N.J. at 521.

As present in the instant litigation, it seems obvious that
the questions of law and fact common to the class predominate
over questions affecting only individual members. The complaint
alleges numerous instances affecting multiple class members of
verbal and sexual harassment, threats, sexual activity, and even
violent behavior by the male alleged transgender inmates toward
female inmates. Count Nine in the complaint involves conduct by
two defendants directed toward named plaintiffs that are
particularly egregious, but these are only part of the vast sea
of complaints common to the plaintiff class and are pleaded
independently (but bear some relationship to) of the claims from

11

the entire class.   A class action is also the most feasible
way, and preserves judicial economy in this case.   Rather than
litigate dozens, perhaps hundreds of individual lawsuits, the
court can adjudicate both the named plaintiffs' and the class
members' claims.

The federal rule is similar.   Under Rule 23(b)(3), the
court may grant class certification if, in addition to the four
conditions of Rule 23(a),

> "the court finds that the questions of law or fact common to
> class members predominate over any questions affecting only
> individual members, and that a class action is superior to
> other available methods for fairly and efficiently
> adjudicating the controversy."

Also, under Rule 23(b)(2), class certification may occur if
"the party opposing the class has acted or refused to act on
grounds that apply generally to the class, so that final
injunctive relief or corresponding declaratory relief is
appropriate respecting the class as a whole." _Baby Neal v._
_Casey,_ supra, 43 F.3d 48, 58 (CA3 1994).

Under Rule 23(b), plaintiffs here seek certification
pursuant to Rule 23(b)(2), which is appropriate when "the party
opposing the class has acted or refused to act on grounds that
apply generally to the class, so that final injunctive relief or
corresponding declaratory relief is appropriate respecting the
class as a whole."

In _Weiss v. York Hospital,_ supra, the Third Circuit stated
that "this requirement is almost automatically satisfied in
actions primarily seeking injunctive relief." 745 F.2d at 811.
The language of Rule 23(b)(2) does not even require that the
defendant's conduct be directed or damaging to every member of
the class. _Baby Neal v. Casey,_ 43 F.3d at 58. It is the (b)(2)
class which serves most frequently as the vehicle for civil
rights actions and other institutional reform cases that receive

12

class action treatment. In fact, the injunctive class provision was "designed specifically for civil rights cases seeking broad declaratory or injunctive relief for a numerous and often unascertainable or amorphous class of persons." *Ibid*. Plaintiffs are seeking injunctive relief (or a consent decree) in this case so they clearly qualify under Rule 23(b)(2). "What is important is that the relief sought by the named plaintiffs should benefit the entire class." *Baby Neal v. Casey, 43 F.3d at 59.* All the women at EMCFW will be safer and will benefit from the removal of the male alleged transsexual inmates from EMCFW.

In addition, or alternatively, plaintiffs seek certification pursuant to subpart (b)(3), because the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to the litigation of dozens (hundreds?) of individual lawsuits. Under Rule 23(b)(3), "questions of law or fact common to class members must predominate over any questions affecting only individual members. This inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *In re Modafinil Antitrust Litigation*, supra, 837 F.3d at 260. Many class members have been harmed by the presence of the male inmates at EMCFW; more will be in the future. The questions common to the class members predominate over questions that affect individual class members.

Overall, there seems to be little doubt that the plaintiffs can meet the requirements under Rule 23 for class action certification.

### B. Joinder of Claims

When it comes to joinder of claims, under Rule 20, Fed.R.Civ.P., Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

In this case, the named plaintiffs are asserting a right to relief with respect to or arising out of the same transaction, occurrence or series of transactions and occurrences. The series of transactions are the defendants' actions in moving male alleged transsexual inmates to EMCFW when those inmates had been housed in male prisons for decades without apparent harm to them. In addition, questions of law and fact common to all plaintiffs will arise in this action because all female inmates at EMCFW are subjected to the same conditions.

Plaintiffs point to *Hagan v. Rogers,* 570 F.3d 146 (CA3 2009), where the Third Circuit Court of Appeals recognized that "for courts applying Fed. R. Civ. P. 20 and related rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; ***joinder of claims, parties and remedies is strongly encouraged***., and also that "Fed. R. Civ. P. 20 permits the joinder of a person who has some interest in an action, even when that interest is not so strong as to require his joinder under Fed. R. Civ. P. 19." (emphasis added).

The Third Circuit also held in *Hagan v. Rogers* that the Prison Litigation Reform Act (PLRA) did not repeal Rule 20 joinder as to [IFP] prisoner litigants. Nothing in the PLRA speaks with sufficient clarity or creates an irreconcilable conflict, and the statute cannot be deemed to exclude IFP prisoner litigants from Rule 20 joinder as a matter of law. 570

14

F.3d at 157.  Thus, this Court should grant joinder in this case.

In New Jersey law, Court Rule 4:29-1(a), "All persons may join in one action as plaintiffs or be joined as defendants jointly, severally, in the alternative, or otherwise, if the right to relief asserted by the plaintiffs or against the defendants arises out of or in respect of the same transaction, occurrence, or series of transactions or occurrences and involves any question of law or fact common to all of them." Clearly, the plaintiffs and class members have similar claims which exceed the allegations of Count Nine of the Amended Complaint. There exists no reason at law to deny joinder of claims, particularly when the alternative – the litigation of dozens or hundreds of individual claims - is decidedly wasteful of judicial economy and resources.  As a matter of course, joinder of claims should be granted.

### C. Assignment of Counsel

As pointed out above, under Rule under Federal Rule of Civil Procedure 23(g)(1), unless a statute provides otherwise, a court that certifies a class must appoint class counsel. Among the factors the Court **must** consider are:

**(i)** the work counsel has done in identifying or investigating potential claims in the action;
**(ii)** counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
**(iii)** counsel's knowledge of the applicable law; and
**(iv)** the resources that counsel will commit to representing the class

In addition, the Court **may:**

**(B)** consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
**(C)** order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorneys fees and nontaxable costs;

15

**(D)** include in the appointing order provisions about the award of attorneys fees or nontaxable costs under Rule 23(h); and
**(E)** make further orders in connection with the appointment.

Here, there appears to be no other statute of law which prohibits assignment of counsel.  The district court already has inherent authority under Title 28 U.S.C. Section 1915(e)(1) and Rule 23(g) is mandatory; it uses the word "must" rather than "may" when it comes to assignment of counsel.  Nor does it require that the parties be granted *in forma pauperis* status before this role can be invoked. Merely because an inmate can scrape up the money to pay the filing fee does not disqualify a party from the benefit of Rule 23(g)(1). Hence, this Court should assign counsel to represent the class.

Under the New Jersey Rules of Court, to wit, Rule 4:32-2(g)(1)(A), "unless a statute provides otherwise, a court that certifies a class *must appoint class counsel.*  (emphasis added). Under Rule 4:32-2(g)(1)(B), an attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class…(C) in appointing class counsel, the court must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (iii) counsel's knowledge of the applicable law, and (iv) the resources counsel will commit to representing the class.  The same reasons relevant under the Federal Rules of Civil Procedure apply equally to state law class action litigation.  Plaintiffs submit that assignment of counsel to represent the class is automatic if class certification is granted.  There is no other law which prohibits assignment of counsel in this litigation and the remaining conditions are at the court's determination, not

16

incumbent upon the movant to satisfy. For these reasons, the court should assign counsel to represent the plaintiffs.

### SUMMARY AND CONCLUSION

The decision to certify a class calls for findings by the court, not merely a 'threshold showing' by a party, that each requirement of Rule 23 is met," and that "factual determinations supporting Rule 23 findings must be made by a preponderance of the evidence." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 307 (3d Cir. 2008). In addition, a court "must resolve all factual or legal disputes relevant to class certification, even if they overlap with the merits including disputes touching on elements of the cause of action." *Id.* Class certification will thus be "proper only 'if the trial court, is satisfied, after a rigorous analysis, that the prerequisites' of Rule 23 are met." *Id.* (quoting *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, (1982)).

In this case, the plaintiffs meet the criteria for relief under Rule 20, and Rule 23. Hence, this Court should grant joinder of claims, class certification, and assign counsel to represent the plaintiffs.

Dated: *November 30*, 2021

Dated: *November, 30th* 2021

_____
Jennifer Pasquarello, *Pro Se*

_____
Michelle Angelina, *Pro Se*

17

Jennifer Pasquarello, Pro Se Plaintiff
Michelle Angelina, Pro Se Plaintiff
Edna Mahan Correctional Facility
30 County Rt. 513
Clinton, N.J., 08809

## UNITED STATES DISTRICT COURT
For the District of New Jersey
Vicinage of Trenton

----------------------------------------

JENNIFER PASQUARELLO,              :
MICHELLE ANGELINA,                 :   STATE COURT DOCKET: HNT-L-000273-21
On Behalf of Themselves and All    :
Other Similarly Situated Women,    :   CIVIL ACTION NUMBER: 3:21-cv-18806 (ZNQ)
        Pro Se PLAINTIFFS          :
                                   :
        vs.                        :
                                   :
PHIL MURPHY, MARCUS HICKS/         :
Ms. KUHN, AL KANDELL,              :        **ORDER**
PATRICIA McGILL, DEMETRIUS         :
MINOR, CARLOS MARTINEZ,            :
        DEFENDANTS                 :

        THIS MOTION HAVING BEEN BROUGHT BEFORE THE COURT by the *pro se*
Plaintiffs, Jennifer Pasquarello and Michelle Angelina, for Joinder of
Claims, Class Certification and Assignment of Counsel; and with the Court
having considered all arguments and evidence for and against; and with Good
Cause appearing:

                                        do not write below this line
--------------------------------------------------------------------------
        It is ORDERED and ADJUDGED on this _____day of _____,
20____, that the Motion of the Plaintiffs is hereby [  ] GRANTED [  ] DENIED
in the following respects:

_____
_____
_____

                            /s/
                            _____
                                                        U.S.D.J.

(  )  Motion Opposed
(  )  Motion Unopposed

Jennifer Pasquarello, Pro Se Plaintiff
Michelle Angalina, Pro Se Plaintiff
Edna Mahan Correctional Facility
30 County Rt. 513
Clinton, N.J., 08809

## UNITED STATES DISTRICT COURT
### For the District of New Jersey
### Vicinage of Trenton

------------------------------------

| | | |
|---|---|---|
| JENNIFER PASQUARELLO, | : | |
| MICHELLE ANGALINA, | : | STATE COURT DOCKET: HNT-L-000273-21 |
| On Behalf of Themselves and All | : | |
| Other Similarly Situated Women, | : | CIVIL ACTION NUMBER: 3:21-cv-18806 (ZNQ) |
| Pro Se PLAINTIFFS | : | |
| | : | |
| vs. | : | |
| | : | |
| PHIL MURPHY, MARCUS HICKS/ | : | |
| Ms. KUHN, AL KANDELL, | : | **PROOF OF SERVICE** |
| PATRICIA McGILL, DEMETRIUS | : | |
| MINOR, CARLOS MARTINEZ, | : | |
| DEFENDANTS | : | |

I CERTIFY THAT on the date of [ ] November [X] December ꞊ 2021, I did begin the process to serve the following documents in the above-captioned litigation. The original and one copy of the *pro se* Notice of Motion for Joinder of Claims, Class Certification and Assignment of Counsel were mailed to the Clerk of the Court, U.S. District Court, Clarkson S Fisher U.S. Courthouse, 402 East State St., Trenton, N.J., 08608, to be filed with the court; a true copy of the same documents was served upon Mr. Eric Intriago, Office of Attorney General, State of New Jersey, P.O. Box 112, Hughes Justice Complex, 25 West Market Street, Trenton, N.J., 08625, counsel for the state defendants; and delivery was [ ] effected by U.S. Mail upon the *pro se* defendants Demetrius Minor and Carlos Martinez at the Edna Mahan Correctional Facility, 30 County Route 513, South Hall unit, Clinton, N.J., 08809 or [X] not made upon these defendants who are in default and not participating in the litigation.

Service was made by way of First Class U.S. Mail from the Edna Mahan Correctional Facility, 30 County Route 513, Clinton, N.J., 08809, the place of confinement of the plaintiffs.

Dated: ×NOVember 30 2021

Dated: November 30th 2021

× Jennifer Pasquarello
Jennifer Pasquarello, Plaintiff

Michelle Angela
Michelle Angelina, Plaintiff