RECEIVED
APR 11 2022
AT 8:30_____M
WILLIAM T. WALSH
CLERK

Jennifer Pasquarello, # 558110E
Michelle Angelina - # 339899C
Edna Mahan Correctional Facility
30 County Route 513
Clinton, N.J., 08809
April 7, 2022

Clerk of the Court
United States District Court
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, N.J., 08608

RE: Pasquarello v. Murphy, et.al.
    Docket Number: 3:21-cv-18806 (ZNQ)
    Documents for Filing

Dear Sir/Madam:

Enclosed, please find the original and one copy of plaintiffs *pro se* Supplemental Certification in Support of Motion for Preliminary Injunction, Assignment of Counsel and Class Certification, and in Opposition to by the State Defendants to Dismiss the Complaint. I have also served defendants' counsel with a copy of the Opposition Papers, as indicated by the enclosed Proof of Service. Defendants Carlos Martinez and Demetrius Minor have not been served since both defendants are in default and service is not required under Fed.R.Civ.P. 5(a).

Please file these documents and forward to the assigned judge for consideration when deciding how to rule on the pending motions. I am aware that this is an unusual procedure, but recent events at EMCFW suggest that the court be informed of these circumstances.

I thank you for your time and cooperation in this matter. I hope to hear from your office soon.

Respectfully;

Jennifer Pasquarello, Pro Se

Michelle Angelina, Pro Se

Jennifer Pasquarello, Pro Se Plaintiff
Michelle Angelina, Pro Se Plaintiff
Edna Mahan Correctional Facility
30 County Rt. 513
Clinton, N.J., 08809

**UNITED STATES DISTRICT COURT**
For the District of New Jersey
Vicinage of Trenton

---

| | |
|---|---|
| JENNIFER PASQUARELLO, MICHELLE ANGELINA, On Behalf of Themselves and All Other Similarly Situated Women, Pro Se PLAINTIFFS | CIVIL ACTION NUMBER: 3:21-cv-18806 ZNQ-DEA |
| | STATE COURT DOCKET: HNT-L-000273-21 |
| vs. | |
| PHIL MURPHY, MARCUS HICKS/ Ms. KUHN, AL KANDELL, PATRICIA McGILL, DEMETRIUS MINOR, CARLOS MARTINEZ, DEFENDANTS | CERTIFICATION OF SERVICE |

I/We CERTIFY THAT on the date of April 7, 2022, I did begin the process to serve the following documents in the above-captioned matter. The original and one copy of our *pro se* Supplemental Certification in Support of Motion for Preliminary Injunction, Class Certification and Assignment of Counsel, were mailed to the Clerk of the Court, United States District Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, N.J., 08608, to be filed with the Court; and a true copy of the same documents was served upon Eric Intriago and Nicholas Falcone, Office of Attorney General, State of New Jersey, P.O. Box 112, 25 West Market Street, Hughes Justice Complex, Trenton, N.J., 08625, counsel for the State defendants. Service upon the pro se defendants Demetrious Minor and Carlos Martinez [ ] was made by U.S. Mail at the Edna Mahan Correctional Facility, and at the home address of Carlos Martinez  [X] was not made because these two defendants are in default and have refused to respond to the complaint or other documents.

Service was made by way of First Class U.S. Mail from the Edna Mahan Correctional Facility, 30 County Route 513, Clinton, N.J., 08809, place of confinement for the plaintiffs.

Date: April 7, 2022          _Jennifer Pasquarello_
                             Jennifer Pasquarello, Plaintiff

Date: April 7th, 2022        _Ms. Michelle Angelina_
                             Michelle Angelina, Plaintiff

Jennifer Pasquarello, Pro Se Plaintiff
Michelle Angelina, Pro Se Plaintiff
Edna Mahan Correctional Facility
30 County Rt. 513
Clinton, N.J., 08809

**UNITED STATES DISTRICT COURT**
For the District of New Jersey
Vicinage of Trenton

---

| | |
|---|---|
| JENNIFER PASQUARELLO, MICHELLE ANGELINA, On Behalf of Themselves and All Other Similarly Situated Women, Pro Se PLAINTIFFS | CIVIL ACTION NUMBER: 3:21-cv-18806 ZNQ-DEA <br><br> STATE COURT DOCKET: HNT-L-000273-21 |
| vs. | |
| PHIL MURPHY, MARCUS HICKS/ Ms. KUHN, AL KANDELL, PATRICIA McGILL, DEMETRIUS MINOR, CARLOS MARTINEZ, DEFENDANTS | **SUPPLEMENTAL CERTIFICATION IN SUPPORT OF MOTIONS FOR PRELIMINARY INJUNCTION, ASSIGNMENT OF COUNSEL AND CLASS CERTIFICATION AND IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

The *pro se* plaintiffs, Jennifer Pasquarello and Michelle Angelina, being duly sworn, do hereby appear and state;

(1) We are the *pro se* plaintiffs in this action, acting on behalf of the class of female inmates confined at Edna Mahan Correctional Facility, and we bring submit this supplemental certification in support of our motion for a preliminary injunction and in opposition to the defendant's motion to dismiss the complaint for failure to state a claim.

(2) The plaintiffs' motion for a preliminary injunction has been pending Since December 2021, with a return date that had been listed for January 2022 by the court clerk. This certification is written on the date of April 7, 2022, nearly three months AFTER the motion's return date. We are very concerned about the fact that the court has failed to render a ruling on our motion even though the danger to women at EMCFW remains acute.

(3) Since the complaint was removed to federal court by the defendants, other major events have transpired which underline the danger to women at EMCFW from the presence of pre-operative male-to-female alleged transgender inmates being housed in general population at EMCFW.

(4) On or about the date of March 16, 2022, male alleged transgender inmate Zachery Hoger acted out in a violent episode with the South Hall housing unit at EMCFW. Inmate Hoger began screaming curses and threats, pounding at the door and walls of Hoger's cell with some object as if trying to break out of the cell, and refused to stop for more than an hour. This incident required correctional staff to respond by using physical force (including chemical agents) to subdue Hoger, and resulted in the suspension of inmate movement within EMCFW for several hours between 4:00 PM and 7:00 PM. Hoger was served with multiple disciplinary charges for the behavior.

(5) On the date of April 5, 2022, male alleged transgender inmate Demetrius Minor (a defendant in this action) and a female inmate were removed from the general population South Hall unit at EMCFW and placed in close custody units after it came to the attention of prison officials that the female inmate had become pregnant, apparently with Minor's child. As of the writing of this certification, it is unknown to plaintiffs whether either or both inmates will be/have been served with disciplinary charges related to the sexual activity that led to the pregnancy.

(6) Within the past several months, two male inmates have been transferred to EMCFW who have NEVER claimed to identify as women and never claimed to be transgender. One inmate, Brandon Heaton, is a convicted sex offender who was serving time at the Adult Diagnostic & Treatment Center (ADTC), was released on parole, and is presently confined for a parole violation. This individual has been observed acting in a very friendly manner with a female inmate in the North Hall unit at EMCFW, sitting together often and interlocking their arms. The other male inmate is Jimmy Brooks, who claims to be a homosexual male and has a full beard. Neither inmate identifies as female or transgender and neither is being treated with estrogen hormones. Both inmates are housed in the general population North Hall unit at EMCFW.

(7) The sexual activity between defendant Demetrius Minor and the female inmate, and the transfer to EMCFW of male inmates who make no pretensions of identifying as female and who are not transgender at all, are the latest episodes of what the plaintiffs have been concerned about resulting from the presence of pre-operative alleged transgender male-to-female inmates at EMCFW. Plaintiffs have long believed that many if not most of the male inmates are faking their claims of being "gender non-conforming" or of "identifying" as women merely to manipulate their way from a male prison to EMCFW because they want to engage in sexual relations with female inmates and/or because they perceive EMCFW as an "easy" place to serve their sentence.

(8) Plaintiffs are concerned that the NJDOC is no longer adhering to its original stated principle of trying to ensure the safety of alleged transgender inmates by this process of transferring male inmates to EMCFW, and is now expanding the categories of male inmates eligible for such transfers. This practice will in turn open the floodgates to turn EMCFW into a male prison which happens to have a small population of women instead of the female prison it is supposed to be.

(9) The PREA regulations which the defendants seem to rely upon mention nothing about housing non-transgender male inmates in a female prison.  For example, 28 C.F.R. Section 115.42(c) states in plain language "In deciding whether to assign a **transgender or intersex inmate** to a facility for male or female inmates, and in making other housing and programming assignments, the agency shall consider on a case-by-case basis whether a placement would ensure the inmate's health and safety, and whether the placement would present management or security problems." This section says nothing about homosexual male inmates or allegedly "vulnerable" male sex offenders.

(10) Plaintiffs believe that the risk to the safety of the female inmate population at EMCFW is growing and that it is urgent for this court to rule on the motions for assignment of counsel, class certification, and for a preliminary injunction so that some relief may be forthcoming for the endangered women at EMCFW.

WHEREFORE, plaintiffs Jennifer Pasquarello and Michelle Angelina respectfully move this Court to grant an Order remanding this cause to state court to all further litigation, and for whatever further relief this Court deems just and proper.

CERTIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: April 7th, 2022          _____
                                Jennifer Pasquarello, Plaintiff

Date: April 7th, 2022          _____
                                Michelle Angelina, Plaintiff