UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF TRENTON

|  |  |  |
|---|---|---|
| JENNIFER PASQUARELLO and MICHELLE ANGELINA, | : : : : | |
| Plaintiffs, | : : | Hon. Zahid N. Quraishi, U.S.D.J. |
| v. | : : | Hon. Douglas E. Arpert, U.S.M.J. |
| GOVERNOR PHIL MURPHY, et al, | : : : : | CIVIL DOCKET NO. 3:21-cv-18806 |
| Defendants. | : : : | |

---

## BRIEF IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE

MATTHEW J. PLATKIN
ACTING ATTORNEY GENERAL OF
NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
*Attorney for State Defendants*

By:  Nicholas Falcone
Deputy Attorney General
NJ Bar ID: 264332018
Phone: (609) 376-2964
Nicholas.Falcone@law.njoag.gov

Eric Intriago
Deputy Attorney General
NJ Bar ID: 274302019
Phone: (609) 376-2135
Eric.Intriago@law.njoag.gov

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................. 1

GENERAL STANDARD ......................................................................... 2

ARGUMENT ......................................................................................... 3

POINT I

THE REQUESTED RELIEF IS DUPLICATIVE BECAUSE
PLAINTIFFS ARE PRESENTLY SEEKING THE SAME
RELIEF IN A PENDING MOTION FOR A PRELIMINARY
INJUNCTION ................................................................................... 3

POINT II

PLAINTIFFS FAIL TO ESTABLISH THAT THEY ARE
ENTITLED TO PRELIMINARY INJUNCTIVE RELIEF ................. 4

POINT III

PLAINTIFFS ARE NOT ENTITLED TO PRELIMINARY
INJUNCTIVE RELIEF FOR ALLEGATIONS NOT
INCLUDED IN THEIR COMPLAINT ............................................. 7

CONCLUSION .................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Bronson v. Co Houdeshell*,
   No. 3:05-cv-2357, 2007 U.S. Dist. LEXIS 26780 (M.D. Pa. Apr. 11,
   2007) .................................................................................................. 7

*Coulter v. Studeny*, Civil Action No. 12-60, 2012 U.S. Dist. LEXIS
    160149, at *4 (W.D. Pa. Nov. 8, 2012) ............................................ 3

*Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992).................... 5

*De Beers Consol. Mines v. United States*,
    325 U.S. 212 (1945) ............................................................ 7

*Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 528, 530 (3d. Cir. 2018) ........... 6

*Ecri v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3rd Cir. 1987)............................ 2, 5

*Emmanouil v. Mita Mgmt., LLC*, No. 11-5575 (JAP), 2014 U.S. Dist.
    LEXIS 133341, at *9 (D.N.J. Sep. 23, 2014) ................................... 3

*Frank's GMC Truck Center, Inc. v. G.M.C.*, 847 F.2d 100, 102 (3rd Cir.
    1988)................................................................................ 2

*Friedberg v. Burns,* 1993 U.S. Dist. LEXIS 17991, No. CIV. A. 93-6626,
    1993 WL 533361, at 3 (E.D. Pa. Dec. 16, 1993). ............................... 2

*Glazewski v. Corzine*,
    No. 06-4107, 2008 U.S. Dist. LEXIS 57604 (D.N.J. July 25, 2008) ............ 8

*Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989) ............................................. 5

*Malcolm v. S.C.O.M. Bray*,
    No. 19-11734, 2020 U.S. Dist. LEXIS 60731 (D.N.J. Apr. 7, 2020)............. 7, 8

*Martin v. Keitel*,
    205 Fed. Appx. 925 (3d Cir. 2006) ............................................... 7

*Nken v. Holder*, 566 U.S. 418, 435 (2009)................................................ 6

*Reilly v. City of Harrisburg*,
    858 F.3d 173 (3d. Cir. 2017) ..................................................... 10

*Schwartz v. United States DOJ*,
    No. 06-5581, 2007 U.S. Dist. LEXIS 74608 (D.N.J. Oct. 4, 2007) .................. 7

*Thomas v. Cumberland Cty.*, Civil Action No. 09-1323 (JBS/JS), 2012
    U.S. Dist. LEXIS 124241, at *22 (D.N.J. Aug. 30, 2012).................................. 4

*Toaz v. Lane*, No. 3:17-cv-1425, 2018 U.S. Dist. LEXIS 47053, at *8
    (M.D. Pa. Mar. 22, 2018) ................................................................................ 5

*Virginian Ry. Co. v. System Fed'n No. 40*,
    300 U.S. 515 (1937) ........................................................................................ 6

*Weekley v. Clark,* Civil Action No. 21-660, 2021 U.S. Dist. LEXIS
    186190, at *4 (W.D. Pa. July 1, 2021) ............................................................ 3

*Weinberger v. Romero-Barcelo*,
    456 U.S. 305 (1982) ........................................................................................ 6

*Williams v. Platt*,
    No. CIV-03-281-C, 2005 U.S. Dist. LEXIS 39686 (W.D. Okla. Oct. 24,
    2005) ................................................................................................................ 8

## **PRELIMINARY STATEMENT**

Plaintiffs seek a second order to show cause and a temporary restraining order enjoining the New Jersey Department of Corrections (DOC) from transferring to Edna Mahan Correctional Facility (ECMF) any transgender inmates who have not undergone gender-confirmation surgery, and requiring DOC to transfer all such inmates currently housed at EMCF to facilities for male inmates. This motion should be denied for all of the reasons State Defendants included in their opposition to Plaintiffs' pending motion for a preliminary injunction, in which Plaintiffs sought the same relief.

As was the case in their first motion, Plaintiffs have failed to establish and meet the elements for an order for a temporary restraint.  State  Defendants  adopt and incorporate all the arguments set forth in their opposition to Plaintiffs' pending motion for a preliminary injunction, ECF No. 21. State Defendants add only several brief points. In addition, to the extent Plaintiffs seek relief for claims that are absent from the underlying complaint, they are not entitled to preliminary injunctive relief on such claims, and this motion should be denied.

## **GENERAL STANDARD**

Under Fed. R. Civ. P. 56(b), the Court may issue a temporary restraining order, and, in order to succeed under Rule 65(b), it must clearly appear from "specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant." Fed. R. Civ. P. 65(b) (1994). The standards for a temporary restraining order are the same as those for a preliminary injunction. *Friedberg v. Burns*, 1993 U.S. Dist. LEXIS 17991, No. CIV. A. 93-6626, 1993 WL 533361, at 3 (E.D. Pa. Dec. 16, 1993).

Thus, plaintiff must show: 1) a likelihood of success on the merits, 2) the probability of irreparable harm if the relief is not granted, 3) that granting injunctive relief will not result in even greater harm to the other party and 4) that granting relief will be in the public interest. *Frank's GMC Truck Center, Inc. v. G.M.C.*, 847 F.2d 100, 102 (3rd Cir. 1988); *Ecri v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3rd Cir. 1987). In defining irreparable harm, it is not enough to establish a risk of irreparable harm, rather, there must be a clear showing of immediate irreparable injury. *Ecri*, 809 F.2d at 226 (citations omitted). Nor is it enough for the harm to be serious or substantial, rather, it must be so peculiar in nature that money cannot compensate for the harm. *Id.*

# ARGUMENT

## POINT I

### THE REQUESTED RELIEF IS DUPLICATIVE BECAUSE PLAINTIFFS ARE PRESENTLY SEEKING THE SAME RELIEF IN A PENDING MOTION FOR A PRELIMINARY INJUNCTION.

Here, Plaintiffs once again ask the Court order the DOC to cease housing transgender inmates at EMCF, and to relocate those transgender inmates already at EMCF who have not undergone gender-confirmation surgery back to male facilities. ECF No. 35-2, at 2. However, Plaintiffs have already requested this relief in their pending motion for a preliminary injunction. ECF No. 14, at 16. State Defendants filed an opposition to that motion, arguing that Plaintiffs' motion failed to meet the standard for preliminary injunctive relief: that Plaintiffs failed to demonstrate a likelihood of success on the merits, that they failed to establish irreparable harm, and that the balance of hardships do not favor an order enjoining enforcement of the DOC's policy. ECF No. 21. For all of the reasons stated in State Defendants' opposition to the pending motion, the instant motion should also be denied.

Courts generally deny motions requesting duplicative relief. *See Coulter v. Studeny*, Civil Action No. 12-60, 2012 U.S. Dist. LEXIS 160149, at *4 (W.D. Pa. Nov. 8, 2012); *Emmanouil v. Mita Mgmt., LLC*, No. 11-5575 (JAP), 2014 U.S. Dist. LEXIS 133341, at *9 (D.N.J. Sep. 23, 2014); *Weekley v. Clark,* Civil Action No. 21-

660, 2021 U.S. Dist. LEXIS 186190, at *4 (W.D. Pa. July 1, 2021); *Thomas v. Cumberland Cty.*, Civil Action No. 09-1323 (JBS/JS), 2012 U.S. Dist. LEXIS 124241, at *22 (D.N.J. Aug. 30, 2012).  Here, as Plaintiffs seek the same relief as is requested in their pending motion, this motion should be denied.

## POINT II

## PLAINTIFFS FAIL TO ESTABLISH THAT THEY ARE ENTITLED TO PRELIMINARY INJUNCTIVE RELIEF.

For all of the reasons stated in Defendants' opposition to Plaintiff's pending motion for preliminary injunctive relief, Plaintiffs have failed to establish that they are entitled to the requested relief. To preserve the Court's time and because the relief requested in the instant motion mirror the requests in Plaintiffs' motion for a preliminary injunction, Defendants adopt and incorporate all arguments in their opposition to the motion for a preliminary injunction. Defendants add only the following arguments.

Plaintiffs' certification in support of this motion appears to add more specificity as to interactions between transgender and cisgender inmates at EMCF. *See generally* ECF No. 35-3. These additional allegations are used to provide further support for their relief.  However, these additional allegations do not move the needle on the analysis. Plaintiffs still do not establish that they will suffer irreparable harm absent the requested relief. Simply showing a mere risk of injury is not enough to

4

obtain preliminary injunctive relief. *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989) (citing *ECRI*, 809 F.2d at 226). "[A] showing of irreparable harm is insufficient if the harm will occur only in the indefinite future." *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992).

Here, all incidents alleged against third parties in Plaintiffs' certifications are insufficient to grant a temporary restraining order because the only harm relevant to the analysis regarding the award of relief to the Plaintiffs is the harm to the actual Plaintiffs, not to third parties. *Toaz v. Lane*, No. 3:17-cv-1425, 2018 U.S. Dist. LEXIS 47053, at *8 (M.D. Pa. Mar. 22, 2018) (stating "the potential harm to a non-party does not establish irreparable harm to [plaintiff]"). With respect to the allegations that involve Plaintiffs personally, the DOC has entered a "Keep Separate" order with respect to Plaintiffs and Co-Defendant Minor. *See* Exhibits A-D, the face sheets of Plaintiffs and Minor, respectively. Martinez has been released from DOC custody and, thus, does not pose any danger of imminent harm to Plaintiffs. *See* ECF No. 21-1, ¶ 2.

In addition, the balance of hardships does not favor Plaintiffs' requested relief. While Plaintiffs claim speculative harm, an order enjoining enforcement of DOC's policy would create concrete hardship for the State. Such an order would require the State to remove transgender inmates in contravention of State law, promulgate a new policy based upon the dictates of any granted preliminary relief, and to implement a

5

new training module for DOC employees regarding classification of transgender, intersex, and non-binary inmates. Most importantly, such an order would require placement of transgender inmates in facilities inconsistent with their gender identities, undermining the compelling interest of protecting the health, safety and dignity of those individuals, which the policy was designed to promote. *See Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 528, 530 (3d. Cir. 2018) (noting that there can be "no denying that transgender individuals face discrimination, harassment and violence because of their gender identity," and referring to protecting transgender students as a "compelling interest.").

For that same reason, the public interest does not favor Plaintiffs' requested relief. *See Nken v. Holder*, 566 U.S. 418, 435 (2009); *Weinberger v. Romero-Barcelo*, 456 U.S. 305 (1982) ("In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction."); *Virginian Ry. Co. v. System Fed'n No. 40*, 300 U.S. 515, 552 (1937) (noting that courts "may, and frequently do, go much farther both to give and withhold relief in furtherance of the public interest than they are accustomed to go when only private interests are involved").

For these reasons, Plaintiffs' motion for an order to show cause and temporary restraints should be denied.

6

## POINT III

## PLAINTIFFS ARE NOT ENTITLED TO PRELIMINARY INJUNCTIVE RELIEF FOR ALLEGATIONS NOT INCLUDED IN THEIR COMPLAINT.

Plaintiffs seek an order "[r]equiring the administrator and all custody supervisors at EMCFW to cease and desist with the draconian 'lockdown' policies in effect in the North and South Hall units at EMCF effective 4/18/22 and 4/20/22, and restore the former standard of operations in effect for female inmates prior to 4/18/22." ECF No. 35-2, at 2.  Plaintiffs' Complaint contains no claims related to these allegations; rather, Plaintiffs Complaint challenged the DOC's policy for housing transgender inmates in facilities consistent with their gender identities.

"It is axiomatic that a preliminary injunction does not provide relief for a new or different claim than the claims in the complaint." *Malcolm v. S.C.O.M. Bray*, No. 19-11734, 2020 U.S. Dist. LEXIS 60731, at *5 (D.N.J. Apr. 7, 2020). *See also De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945); *Bronson v. Co Houdeshell*, No. 3:05-cv-2357, 2007 U.S. Dist. LEXIS 26780, at *1 (M.D. Pa. Apr. 11, 2007 (citing 43A C.J.S. Injunctions § 8 (1978)). Therefore, emergent relief should be denied when the "request for injunctive relief is targeted at potential conduct that bears no relation to [the] underlying claim." *Martin v. Keitel*, 205 Fed. Appx. 925, 929 (3d Cir. 2006). *See also Schwartz v. United States DOJ*, No. 06-5581, 2007 U.S. Dist. LEXIS 74608 (D.N.J. Oct. 4, 2007) (denying injunctive relief

because plaintiff failed to demonstrate that the "preliminary injunction relates to the subject-matter of the underlying complaint"); *Glazewski v. Corzine*, No. 06-4107, 2008 U.S. Dist. LEXIS 57604, at *1 (D.N.J. July 25, 2008) (denying motion for a preliminary injunction where motion claims were similar to those asserted in the underlying complaint but involved different defendants and different facilities). A motion for a preliminary injunction should be denied when premised on "a different set of factual circumstances" than the complaint, even if "the nature of the claims [is] similar." *Glazewski*, 2008 U.S. Dist. LEXIS 57604, at *5. Motions for injunctions that request relief which, if granted, would bind non-parties, should also be denied. *See id.* at *5-*6; *Williams v. Platt*, No. CIV-03-281-C, 2005 U.S. Dist. LEXIS 39686, at *5 (W.D. Okla. Oct. 24, 2005) (recommending denial of injunctive relief because "[t]he requested injunctions would also bind non-parties").

In *Malcolm*, the court considered a preliminary injunction filed by a state prisoner then incarcerated at New Jersey State Prison. *Malcolm*, 2020 U.S. Dist. LEXIS 60731, at *1. In denying the motion, the court explained:

> The operative Complaint in this matter involves Eighth Amendment claims for conditions of confinement and deliberate indifference to Plaintiff's serious medical needs against Defendants S.C.O.M. Bray and Mr. Bruce Davis, Administrator, both arising from Plaintiff's continued placement in an unsanitary cell. The prison officials involved in the alleged shackling of Plaintiff against his doctor's orders are different than the defendants named in the current Complaint, and the subject matter of the preliminary injunction motion—though generally related

8

to Plaintiff's health and safety—concerns facts and issues
that are not pleaded in the current Complaint.

[*Id.* at *6-*7 (citations omitted).]

Through this new motion, Plaintiffs seek relief from actions not contained
within the Complaint.  Not only is this unavailable given the parameters of the
pleadings, but the actions complained about are actually designed to protect the
inmates, which is ultimately what Plaintiffs want.

The Certification of Edna Mahan Associate Administrator Ryan O'Dea details
the enhanced security measures implemented for all cell housing areas of Edna
Mahan Correctional Facility. Prior May 9, 2022, cells were to be locked and
unlocked by the unit officer only, inmates were not permitted on any wing or tier
other than their assigned wing or tier, and inmates were not to loiter on the wing or
tier or other areas not designated for congregation. Inmates were to be locked inside
their cells when not authorized to be in another area, and where an inmate is
authorized to exit their cell, the unit officer will lock an inmate's cell door upon the
inmate exiting. In addition, when an inmate was authorized to exit their cell, the unit
officer was to lock the door upon the inmate exiting. Upon the inmate returning from
an authorized area, the officer was to unlock the cell door and secure the inmate in
their cell no later than the officer's next tour.  *See* Certification of Ryan O'Dea.

On or about May 9, 2022, the above policy was modified. Cell doors open for
the day once the 6:00 a.m. count has cleared. Cell doors are locked during count

9

time, at the end of the day, during institutional codes and emergencies, and at any time deemed necessary by the Shift Commander, or for safety and security needs. Once unlocked, doors must remain in the closed position at all times, including when inmates are in their cells. Inmates are not permitted to enter cells of other inmates at any time; all congregate interaction must take place in the unit day space. Loitering and/or congregating on the tier is prohibited.  These changes to cell-housing procedure will be incorporated into the next version of the EMCF Handbook.  *See* Certification of Ryan O'Dea.

These measures are designed to allow the inmate population to have freedom of movement while simultaneously allowing security staff to have clear sight lines to ensure the safety of the populations.  Ultimately, these measure enhance security and protect the inmate population.  *See* Certification of Ryan O'Dea.

Plaintiffs are not entitled to preliminary injunctive relief for claims that are absent from their Complaint, and the instant motion should be denied to the extent it seeks such relief.  In addition, because the security protocols as described by Mr. O'Dea appear differ from those as described by Plaintiffs, *see* ECF No. 35-3, at 15, ¶ 121, the relevant facts are in dispute, and Plaintiffs are therefore not entitled to preliminary injunctive relief. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017) ("[A] preliminary injunction may not be issued where there are disputed issues of fact.")

## **CONCLUSION**

For these reasons, Plaintiffs' Motion for a Preliminary Injunction should be

denied.

Respectfully submitted,

MATTHEW J. PLATKIN
ACTING ATTORNEY GENERAL OF NEW JERSEY

By:   *s/ Nicholas Falcone*
       Nicholas Falcone
       Deputy Attorney General

       *s/ Eric Intriago*
       Eric Intriago
       Deputy Attorney General

Dated: May 23, 2022